# **EXHIBIT A**

KIRBY AISNER & CURLEY LLP
*Co-Counsel for Jared Chassen*
700 Post Road, #237
Scarsdale, NY 10583
(914) 401-9501
Dawn Kirby, Esq.
dkirby@kacllp.com

SCHWARTZ LAW PLLC
*Co-Counsel for Jared Chassen*
150 Broadway, Suite 701
New York, New York 10038
(347) 460-5379
Allen Schwartz, Esq.
allen@allenschwartzlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                               (Subchapter V)
JJ ARCH LLC,
                                                                               Case No. 24-10381 (JPM)

                                        Debtor.
------------------------------------------------------X

# DECLARATION OF ALLEN SCHWARTZ, ESQ. IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THE DEBTOR'S BANKRUPTCY CASE

Allen Schwartz, an attorney duly admitted to practice law before this Court, declares under penalty of perjury pursuant to 28 U.S.C.§ 1746, as follows:

1. I submit this declaration in support of Jared Chassen's ("Chassen") motion seeking an order dismissing the Debtor's bankruptcy case as an unauthorized filing (the "Motion").

2. This declaration is based on my familiarity with the records and events in the state court proceeding captioned *Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) (the "Commercial Division Proceeding") from my role as counsel to Chassen in that proceeding.

3. The Motion presents a narrow question: whether a bankruptcy petition filed without the authorization of both members of an LLC must be dismissed where the LLC's constitutional documents and orders in an active court proceeding require both members to consent to such a filing, and where the filing itself is entirely predicated on sworn statements of ownership that defy court orders. While all relevant background is provided in the exhibits annexed hereto, the Court need not look further than the following exhibits to decide the Motion:

(a) The JJ Arch LLC Operating Agreement (Ex. 1). *See* § 3.1(b)(ii), requiring Chassen's consent to a "Bankruptcy Action."[1]

(b) The Commercial Division's August 21, 2023 Order Regarding Interim Operating Procedures (Ex. 10).

(c) The Commercial Division's September 15, 2023 Signed Order to Show Cause (Ex. 12).

(d) The Commercial Division's November 22, 2023 Decision and Order (Ex. 13).

(e) The Commercial Division's November 22, 2023 Amended PI Decision and Order, which permits Chassen to consent on behalf of JJ Arch LLC ("JJ Arch") (Ex. 22).

(f) Jeffrey Simpson's January 29, 2024 order to show cause seeking permission to terminate Chassen and to vacate the November 22, 2023 Amened PI Decision and Order in the Commercial Division Proceeding (Ex. 25).

(g) The Commercial Division's February 7, 2024 Signed Order to Show Cause, setting for further briefing and a hearing Simpson's January 29, 2024 order to show cause (Ex. 26).

---

[1] The Amended JJ Arch LLC Operating Agreement (Ex. 7) does not alter this provision.

3

4. This bankruptcy petition was filed by Jeffrey Simpson ("Simpson") in defiance of the JJ Arch Operating Agreement and numerous court orders entered in the Commercial Division Proceeding.

5. To begin, Simpson must obtain Chassen's consent for the "Major Decisions" listed in the JJ Arch Operating Agreement, one of which is a bankruptcy filing. *See* Ex. 1, JJ Arch LLC Operating Agreement at Definitions, Bankruptcy Action; Ex. 7, Amended JJ Arch LLC Operating Agreement (the "Amended JJ Arch Operating Agreement") at § 3.2(ii) (requiring Chassen's consent before any Bankruptcy Action).

6. After Simpson and Chassen, JJ Arch LLC's ("JJ Arch") two members, had purported to terminate each other as members in early August 2023 for cause, Simpson commenced the Commercial Division Proceeding and sought injunctive relief to restore him to managerial control. The Commercial Division issued an Order Regarding Interim Operating Procedures which among other things ruled that "the August 2023 instruments sent by Simpson and Chassen to the other purportedly resigning or terminating the other as member or managing member of JJ Arch are hereby void and of no force or effect." *See* Ex. 10, Aug. 22, 2023 Order Regarding Interim Operating Procedures.

7. The Commercial Division also ordered that during the pendency of the proceeding "the business, affairs, and assets of JJ Arch shall be managed by Simpson, subject to the limitations set forth in Section 3.2 of the JJ Arch Operating Agreement, which provides among other things that any Company Major Decision, as defined in the JJ Arch Operating Agreement, shall be undertaken only with the prior written consent of Chassen." *Id.* One of those Company Major Decisions requiring Chassen's consent is the decision to file bankruptcy. *See* Ex. 7, Amended JJ Arch Operating Agreement at § 3.2(ii).

