**GRIFFIN LLP**

420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284
Scott A. Griffin
Frank L. Eaton

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :    (Subchapter V)
JJ ARCH LLC,                                                     :
                                                                 :    Case No. 24-10381 (JPM)
                                                                 :
                                        Debtor.[1]               :
                                                                 :
-----------------------------------------------------------------X

## DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a) AND 362(a) OF THE BANKRUPTCY CODE FOR AN ORDER (I) ENFORCING THE AUTOMATIC STAY AGAINST FIRST REPUBLIC BANK AND (II) FOR SANCTIONS FOR SUCH VIOLATIONS

JJ Arch LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), files this (the "Motion") pursuant to sections 105(a) and 362(a) of title 11, United States Code, as amended, (the "Bankruptcy Code") for an order, substantially in the form attached hereto as Exhibit A (the "Order") (i) enforcing the automatic stay against First Republic Bank, a part of JP Morgan Chase & Co. ("First Republic") and (ii) for sanctions for violating the automatic stay, and respectfully represents:

### PRELIMINARY STATEMENT

This Motion presents a straightforward case of First Republic's willful and knowing, repeated violations of the automatic stay after being put on notice by the Debtor of

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

such violations. There is no question that First Republic is a sophisticated financial institution represented by competent counsel.

There is also no question that First Republic is violating the automatic stay by exercising dominion and control over a bank account maintained by the Debtor at First Republic – specifically preventing the Debtor from satisfying its duties and obligations under the United States Trustee Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "UST Guidelines"). As this Court is aware, under the UST Guidelines, the Debtor is required to close existing bank accounts - in this case the Debtor's checking account (Acct. No. 80006445359) (the "Debtor Account") maintained with First Republic - and open new debtor-in-possession bank accounts. The Debtor has made First Republic aware of the Debtor's obligations under the UST Guidelines, and the Bankruptcy Code's treatment of property of the estate under sections 541 and 362. Notwithstanding, this knowledge First Republic has steadfastly refused to allow the Debtor to comply with its obligations under the UST Guidelines regarding the Debtor Account.

First Republic's purported basis for blocking the Debtor from closing the Debtor Account and/or re-opening it as a debtor-in-possession account is a New York State Court order that removed Jeffrey Simpson ("Simpson"), the Debtor's managing member, and Jared Chassen ("Chassen"), a former member of the Debtor, as authorized signatories on the Debtor Account. Remarkably, First Republic takes this position even after admitting that the Debtor Account is not discussed or identified in any respect in the order upon which it seeks to rely. Thus, there is no colorable basis in law or fact that supports First Republic's improper exercise of control and dominion over the Debtor Account. First Republic's actions are in direct contravention of the automatic stay and should not be ignored by the Court.

By this Motion, the Debtor seeks entry of the Order to enforce the automatic stay pursuant to section 362(a)(2) and (a)(3) of the Bankruptcy Code against First Republic, and subject First Republic to monetary sanctions for its violation of the automatic stay pursuant to the Court's inherent powers under section 105(a) of the Bankruptcy Code.

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested are sections 105, 362 and 541 of the Bankruptcy Code.

## BACKGROUND

The Chapter 11 Case

3.      On March 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with this Court.

4.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

5.      On March 8, 2024, the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") appointed Eric Huebscher as the subchapter V trustee (the "Subchapter V Trustee") [Dkt. No. 2].

6.      On March 9, 2024, the Debtor filed a Suggestion of Bankruptcy in the case styled as *Jeffrey Simpson, individually and derivatively, as managing member of JJ Arch LLC, suing derivatively, as managing member of Arch Real Estate Holding LLC and JJ Arch LLC v. Jared Chassed and First Republic Bank* in the Supreme Court of the State of New York,

3

County of New York, Commercial Division (the "State Court Litigation") (NYSCEF Doc. No.

629).[2]

7.      No official committee of unsecured creditors or other statutory committee

has been appointed in this Chapter 11 Case.

8.      The factual background regarding the Debtor's business, capital structure,

and the events leading to this Chapter 11 Case is more fully set forth in *First Day Affidavit of*

*Jeffrey Simpson Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New*

*York, dated as of March 19, 2024* [Dkt. No. 16] (the "First Day Affidavit").

<u>The Debtor Account & Relevant State Court Litigation</u>

9.      Prior to the Petition Date, the Debtor established the Debtor Account at

First Republic, utilized for its day-to-day operations. Additionally, certain of the Debtor's non-

debtor subsidiaries (the "Non-Debtor Subsidiaries") also maintain bank accounts (the "Non-

Debtor Accounts") at First Republic.

10.     On November 22, 2023, the Hon. Joel M. Cohen entered a preliminary

injunction order in the State Court Litigation titled *Amended Decision and Order on Motion* (the

"State Court Order") (NYSCEF Doc. No. 418) providing, in relevant part, that:

> during the pendency of this action and subject to further order of
> the Court, Oak representatives Michael Wiener, Kevin Wiener, and
> Frank van Biesen shall each be permitted to have online viewing
> access to the ***Arch Accounts listed on Exhibit A***, attached hereto,
> and shall each be given authorized signer access to make
> transactions in the Arch Accounts; and Jeffrey Simpson and Jared
> Chassen, shall cease to have authorized signer access but shall
> retain viewing access to the Arch Accounts . . .

State Court Order, ¶ 3 (emphasis added).  A copy of the State Court Order is attached hereto as

Exhibit B.

---

[2] The State Court Litigation is discussed in paragraphs 30 through 38 of the First Day Affidavit (defined below).

11.     The Debtor Account is ***not*** listed on Exhibit A to the State Court Order as an Arch Account subject to the order.

<u>The Debtor's Postpetition Communications with First Republic</u>

12.     On March 13, 2024, the Debtor advised First Republic of the Debtor's duties under the UST Guidelines with respect to the Debtor Account.  See *Declaration of Scott A. Griffin* (the "Griffin Declaration"), ¶ 1. A copy of the Griffin Declaration is attached hereto as Exhibit C.

13.     On March 20, 2024, First Republic advised the Debtor, despite being aware of the pendency of the Chapter 11 Case and the Debtor's duties under the UST Guidelines in connection with the Debtor Account, that it would not allow the Debtor to close the Debtor Account and/or open a new debtor-in-possession account – specifically stating:

> JJ Arch accounts maintained at First Republic Bank . . . are subject to pending Court Order.  To the extent that the Debtor is required to take action with regard to the accounts in connection with the bankruptcy proceeding, we leave it to the Debtor to determine how best to pursue such action.  The Bank is unable to comply with either of your requests below.