8. On September 1, 2023, after the Commercial Division had just nullified the prior terminations, Simpson then sent Chassen another purported termination notice. On September 15, 2023, the Commercial Division directed that Simpson "shall reinstate Chassen" and that "neither Simpson nor Chassen shall purport to terminate or 'resign' the other from membership in the company without court permission." *See* Ex. 12, Sept. 15, 2023 Signed Order to Show Cause. The Commercial Division expressly reiterated that its "Order Regarding Interim Operating Procedures (NYSCEF 36) remains in effect." *Id.* The Commercial Division recognized that Simpson, by his conduct, "demonstrated the inclination to take every opportunity possible to either get around court orders or further inflame the situation at every turn." *See* Ex. 31, Sept. 29, 2023, Hr. Tr. at 50:18-21. Simpson "has acted in ways that trouble [the Court] in terms of complying with court orders . . ." *Id.* at 43:3-5.

9. On November 22, 2023, the Commercial Division granted a preliminary injunction which provided that "Simpson's [September 1, 2023] purported termination letter to Chassen is void and shall not take effect." *See* Ex. 13, Nov. 22, 2023 Decision and Order. Further, "Simpson and Chassen are enjoined from unilaterally seeking to terminate or force the resignation of the other member without permission of the Court." *Id.* The Commercial Division again expressly reiterated that its "Order Regarding Interim Operating Procedures (NYSCEF 36) remains in effect." *Id.*

10. Simpson himself recognized that any termination of Chassen was enjoined, because on January 29, 2023, he moved for permission from the Commercial Division to terminate Chassen, which motion is still pending. *See* Ex. 25, Order to Show Cause. The Commercial Division scheduled an evidentiary hearing to occur in June 2024 with cross-motions due on March 22, 2024, as Chassen had told the Court he would cross-move for permission to terminate Simpson.

11. The Commercial Division at the same time denied that part of Simpson's motion which sought to vacate a different, prior order that had granted a preliminary injunction enforcing 608941 NJ LLC's ("Oak") termination of JJ Arch as managing member of an entity known as Arch Real Estate Holdings, LLC ("AREH"), and allowing Chassen or Simpson to consent for JJ Arch for major decisions taken with respect to AREH. *See* Ex. 26, February 7, 2024 Order; *See also* Ex. 22 November 22, 2023 Amended PI Decision and Order. Oak was AREH's investor member and the Commercial Division's Amended PI Decision and Order enforcing Oak's termination of JJ Arch as managing member, under Simpson, had been "justified by what [the Court] consider[s] overwhelming evidence of just some outrageous conduct." Ex. 23, Feb. 2, 2024 Hr. Tr. at 50:5-7. Simpson never appealed the November 22, 2023 Amended PI Decision and Order or sought timely leave to reargue.

12. After receiving an adverse ruling on his motion to vacate the November 22, 2023 Amended PI Decision and Order, on February 12, 2024 Simpson sent a letter to the Deputy Chief Administrative Judge of the New York City Courts attacking the Commercial Division. *See* Ex. 27, Feb. 12, 2024 Email from Simpson to Deputy Chief Administrative Judge of the New York City Courts. When that did not work, (*see* Ex. 28, Feb. 16, 2024 response letter), Simpson filed an emergency stay application to the Appellate Division, First Department on February 22, 2024. After briefing and oral argument, the Appellate Division, First Department denied his request for interim emergency relief and referred the motion to a panel for disposition. *See* Ex. 30, Appellate Division, First Department February 22, 2024 Order.

13. Simpson's bankruptcy petition is a direct attack on the Commercial Division and its orders. It is predicated on his perjurious statements to this Court that he is the 100% owner of JJ Arch in contempt of the Commercial Division's orders. The petition contains a fraudulent

6

written consent in which Simpson claims that he is the sole member of JJ Arch, a sworn fraudulent list of equity holders and sworn fraudulent corporate ownership statement where Simpson asserts that "Mr Chassen was deemed to have resigned as a member of JJ Arch, as of August 5, 2023" and "accordingly Mr. Simpson currently owns 100% of the equity interests" in JJ Arch. *See* Chapter 11 Petition.

14. It of course goes without saying that at no time did Mr. Simpson seek or obtain Mr. Chassen's consent for this unlawful bankruptcy filing.

15. I annex hereto as **Exhibit 1** a true and correct copy of the JJ Arch LLC Operating Agreement.

16. I annexed hereto as **Exhibit 2** a true and correct copy of the Arch Real Estate Holdings LLC ("AREH") Operating Agreement.

17. I annex hereto as **Exhibit 3** a true and correct copy of the affidavit of Jared Chassen dated September 18, 2023 submitted in the Commercial Division Proceeding.

18. I annex hereto as **Exhibit 4** a true and correct copy of the affirmation of Michael Wiener dated October 17, 2023 submitted in the Commercial Division Proceeding.

19. I annex hereto as **Exhibit 5** a true and correct copy of the affirmation of Kevin Wiener dated October 17, 2023 submitted in the Commercial Division Proceeding.