See Griffin Decl., ¶ 2.

14.     On March 20, 2004, the Debtor also requested that First Republic identify the specific State Court Litigation order upon which its failure to comply was based. See Griffin Decl., ¶ 3.

15.     On March 21, 2024, the Debtor confirmed with First Republic that it was the bank's intent to not cooperate with the Debtor in allowing it to satisfy its obligations under the UST Guidelines regarding the Debtor Account, and advised the bank that its failure to cooperate constituted a violation of the automatic stay. See Griffin Decl., ¶ 4.  The Debtor again

requested that First Republic confirm that it intended to comply with the Bankruptcy Code and permit the Debtor to fulfill its obligations under the UST Guidelines. See Griffin Decl., ¶ 4.

16.     In response to this request, First Republic forwarded the Debtor a copy of the State Court Order but admitted that the Debtor Account was not listed as one of the accounts referenced in the order.  See Griffin Decl., ¶ 5.

17.     On March 22, 2024, the Debtor again requested that First Republic confirm that it intended to comply with the automatic stay in light of First Republic's admission that the Debtor Account was not covered by the State Court Order. See Griffin Decl., ¶ 6. Remarkably, First Republic maintains its position that the Debtor Account is subject to the State Court Order.

18.     As of the date hereof, First Republic continues in its unjustified refusal to cooperate with the Debtor regarding the Debtor Account, thus remaining in on-going violation of the automatic stay.  As a consequence of such continuing and willful violation of the automatic stay, the Debtor is compelled to file the Motion and seek sanctions.

## RELIEF REQUESTED

19.     By this Motion, the Debtor seeks entry of the Order pursuant to sections 362(a)(2) and (a)(3) of the Bankruptcy Code (i) enforcing the automatic stay against First Republic, (ii) imposing sanctions for its continued and willful violations of the automatic stay, including monetary sanctions and attorney's fees, and (iii) granting any other relief as the Court deems just and proper.

## BASIS FOR RELIEF

### I.  The Court Should Enforce the Automatic Stay Against First Republic

20.     Section 362 of the Bankruptcy Code operates immediately upon a debtor's filing of a bankruptcy petition to stay various acts that could interfere with property of the

bankruptcy estate. As relevant here, the automatic stay prohibits "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," 11 U.S.C. § 362(a)(2), or "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" 11 U.S.C. § 362(a)(3). Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).

21.    The automatic stay is one of the most fundamental debtor protections provided by the Bankruptcy Code. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.,* 474 U.S. 494, 503 (1986). It is axiomatic that Congress intended the scope of the automatic stay to be broad in order to effectuate its protective purposes. H.R. Rep. No. 95-595 at 340 (1977); S. Rep. No. 95-989 at 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5987, 6296-97; *see also In re Drexel Burnham Lambert Group Inc.*, 113 B.R. 830, 836 (Bankr. S.D.N.Y. 1990). The automatic stay "centralize[s] all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently." *Enron Corp. v. California ex rel. Lockyer (In re Enron)*, 314 B.R. 524, 534 (Bankr. S.D.N.Y. 2004) (quoting *Shugrue v. Air Line Pilots Assoc., Int'l. (In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 989 (2d Cir. 1990)); *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986). The automatic stay is intended "to allow the bankruptcy court to centralize all disputes concerning the property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by coordinated proceedings in other arenas." *In re General Growth Props.*, 426 B.R. 71, 75 (Bankr. S.D.N.Y. 2010).

22.     Notwithstanding the well-settled authority discussed above, First Republic has made a decision to ignore the automatic stay and continue with its exercise of dominion and control over the Debtor Account. It is beyond dispute that First Republic's actions are unlawful and rise to the level of contempt under the facts presented.

23.     Indeed, all actions taken in violation of the automatic stay are void and parties may be held in contempt of court for violating the automatic stay. *Bartel v. Eastern Airlines*, No. 96-5105, 1998 U.S. App. LEXIS 71, at *5 (2d Cir. Jan. 6, 1998) (acknowledging bankruptcy court's power to impose civil contempt sanctions where a party is aware of the automatic stay and willfully ignores it).  Notably, the Second Circuit has also held that "contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay." *Mar. Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 186-187 (2d Cir. 1990) (citing *Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay)*, 902 F.2d 1098, 1104 (2d Cir. 1990)).

24.     A finding of civil contempt is appropriate where the stay is knowingly violated in deliberate disregard of the law pertaining to the requirements for relief from stay. *Fidelity Mortgage Investors v. Camelia Builders Inc.,* 550 F.2d 47, 51, 57 (2d. Cir. 1976). Where the stay is knowingly violated in deliberate disregard of the Bankruptcy Code, the Court may impose sanctions for actual damages incurred by the estate, including costs and attorney's fees. *Id.* at 57.  Knowledge of the automatic stay is inferred by knowledge of the debtor's bankruptcy filing. *See In re Crawford*, 388 B.R. 506, 523 (Bankr. S.D.N.Y. 2008) ("[o]nce a party receives reasonable, actual notice of a bankruptcy filing, that party has the responsibility to ensure the stay is not violated").  It is incumbent upon parties who learn of a bankruptcy filing

"to seek further information as to the applicability and scope and the risk of damages for failure to obtain leave or clarification from the bankruptcy court." *Id.*

25.     There is no question that First Republic is a sophisticated financial institution represented by competent counsel with full and complete knowledge of the commencement of the Chapter 11 Case and the impact of the automatic stay on any of its actions with respect to the Debtor Account. Significantly, the Debtor provided First Republic with notice of the Chapter 11 Case as early as March 8, 2024, advised First Republic multiple times of the Debtor's obligations under the UST Guidelines in connection with the Debtor Account, and directed First Republic to the specific provisions of the Bankruptcy Code prohibiting its conduct. Yet, First Republic continues to improperly exercise control and dominion over property of the Debtor's estate.