20. I annex hereto as **Exhibit 6** a true and correct copy of the affirmation of Rebecca Tokarczyk dated November 16, 2023 submitted in the Commercial Division Proceeding.

21. I annex hereto as **Exhibit 7** a true and correct copy of the Amended JJ Arch LLC Operating Agreement.

22. I annex hereto as **Exhibit 8** a true and correct copy of Jeffrey Simpson's Complaint in the Commercial Division Proceeding.

23. I annex hereto as **Exhibit 9** a true and correct of Jared Chassen's Amended Counterclaims in the Commercial Division Proceeding.

24. I annex hereto as **Exhibit 10** a true and correct copy of the Commercial Division's August 21, 2023 Order Regarding Interim Operating Procedures.

25. I annex hereto as **Exhibit 11** a true and correct copy of the affidavit of Jared Chassen dated September 14, 2023 submitted in the Commercial Division Proceeding.

26. I annex hereto as **Exhibit 12**, a true and correct copy of the Commercial Division's September 15, 2023 Signed Order to Show Cause.

27. I annex hereto as **Exhibit a 13** a true and correct copy of the Commercial Division's November 22, 2023 Decision and Order.

28. I annex hereto as **Exhibit 14** a true and correct copy of 608941 NJ LLC's ("Oak") October 17, 2023 Order to Show Cause in the Commercial Division Proceeding.

29. I annex hereto as **Exhibit 15** a true and correct copy of the Commercial Division's Oct. 27, 2023 Interim Order Regarding Measures During the Pendency of the Order to Show Cause Regarding the Appointment of Receiver for JJ Arch.

30. I annex hereto as **Exhibit 16** a true and correct copy of the November 3, 2023 Dana King Affidavit submitted in the Commercial Division Proceeding.

31. I annex hereto as **Exhibit 17** a true and correct copy of Oak's notice terminating JJ Arch as managing member of AREH.

32. I annex hereto as **Exhibit 18** a true and correct of Oak's November 3, 2023 Order to Show Cause in the Commercial Division Proceeding.

33. I annex hereto as **Exhibit 19** a true and correct of the November 17, 2023 affirmation of Michael Wiener submitted in the Commercial Division Proceeding.

34. I annex hereto as **Exhibit 20** a true and correct of the November 13, 2023 affirmation of Kevin Wiener submitted in the Commercial Division Proceeding.

35. I annex hereto as **Exhibit 21** a true and correct copy of the October 6, 2023 affidavit of Jared Chassen submitted in the Commercial Division Proceeding.

36. I annex hereto as **Exhibit 22** a true and copy of the November 22, 2023 Amended PI Decision and Order in the Commercial Division Proceeding.

37. I annex hereto as **Exhibit 23** a true and correct copy February 2, 2024 Hearing Transcript before the Commercial Division.

38. I annex hereto as **Exhibit 24** a true and correct copy of the February 1, 2024 Kevin Wiener Affirmation submitted in the Commercial Division Proceeding.

39. I annex hereto as **Exhibit 25** a true and correct copy of Simpson's January 29, 2024 order to show cause seeking permission to terminate Jared Chassen and to vacate the November 22, 2023 Amened PI Decision and Order in the Commercial Division Proceeding.

40. I annex hereto as **Exhibit 26** a true and correct copy of the February 7, 2024 Signed Order to Show Cause in the Commercial Division Proceeding, setting for further briefing and a hearing Simpson's January 29, 2024 order to show cause seeking permission to terminate Jared Chassen.

41. I annex hereto as **Exhibit 27** a true and correct copy of the February 12, 2024 email from Simpson to Deputy Chief Administrative Judge of the New York City Courts Deborah Kaplan.

42. I annex hereto as **Exhibit 28** a true and correct copy of the February 16, 2024 letter to Simpson from the Special Counsel to the Deputy Chief Administrative Judge.

43. I annex hereto as **Exhibit 29** a true and correct copy of Oak's Complaint in the Commercial Division Proceeding.

44. I annex hereto as **Exhibit 30** a true and correct copy of the Appellate Division, First Department's February 22, 2024 Order denying Simpson an interim emergency stay.

45. I annex hereto as **Exhibit 31** a true and correct copy of the September 29, 2023 hearing transcript in the Commercial Division Proceeding.

46. I annex hereto as **Exhibit 32** a true and correct copy of the February 7, 2024 Signed Order to Show Cause in the Commercial Division Proceeding, setting for further briefing and a hearing Chassen's January 28, 2024 order to show cause seeking relief in respect of Simpson's continued misconduct with respect to JJ Arch.

47. I annex hereto as **Exhibit 33** a true and correct copy of Chassen's January 28, 2024 Affidavit in Support of his order to show cause of the same date.

48. For the reasons detailed in the moving papers and herein, the Court should dismiss the bankruptcy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 14, 2024.          By: */s/ Allen Schwartz*
                                           Allen Schwartz