26.     First Republic's knowing refusal to cooperate with the Debtor in allowing it to satisfy its obligations under the UST Guidelines for the Debtor Account after receiving adequate and sufficient notice of: (a) the Chapter 11 Case; (b) the automatic stay; and (c) the Debtor's obligations under the UST Guidelines, together with prejudice to the Debtor and its estate and creditors resulting from such refusal, constitutes a blatant and egregious violation of the automatic stay. Notwithstanding its knowledge of the Chapter 11 Case and continued requests by the Debtor to cooperate, First Republic has continued to violate the automatic stay with impunity even after the Debtor advised First Republic that the Debtor Account **is not listed** in the State Court Order, and after First Republic conceded that the account was not listed in such order.  As noted above, First Republic advised the Debtor that "[t]o the extent that the Debtor is required to take action with regard to the accounts in connection with the bankruptcy proceeding, we leave it to the Debtor to determine how best to pursue such action."  See Griffin

Decl., ¶ 2.  By forcing the Debtor to prepare and file the Motion, First Republic's hubris cannot

go unpunished.

## II. Section 105(a) of the Bankruptcy Code Provides the Court with Inherent Power to Impose Contempt Sanctions

27.    "A bankruptcy court has the inherent power, under [section 105 of the

Bankruptcy Code], to hold parties in civil contempt for violation of its own orders." *In re*

*Masterwear Corp.*, 229 B.R. 301, 310 (Bankr. S.D.N.Y. 1999).  Moreover, "[f]or non-individual

debtors, 'contempt proceedings are the proper means of compensation and punishment for

willful violations of the [automatic] stay.'" *In re Worldcom, Inc.*, 361 B.R. 697, 721 (Bankr.

S.D.N.Y. 2007) (citing *In re Chateaugay Corp.*, 920 F.2d 183, 186 (2d Cir. 1990)).  To hold a

party in contempt, "the movant must show (1) that the order not complied with is clear and

unambiguous, (2) the proof of the noncompliance is clear and convincing, and (3) the contemnor

has not diligently attempted to comply in a reasonable manner."  *In re Masterwear Corp.*, 229

B.R. at 310 (citing *King* v. *Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir 1995).

28.    First Republic's knowing and willful disregard of the automatic stay easily

satisfies the contempt standard and warrants the imposition of sanctions by this Court. *First*, the

automatic stay in the Chapter 11 Case could not have been clearer and more unambiguous.

Section 362 of the Bankruptcy Code explicitly imposed an automatic stay when the Debtor filed

its voluntary petitions for relief.  *Second*, First Republic clearly and unambiguously ignored the

Bankruptcy Code and the Debtor's repeated warnings that the bank was violating the automatic

stay.  *Third*, First Republic has not diligently tried to comply with the Bankruptcy Code.  To the

contrary, the First Republic has continued to disregard the automatic stay even after the Debtor

explained that the First Republic Account was not covered by the State Court Order.  First

Republic continues to act in knowing violation of the automatic stay by refusing to cooperate

with the Debtor in fulfilling its obligations under the UST Guidelines.  Accordingly, this Court should impose contempt sanctions on First Republic in the form of monetary sanctions, including attorney's fees incurred by the Debtor to enforce the automatic stay.

<u>**NOTICE**</u>

29.    No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.  Notice has been provided either by facsimile, electronic transmission, first class United States mail, overnight delivery, or hand delivery to: (i) counsel for First Republic, (ii) the United States Trustee; (ii) the Subchapter V Trustee; and (iii) any parties required to be served under Rule 9013-1(b) of the Local Bankruptcy Rules or any other applicable Bankruptcy Rule or Local Bankruptcy Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests the Court enter the Order enforcing the automatic stay against First Republic, and imposing sanctions against the bank for its continued and willful violations of the automatic stay, including monetary sanction, including attorney's fees, and granting any other relief the Court deems just and proper.

Dated:    New York, New York
          March 28, 2024

**GRIFFIN LLP**

By */s/ Scott A. Griffin*
Scott A. Griffin
Frank L. Eaton
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284

*Proposed Counsel for the Debtor
and Debtor in Possession*

11

# EXHIBIT A

# [Proposed] Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                               :

In re:                           :     Chapter 11

                              :     (Subchapter V)

JJ ARCH LLC,                :

                              :     Case No. 24-10381 (JPM)

                              :

                      Debtor.[1]     :

                              :
-------------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS
105(a) AND 362(a) OF THE BANKRUPTCY CODE
(I) ENFORCING THE AUTOMATIC STAY AGAINST FIRST
REPUBLIC BANK AND (II) FOR SANCTIONS FOR SUCH VIOLATIONS**

        Upon the motion (the "Motion") of JJ Arch LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order pursuant to sections 105(a) and 362(a) of title 11, United States Code, as amended, (the "Bankruptcy Code") (i) enforcing the automatic stay against First Republic Bank, a part of JP Morgan Chase & Co. ("First Republic") and (ii) for sanctions for violating the automatic stay, all as more fully described in the Motion and the *Declaration of Scott A. Griffin* (the "Griffin Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion, the

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

Griffin Declaration and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the Griffin Declaration and in the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

IT IS HEREBY ORDER THAT:

1. The Motion is GRANTED as set forth herein.

2. First Republic has violated the automatic stay pursuant to section 362(a)(2) and (a)(3) of the Bankruptcy Code by exercising dominion and control over the Bank Account.[2]

3. First Republic is in contempt and sanctioned for violation of the automatic stay. Pursuant to section 105(a) of the Bankruptcy Code, First Republic shall pay the Debtor an amount equal to $_____ and attorney's fees in the amount of $_____, which represents the reasonable attorney's fees incurred by the Debtor in the prosecution of the Motion.

4. First Republic shall immediately cooperate with the Debtor in respect of the Bank Account, including but not limited to the Debtor's duties under the UST Guidelines.

5. This Court retains exclusive jurisdiction with respect to any and all matters arising from or related to the implementation or enforcement of this Order.

Dated: _____, 2024
          New York, New York

                                        _____
                                        The Honorable John P. Mastando III

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

# EXHIBIT B

# State Court Order

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------X

JEFFREY SIMPSON, JJ ARCH LLC,

                    Plaintiffs,

        - v -

JARED CHASSEN, FIRST REPUBLIC BANK,

                  Defendants.

| | |
|---|---|
| **INDEX NO.** | 158055/2023 |
| **MOTION DATE** | 11/03/2023 |
| **MOTION SEQ. NO.** | 005 |

-----------------------------------------------------------------------X

608941 NJ INC

                  Plaintiff,

        - v -

JEFFREY SIMPSON, JJ ARCH LLC, AND ARCH REAL
ESTATE HOLDINGS LLC,

                  Defendants.

**AMENDED DECISION +
ORDER ON MOTION**

-----------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 321, 322, 323, 324, 325, 329, 330, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 356, 357, 358, 359, 360, 361, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 412, 413, 414, 415, 416

were read on this motion for           PRELIMINARY INJUNCTION/RESTRAINING ORDER    .

      The Court's November 20, 2023 Interim Decision and Order (NYSCEF 412) granting

Plaintiff 608941 NJ Inc.'s ("Oak") motion for a preliminary injunction is hereby amended to

provide the following details with respect to the terms and scope of the injunction.  It is now

further:

      **ORDERED** that, during the pendency of this action and subject to further order of the

Court, Jeffrey Simpson and JJ Arch LLC are enjoined from:

**158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**          Page 1 of 8
Motion No.  005

1 of 8

1. Acting as (or holding themselves out to third parties to be) managing members of Arch Real Estate Holdings LLC ("AREH"), and Oak shall continue to act in their stead as AREH's sole managing member in accordance with Section 7.1 of the Limited Liability Operating Agreement of AREH (the "Operating Agreement"), owing all applicable duties to AREH and its members;

2. Denying prompt consent to any Major Decision proposed by Oak as Managing Member under Section 7.1.3 of the Operating Agreement unless *both* JJ Arch members (Jeffrey Simpson and Jared Chassen) jointly agree to deny such consent (or alternatively, either JJ Arch member may convey consent);

3. Making any filings with the New York City Department of Buildings or any other similar regulatory authorities in any jurisdictions on behalf of AREH or any of its subsidiary entities; and

4. Otherwise interfering with Oak's ability to exercise its responsibilities as Managing Member of AREH.

**ORDERED** that, during the pendency of this action and subject to further order of the Court, Jeffery Simpson is enjoined from entering the offices of AREH except with and upon the terms stated in an advance written consent provided by Oak[1]; it is further

---

[1] Oak proposed adding a provision enjoining Mr. Simpson from contacting employees of AREH or its subsidiaries except through counsel or with the advance written permission of Oak. The Court has not included that proposed language, which seems an excessively broad restriction on what could be legitimate and inoffensive conduct and speech. That said, the Court notes that contacting individuals who are represented by counsel (as current and former employees of AREH may be) during the course of a litigation can raise significant issues. In addition, it should go without saying any actions that could constitute threats to actual or potential witnesses could raise even graver concerns, as Mr. Simpson's counsel acknowledged during the argument of this motion. For now, the Court will rely on counsel to advise Mr. Simpson on these issues

158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL                    Page 2 of 8
Motion No. 005

2 of 8

NYSEF DOC. NO. 54 24-103818-jpm    Doc 54    Filed 03/28/24    Entered 03/28/24 17:37:27    Main Document RECEIVED NYSCEF: 11/22/2023

Pg 18 of 50

**ORDERED** that, during the pendency of this action and subject to further order of the Court, Oak representatives Michael Wiener, Kevin Wiener, and Frank van Biesen shall each be permitted to have online viewing access to the Arch Accounts listed on Exhibit A, attached hereto, and shall each be given authorized signer access to make transactions in the Arch Accounts; and Jeffrey Simpson and Jared Chassen, shall cease to have authorized signer access but shall retain viewing access to the Arch Accounts; and all parties must promptly provide any information or documentation requested by First Republic Bank (or its successor in interest) to implement this Order; and it is further

**ORDERED** that, pursuant to CPLR 6312(b), Oak shall be required, within 15 days of the filing of notice of entry of this Order, to cause a duly licensed surety to file an undertaking for costs and damages that may be suffered by Jeffrey Simpson and/or JJ Arch should the preliminary injunction herein ordered be found to have been improvidently granted, in the fixed sum of $250,000.00, failing which the preliminary injunction herein ordered shall dissolve.[2]

---

rather than attempting to incorporate these restrictions – which are imposed by law and carry their own independent consequences – in this Order. However, the Court reserves judgment on a future motion for injunctive relief if subsequent events give rise to such a motion.

[2] The Court considered the competing proposals for an undertaking and believes $250,000.00 is a reasonable amount in the circumstances. To be clear, however, the undertaking is solely to protect against injury flowing from the preliminary injunction itself (if later found to have been improvidently granted). To the extent harm is claimed to result instead from Managing Member conduct that constitutes an independent breach of contract, fiduciary duty, or other viable claim, the harmed parties are not limited to making claims against the undertaking ordered herein.

**158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**                                    Page 3 of 8
**Motion No.  005**

3 of 8

This constitutes the Decision and Order of the Court.

202311222254AJMCOHENDB87A7B8D04B74BB1AA25828F1F7FD7A45

| | | |
|---|---|---|
| __11/22/2023__ | | JOEL M. COHEN, J.S.C. |
| DATE | | |

CHECK ONE:      ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

                           ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART      ☐ OTHER

APPLICATION:          ☐ SETTLE ORDER                 ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**
**Motion No.  005**

Page 4 of 8

4 of 8

## EXHIBIT A

CHECKING XXXXXXX5334 5952 BENNER MANAGER LLC
CHECKING XXXXXXX5342 ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX5367 5952 BENNER INVESTOR LLC
CHECKING XXXXXXX1395 ARCH 11 GREENE ST MM LLC
CHECKING XXXXXXX1577 ARCH BUILDERS LLC A DISREGARDED ENTITY OF
ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX1809 ARCH 11 GREENE ST BUILDERS LLC A DISREGARDED
ENTITY OF ARCH REAL ESTATE
HOLDINGS LLC
CHECKING XXXXXXX8449 5401 CALIFORNIA ASSOCIATES LLC
CHECKING XXXXXXX1160 TDRT 11 GREENE STREET LLC
CHECKING XXXXXXX2013 ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX1825 ARCH 45 SAVINGS INVESTORS LLC
CHECKING XXXXXXX1874 ARCH 45 SAVINGS LLC
CHECKING XXXXXXX1924 ARCH 45 SAVINGS MM LLC
CHECKING XXXXXXX1932 45 SAVINGS STREET JV LLC
CHECKING XXXXXXX1973 45 SAVINGS STREET MM LLC
CHECKING XXXXXXX5952 CAMBRIDGE ACQUISITIONS LLC
CHECKING XXXXXXX6075 CAMBRIDGE MEZZ LLC
CHECKING XXXXXXX4165 CAMBRIDGE ACQUISITIONS LLC
CHECKING XXXXXXX4181 CAMBRIDGE ACQUISITIONS LLC
MONEY MARKET CHECKING XXXXXXX3763 CAMBRIDGE ACQUISITIONS LLC
CHECKING XXXXXXX4013 ARCH CAMBRIDGE INVESTORS LLC
CHECKING XXXXXXX4154 ARCH ADVISORS LLC
CHECKING XXXXXXX5160 ARCH ASSET MANAGEMENT LLC
CHECKING XXXXXXX7952 ARCH ADVISORS LLC
CHECKING XXXXXXX6568 MIDTOWN OAKS JV LLC
CHECKING XXXXXXX6626 MIDTOWN OAKS MM JV LLC
CHECKING XXXXXXX9491 CAMELOT CLASS B JV LLC
CHECKING XXXXXXX9509 CAMELOT JV LLC
CHECKING XXXXXXX9525 CAMELOT MM JV LLC
CHECKING XXXXXXX0673 ARCH PROPERTY MANAGEMENT LLC
CHECKING XXXXXXX0764 MMSS LLC
CHECKING XXXXXXX7456 NCSC JV LLC
CHECKING XXXXXXX7464 NCSC MM JV LLC
MONEY MARKET CHECKING XXXXXXX9197 FRANCISCAN PROPERTY OWNER LLC
MONEY MARKET CHECKING XXXXXXX9346 ABNER PROPERTY OWNER LLC
MONEY MARKET CHECKING XXXXXXX8508 OAK GROVE PROPERTY OWNER LLC
CHECKING XXXXXXX5724 LAKESTAR CAMBRIDGE LLC
CHECKING XXXXXXX5799 ARCH SLOPE CAMBRIDGE LLC
CHECKING XXXXXXX5823 ARCH SLOPE CAMBRIDGE MM LLC
CHECKING XXXXXXX5872 ARCH CAMBRIDGE MM LLC
CHECKING XXXXXXX5948 102-02 PARTNERS CAMBRIDGE LLC

158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL                    Page 5 of 8
Motion No.  005

5 of 8

CHECKING XXXXXXX6003 4690 ORACLE INVESTORS LLC
CHECKING XXXXXXX0122 ARCH BUILDERS LLC A DISREGARDED ENTITY OF
ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX6194 ARCH PROPERTY MANAGEMENT LLC
CHECKING XXXXXXX2411 ONE BROWN JV LLC
CHECKING XXXXXXX2429 ONE BROWN MM JV LLC
CHECKING XXXXXXX6016 1 BROWN STREET ASSOCIATES LP AND 1 BROWN
STREET OWNER LLC (DACA)
CHECKING XXXXXXX6024 1 BROWN STREET ASSOCIATES LP
CHECKING XXXXXXX6032 1 BROWN STREET ASSOCIATES LP
CHECKING XXXXXXX4607 RIDGEWOOD TOWER LLC
CHECKING XXXXXXX4110 MYRTLE POINT CM LLC
CHECKING XXXXXXX4243 MYRTLE POINT JV LLC
CHECKING XXXXXXX4458 MYRTLE POINT MM JV LLC
CHECKING XXXXXXX5413 DRAKE ARCH BIRMINGHAM 1 LLC
CHECKING XXXXXXX5470 PEBBLE CREEK BORROWER LLC
CHECKING XXXXXXX5553 PEBBLE CREEK MM JV LLC
CHECKING XXXXXXX0862 PEBBLE CREEK BORROWER LLC
CHECKING XXXXXXX0896 PEBBLE CREEK BORROWER LLC
CHECKING XXXXXXX4826 2501 VENTURES OP CO I LLC
CHECKING XXXXXXX1846 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0744 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0785 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0793 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0801 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0843 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0884 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0918 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0942 HAMR BORROWER 3 LLC (DEPOSIT ACCOUNT
CONTROL AGREEMENT)
CHECKING XXXXXXX2326 ARCH DEVELOPERS LLC
CHECKING XXXXXXX3294 2501 ARCH LLC
CHECKING XXXXXXX3351 2501 JV LLC
CHECKING XXXXXXX1005 3820 1ST OWNER LLC
CHECKING XXXXXXX1044 3820 1ST OWNER LLC
CHECKING XXXXXXX1336 3504 12TH OWNER LLC
CHECKING XXXXXXX5987 3504 12TH OWNER LLC (DEPOSIT ACCOUNT CONTROL
AGREEMENT)
CHECKING XXXXXXX5995 3504 12TH OWNER LLC
CHECKING XXXXXXX1203 235 JAMES OWNER LLC
CHECKING XXXXXXX1810 235 JAMES OWNER LLC
CHECKING XXXXXXX1054 DRAKE ARCH TUSCALOOSA 1 LLC
CHECKING XXXXXXX0019 ARCH TUSCALOOSA MM LLC
CHECKING XXXXXXX7278 2501 BISCAYNE PROPERTY OWNER LLC
CHECKING XXXXXXX2373 ARCH PROPERTY HOLDINGS 2 LLC

158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL                    Page 6 of 8
Motion No.  005

6 of 8

CHECKING XXXXXXX2418 DRAKE ARCH COLUMBIA 1 LLC
CHECKING XXXXXXX2475 COLUMBIA MM JV LLC
CHECKING XXXXXXX8438 9 VANDAM JV LLC
CHECKING XXXXXXX8776 9 VANDAM OWNER LLC
CHECKING XXXXXXX6402 HAMR BORROWER 3 LLC
CHECKING XXXXXXX0347 3504 12TH OWNER LLC
CHECKING XXXXXXX8537 9 VANDAM MM JV LLC
CHECKING XXXXXXX2060 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2102 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2128 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2151 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2169 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2177 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2185 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2201 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2219 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2235 ARCH BUILDERS LLC DISREGARDED ENTITY OF ARCH REAL ESTATE HOLDINGS LLC
CHECKING XXXXXXX2045 1700 ARCH LLC
CHECKING XXXXXXX9537 CENTER POINT BORROWER 1 LLC
CHECKING XXXXXXX1409 CENTER POINT BORROWER 1 LLC (OPERATING - CAPEX)
CHECKING XXXXXXX1417 CENTER POINT BORROWER 1 LLC (OPERATING - RENT)
CHECKING XXXXXXX1540 CENTER POINT BORROWER 1 LLC (SECURITY DEPOSIT)
CHECKING XXXXXXX9636 CENTER POINT BORROWER 2 LLC
CHECKING XXXXXXX0154 CENTER POINT BORROWER 2 LLC (SECURITY DEPOSIT ACCOUNT)
CHECKING XXXXXXX0188 CENTER POINT BORROWER 2 LLC (OPERATING - RENT)
CHECKING XXXXXXX0220 CENTER POINT BORROWER 3 LLC
CHECKING XXXXXXX6215 CENTER POINT BORROWER 3 LLC (OPERATING ACCOUNT - RENT)
CHECKING XXXXXXX6223 CENTER POINT BORROWER 3 LLC (SECURITY DEPOSIT ACCOUNT)
CHECKING XXXXXXX5922 CAMELOT 3 LLC
CHECKING XXXXXXX5930 CAMELOT HOLDINGS JV 2 LLC
CHECKING XXXXXXX5948 CAMELOT JV 2 LLC

158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL                    Page 7 of 8
Motion No.  005

7 of 8

CHECKING XXXXXXX5963 CAMELOT MM JV 2 LLC
CHECKING XXXXXXX5971 CAMELOT MM JV 3 LLC
CHECKING XXXXXXX5989 NCSC JV 2 LLC
CHECKING XXXXXXX5997 NCSC MM JV 2 LLC
CHECKING XXXXXXX6003 MIDTOWN OAKS MM JV 2 LLC
CHECKING XXXXXXX6011 MIDTOWN OAKS JV 2 LLC
CHECKING XXXXXXX4703 9 VANDAM BORROWER 2 LLC
CHECKING XXXXXXX6583 88 ARCH LLC
CHECKING XXXXXXX2053 9 VANDAM LP JV LLC
CHECKING XXXXXXX2460 1580 NOSTRAND LLC
CHECKING XXXXXXX1303 ARCH NOSTRAND MM LLC
CHECKING XXXXXXX8400 88 TOWER LLC
CHECKING XXXXXXX0767 88 TOWER LLC
CHECKING XXXXXXX0495 CONSTRUCTION SERVICES AND SOLUTIONS LLC
CHECKING XXXXXXX5316 88 TOWER LLC (DACA ACCOUNT)
CHECKING XXXXXXX0751 TOWER OWNER TWO LLC
CHECKING XXXXXXX7223 ORE LIVING II LLC
CHECKING XXXXXXX6075 ARCH NOSTRAND LLC
CHECKING XXXXXXX6688 3200 N HAVERHILL BORROWER LLC
CHECKING XXXXXXX3516 3200 N HAVERHILL BORROWER LLC

158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL                    Page 8 of 8
Motion No. 005

8 of 8

# EXHIBIT C

# GRIFFIN DECLARATION

**GRIFFIN LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Scott A. Griffin
Frank L. Eaton

*Proposed Counsel for the Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X
                              :

In re:                          :     Chapter 11

                          :     (Subchapter V)

JJ ARCH LLC.,               :

                          :     Case No. 24-10381 (JPM)

                Debtor.[1]   :

                          :

------------------------------------------ X

## <u>DECLARATION OF SCOTT A. GRIFFIN</u>

SCOTT A. GRIFFIN, being duly sworn, deposes and says:

I am a member of the bar of the State of New York and proposed counsel to JJ Arch LLC,

the debtor and debtor in possession (the "Debtor"), in the above-captioned chapter 11 case. I

submit this Declaration based on my personal knowledge regarding the relief requested in the

*Debtor's Motion Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code for an Order (I)*

*Enforcing the Automatic Stay Against First Republic Bank and (II) for Sanctions for Such*

*Violations*.[2]

---

[1] The four digits of the Debtor's federal tax identification number are 4251.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

1.      I attach as Exhibit 1 a true and correct copy of an email dated March 13, 2024 between Tyler Kandel, counsel for First Republic Bank ("First Republic"), and Scott A. Griffin, proposed counsel for the Debtor.

2.      I attach as Exhibit 2 a true and correct copy of an email dated March 20, 2024 from Mr. Kandel to Scott A. Griffin.

3.      I attach as Exhibit 3 a true and correct copy of an email on March 20, 2024 from Scott A. Griffin to Tyler Kandel.

4.      I attach as Exhibit 4 a true and correct copy of an email and letter dated March 21, 2024 from Scott A. Griffin to Tyler Kandel.

5.      I attach as Exhibit 5 a true and correct copy of emails on March 22, 2024 from Tyler Kandel to Scott A. Griffin.

6.      I attach as Exhibit 6 a true and correct copy of an email from Scott A. Griffin dated March 22, 2024 from Scott A. Griffin to Tyler Kandel.

In accord with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed:      New York, New York
               March 28, 2024

                                        */s/ Scott A. Griffin*____
                                        Scott A. Griffin

# EXHIBIT 1

## March 13th E-mail

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Wednesday, March 13, 2024 8:33 AM
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** jeffrey Simpson <jsimpson001@icloud.com>
**Subject:** In re JJ Arch LLC (Case No. 24-10381)(JPM)

*EXTERNAL EMAIL*

Mr. Kandel:

As you may be aware, JJ Arch LLC commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of New York. In conjunction with its obligations under the Bankruptcy Code and U.S. Department of Justice Office of the United States Trustee Guidelines, JJ Arch (as a debtor-in-possession) is required to close existing bank accounts and open new debtor in possession bank accounts.  It my understanding that the Debtor has an existing bank account with your client, First Republic Bank (Acct. No.: 80006445359-JJ ARCH LLC).

Please advise as to whether your client would be amenable to the Debtor closing its existing account and opening a new  Debtor-in-Possession account or  your client designating the Debtor's existing account as a Debtor-in-Possession Account?

Thank you in advance for your prompt attention to this matter.

Best,

Scott


<image001.png>

Scott A. Griffin I Partner

**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com | www.grifflegal.com

# EXHIBIT 2

## March 20th E-mail

**From:** Tyler Kandel <tkandel@shermanatlas.com>
**Subject: RE: In re JJ Arch LLC (Case No. 24-10381)(JPM)**
**Date:** March 20, 2024 at 4:59:37 PM EDT
**To:** Scott Griffin <sgriffin@grifflegal.com>

Scott,
As we discussed last week, JJ Arch accounts maintained at First
Republic Bank (the "Bank") are subject to pending Court Order.
To the extent that the Debtor is required to take action with regard
to the accounts in connection with the bankruptcy proceeding, we
leave it to the Debtor to determine how best to pursue such
action.  The Bank is unable to comply with either of your requests
below.
Please contact me should you wish to discuss.
Regards,
Tyler

Tyler J. Kandel, Partner



Sherman Atlas Sylvester & Stamelman LLP
210 Park Avenue, Florham Park, NJ 07932
T.973.302.950
2

tkandel@shermanatlas.co
m

_____

Confidentiality Notice.  The information contained in this email and any attachments may be
legally privileged and confidential. If you are not an intended recipient, you are hereby notified
that any dissemination, distribution or copying of this email is strictly prohibited. If you have
received this email in error, please notify the sender and permanently delete the email and any
attachments immediately. You should not retain, copy or use this email or any attachment for any
purpose, nor disclose all or any part of the contents to any other person. Thank you.

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Wednesday, March 20, 2024 12:59 PM

**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** Jeffrey Simpson <jsimpson001@icloud.com>
**Subject:** Re: In re JJ Arch LLC (Case No. 24-10381)(JPM)

**\*EXTERNAL EMAIL\***

Tyler any update on this?

# GRIFFIN

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 13, 2024, at 9:23 AM, Tyler Kandel
<tkandel@shermanatlas.com> wrote:

I will discuss with my client and will get back to you. However,
please note that my contact in Legal is out of the office this week.

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Wednesday, March 13, 2024 8:33 AM
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** jeffrey Simpson <jsimpson001@icloud.com>
**Subject:** In re JJ Arch LLC (Case No. 24-10381)(JPM)

**\*EXTERNAL EMAIL\***

Mr. Kandel:

As you may be aware, JJ Arch LLC commenced a case under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of New York. In conjunction with its obligations under the Bankruptcy Code and U.S. Department of Justice Office of the United States Trustee Guidelines, JJ Arch (as a debtor-in-possession) is required to close existing bank accounts and open new debtor in possession bank accounts.  It my understanding that the Debtor has an existing bank account with your client, First Republic Bank (Acct. No.: 80006445359-JJ ARCH LLC).

Please advise as to whether your client would be amenable to the Debtor closing its existing account and opening a new  Debtor-in-Possession account or  your client designating the Debtor's existing account as a Debtor-in-Possession Account?

Thank you in advance for your prompt attention to this matter.

Best,

Scott


<image001.png>

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

# EXHIBIT 3

## Second March 20th E-mail

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Date:** March 20, 2024 at 10:54:47 PM EDT
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Subject: Re: In re JJ Arch LLC (Case No. 24-10381)(JPM)**

Please send me the order on which you are relying.  I'm trying to avoid any confusion on your client's basis.

Thanks

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 20, 2024, at 10:04 PM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

I'm confused Scott. You filed a notice of bankruptcy filing in the state court action a few weeks ago, but you're unaware of the state court docket number?

On Mar 20, 2024, at 10:01 PM, Scott Griffin <sgriffin@grifflegal.com> wrote:

**\*EXTERNAL EMAIL\***

The US Trustee and Sub V trustee is asking for this information.

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170

Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 20, 2024, at 9:54 PM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

I am out of town until Friday, but will send it to you when I return. However, the Order is on the docket.

On Mar 20, 2024, at 9:52 PM, Scott Griffin <sgriffin@grifflegal.com> wrote:

**\*EXTERNAL EMAIL\***

Can you please send me the order on which you are relying?

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 20, 2024, at 5:09 PM, Scott Griffin <sgriffin@grifflegal.com> wrote:

Understood.  I will forward the below to the U.S. Trustee's office.  Please confirm that you are referring to the NY State Court Order.

<PtXYdlTY-1 copy.png>

# EXHIBIT 4

## March 21st E-mail and Letter

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Date:** March 21, 2024 at 1:05:59 PM EDT
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** "Brian Masumoto (USTP)" <Brian.Masumoto@usdoj.gov>, Jeffrey Simpson <jsimpson001@icloud.com>
**Subject: In re JJ Arch LLC - First Republic Bank (Account No. 80006445359)**

Tyler:

See attached.




Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com



March 21, 2024

**<u>Via Electronic & Overnight Mail</u>**

Tyler Kandel, Esq.
Sherman Atlas Sylvester & Stamelman LLP
210 Park Avenue
Florham Park, NJ 07932

**Re:**     *<u>In re JJ Arch LLC</u>* **(the "Debtor"), Chapter 11 Case No. 24-10381(JPM)**

Dear Tyler:

As you are aware this firm serves as the proposed counsel for the above-referenced Debtor and Debtor-in-Possession in a case currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On March 9, 2024, the Debtor filed a Suggestion of Bankruptcy in the case styled as *Jeffrey Simpson, individually and derivatively, as managing member of JJ Arch LLC, suing derivatively, as managing member of Arch Real Estate Holdings LLC, and JJ Arch LLC v. Jared Chassen and First Republic Bank* at Dkt. No. 629 in the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court Litigation").

As you are further aware, your client, First Republic Bank ("First Republic"), administers a checking account (Acct. No. 80006445359) on behalf of the Debtor. The checking account constitutes property of the Debtor's bankruptcy estate under section 541(a) of the Bankruptcy Code.

On March13, 2024, I advised you that in conjunction with its obligations under the U.S. Department of Justice Office of the United States Trustee Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "UST Guidelines"), that the Debtor is required to close existing bank accounts and open new Debtor-in-Possession bank accounts. I inquired as to whether First Republic would be amenable to the Debtor closing its existing account and opening a new Debtor-in-Possession account, or designating the Debtor's existing account as a Debtor-in-Possession Account.

You have advised that First Republic will not allow the Debtor to close its existing bank account with First Republic based on an order in the State Court Litigation. First Republic, however, has failed to (i) provide the Debtor with the order upon which it is relying, notwithstanding repeated requests, or (ii) offer any legal support as to how the purported order is excepted from the automatic stay of the Bankruptcy Code.

**GRIFFIN** LLP

ATTORNEYS AT LAW

Section 362(a) of the Bankruptcy Code provides in relevant part:

> **a)** Except as provided in subsection (b) of this section, a petition filed under section 301. . . , operates as a stay, applicable to all entities, of—
>
> ****
>
> > **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> >
> > **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. §362(a).

First Republic's refusal to allow the Debtor to control its bank account in compliance with the UST Guidelines and/or in the normal course of its business constitutes an unequivocal violation of the automatic stay under section 362(a)(2) and (a)(3) of the Bankruptcy Code. Accordingly, we ask that you *confirm by no later than the close of business today* that First Republic intends to comply with the Bankruptcy Code and permit the debtor to fulfill its obligations under the UST Guidelines.

The Debtor reserves all rights.

Very truly yours,

*Scott A. Griffin*

Scott A. Griffin
GRIFFIN LLP

cc: Brian Matsumoto, Esq. Office of the U.S. Trustee (via e-mail)
    Jeffrey Simpson, Managing Member of JJ Arch LLC (via e-mail)

2

# EXHIBIT 5

## First Republic March 22nd Emails

**From:** Tyler Kandel <tkandel@shermanatlas.com>
**Date:** March 22, 2024 at 11:18:15 AM EDT
**To:** Scott Griffin <sgriffin@grifflegal.com>
**Cc:** "ehuebscher huebscherconsulting. com"
<ehuebscher@huebscherconsulting.com>, Anthony Valenziano
<avalenziano@shermanatlas.com>
**Subject: RE: In re JJ Arch LLC**


Sorry, I was in a meeting. That account number does not appear
on the schedule attached to the Order.

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Friday, March 22, 2024 10:16 AM
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** ehuebscher huebscherconsulting. com
<ehuebscher@huebscherconsulting.com>; Anthony Valenziano
<avalenziano@shermanatlas.com>
**Subject:** Re: In re JJ Arch LLC

**\*EXTERNAL EMAIL\***

I sent you a separate email with the acct information. I don't see
the account on the exhibit to the order. Am I missing it?

# GRIFFIN

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax: +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 22, 2024, at 9:54 AM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

Can you please confirm the account number in question?

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Friday, March 22, 2024 9:52 AM
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>; Anthony Valenziano <avalenziano@shermanatlas.com>
**Subject:** Re: In re JJ Arch LLC

*EXTERNAL EMAIL*

Can someone please point me to the bank account for the debtor JJ Arch listed on the exhibit to the order?

Thanks

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 22, 2024, at 9:48 AM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

Scott and Eric,

Please see the email below from my colleague, Anthony, and the attachment.  Anthony attempted to send the email to Scott last night but had the incorrect email address.

We are scheduled to have a call with Eric at 12:45 p.m. this afternoon. Scott, should you wish to join, please let us know and we can circulate conference call information.

Regards,
Tyler

**From:** Anthony Valenziano <avalenziano@shermanatlas.com>
**Sent:** Thursday, March 21, 2024 9:27 PM
**To:** sgriffin@griffinlegal.com
**Cc:** Brian.Masumoto@usdoj.gov; Tyler Kandel <tkandel@shermanatlas.com>
**Subject:** In re JJ Arch LLC

Good evening:

Following up on my call with Scott, attached please find the referenced court order in the state court matter.

Thanks,

Anthony

Anthony C. Valenziano, Partner

Sherman Atlas Sylvester & Stamelman LLP

 210 Park Avenue, Florham Park, NJ 07932

1185 Avenue of the Americas, New York, NY 10036

T.973.302.969 6

avalenziano@shermanatlas.com

---

Confidentiality Notice.  The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

<158055_2023_JEFFREY_SIMPSON_et_al_v_JARED_CHASSEN_et_al_DECISION___ORDER_ON_418.pdf>

---

# EXHIBIT 6

## March 22nd Confirmation Email

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Date:** March 22, 2024 at 10:57:59 AM EDT
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** "ehuebscher huebscherconsulting. com"
<ehuebscher@huebscherconsulting.com>, Anthony Valenziano
<avalenziano@shermanatlas.com>
**Subject: Re: In re JJ Arch LLC**

Tyler:

As requested in my letter to you yesterday (with the timing therein modified by
my conversation yesterday with Mr. Valenziano), please advise by the close of
business today whether First Republic intends to comply with section 362 of the
Bankruptcy Code as it relates to property of the JJ Arch estate - namely checking
account no. 80006445359.

The Debtor reserves all rights.

Scott

# GRIFFIN

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 22, 2024, at 10:16 AM, Scott Griffin <sgriffin@grifflegal.com> wrote:
I sent you a separate email with the acct information.  I don't see the account on
the exhibit to the order.  Am I missing it?

<PtXYdlTY-1 copy.png>

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 22, 2024, at 9:54 AM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

Can you please confirm the account number in question?

**From:** Scott Griffin <sgriffin@grifflegal.com>
**Sent:** Friday, March 22, 2024 9:52 AM
**To:** Tyler Kandel <tkandel@shermanatlas.com>
**Cc:** ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>; Anthony Valenziano <avalenziano@shermanatlas.com>
**Subject:** Re: In re JJ Arch LLC

*EXTERNAL EMAIL*

Can someone please point me to the bank account for the debtor JJ Arch listed on the exhibit to the order?

Thanks

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

On Mar 22, 2024, at 9:48 AM, Tyler Kandel <tkandel@shermanatlas.com> wrote:

Scott and Eric,

Please see the email below from my colleague, Anthony, and the

attachment.  Anthony attempted to send the email to Scott last night but had the incorrect email address.

We are scheduled to have a call with Eric at 12:45 p.m. this afternoon. Scott, should you wish to join, please let us know and we can circulate conference call information.

Regards,
Tyler

**From:** Anthony Valenziano <avalenziano@shermanatlas.com>
**Sent:** Thursday, March 21, 2024 9:27 PM
**To:** sgriffin@griffinlegal.com
**Cc:** Brian.Masumoto@usdoj.gov; Tyler Kandel <tkandel@shermanatlas.com>
**Subject:** In re JJ Arch LLC

Good evening:

Following up on my call with Scott, attached please find the referenced court order in the state court matter.

Thanks,

Anthony

Anthony C. Valenziano, Partner

Sherman Atlas Sylvester & Stamelman LLP
210 Park Avenue, Florham Park, NJ 07932
<image001.png>
1185 Avenue of the Americas, New York, NY 10036
T.973.302.9696

avalenziano@shermanatlas.com
www.shermanatlas.com

_____

Confidentiality Notice.  The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

<158055_2023_JEFFREY_SIMPSON_et_al_v_JARED_CHASSEN_et_al_DECISION___ORDER_ON_418.pdf>