*Presentment Date and Time:* **April 17, 2024 at 12:00 p.m. (ET)**
*Objection Deadline:* **April 16, 2024 at 5:00 p.m. (ET)**

**GRIFFIN LLP**

420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284
Scott A. Griffin

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                             :
In re:                                                       :    Chapter 11
                                                             :    (Subchapter V)
JJ ARCH LLC,                                                 :
                                                             :    Case No. 24-10381 (JPM)
                                                             :
                              Debtor.[1]                     :
                                                             :
-------------------------------------------------------------X

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 329 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN LLP, AS GENERAL BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

The debtor and debtor in possession in the above-captioned case (the "Debtor" or

"JJ Arch") hereby applies (the "Application") for entry of an order, pursuant to sections 327(a)

and 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and

2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Bankruptcy Rules"), authorizing it to employ and retain Griffin LLP ("Griffin LLP" or the

"Firm"), as general bankruptcy counsel, *nunc pro tunc* to the Petition Date (defined below).

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

In support of the Application, the Debtor relies upon and incorporates by reference the (i) *First Day Affidavit of Jeffrey Simpson Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York, dated as of March 19, 2024* [Dkt. No. 16] (the "First Day Affidavit")[2], (ii) *Declaration of Scott A. Griffin in Support of the Debtor's Application for Entry of an Order Pursuant to Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin LLP, as General Bankruptcy Counsel, Nunc Pro Tunc to the Petition Date* (the "Griffin Declaration"),[3] and (iii) *Lar-Dan Declaration of Thomas Mundt in Support of the Debtor's Application to Employ and Retain Griffin LLP* (the "Lar Dan Declaration")[4]  In further support of the Application, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtor confirms its consent, pursuant to Rule 7008 of the Bankruptcy Rules, to entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the First Day Affidavit.
[3]  The Griffin Declaration is attached hereto as **Exhibit A**.
[4]  The Lar Dan Declaration is attached hereto as **Exhibit B**.

3.      The statutory predicates for the relief requested herein are sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On March 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with this Court.

5.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

6.      On March 8, 2024, the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") appointed Eric Huebscher as the subchapter V trustee (the "Subchapter V Trustee") [Dkt. No. 2].

7.      No official committee of unsecured creditors or other statutory committee has been appointed in this Chapter 11 Case.

8.      The factual background regarding the Debtor's business, capital structure, and the events leading to this Chapter 11 Case is more fully set forth in the First Day Affidavit.

## RELIEF REQUESTED

9.      By this Application, the Debtor requests entry of an order (the "Retention Order") pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtor to employ and retain Griffin LLP, as general bankruptcy counsel for the Debtor, *nunc pro tunc* to the Petition Date to perform the extensive legal services that will be required during this Chapter 11 Case (as more fully described herein) pursuant to and in accordance with the terms and conditions set forth in

the parties' engagement letter, dated February 2, 2024 (the "Engagement Letter"). A copy of the Engagement Letter is attached to the Griffin Declaration as **Exhibit 1**.

## **BASIS FOR RELIEF**

10.     Beginning in early January 2024, Griffin LLP began working with the Debtor in connection with the restructuring of the Debtor's financial affairs, including preparing the Debtor for a filing under subchapter V of chapter 11 of the Bankruptcy Code.   Since Griffin LLP's engagement, the Firm has worked closely with the Debtor with respect to the above-referenced efforts, and as a result of this work, has become uniquely familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case.  In fact, Griffin LLP has provided advice and assistance to the Debtor in all aspects of its restructuring efforts, including, but not limited to, advising the Debtor's management regarding the chapter 11 process, as well as preparing pleadings and other documents relating to the commencement of the Chapter 11 Case.

11.     The Debtor selected Griffin LLP to act as Debtor's counsel because of the experience and knowledge of the Firm's attorneys with respect to restructuring and commercial bankruptcy under chapter 11 of the Bankruptcy Code.   The Debtor believes that the Firm's highly qualified team of professionals possesses the knowledge and experience necessary to effectively and efficiently address the issues that will arise in this Chapter 11 Case, and that Griffin LLP's continued representation of the Debtor is critical to the successful resolution of the Chapter 11 Case.  Significantly, Griffin LLP attorneys have been involved in the representation of chapter 11 debtors as lead counsel, co-counsel, or conflicts counsel in a variety of notable cases including, without limitation: *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex.); *In re Northwest Airlines Corporation*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.); *In re*

*Old Carco LLC (f/k/a Chrysler LLC), et al.*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.); *In re*

*Lyondell Chemical Company*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y.); *In re Grubb & Ellis*

*Company, et al.*, Case No. 12-10685 (MG) (Bankr. S.D.N.Y.); *In re Dewey & LeBoeuf LLP*,

Case No. 12-12321 (MG) (Bankr. S.D.N.Y.); *In re Filmed Entertainment, Inc.*, Case No. 15-

12244 (SCC) (Bankr. S.D.N.Y.); *In re VTES, INC., et al.*, Case No. 20-12941(JLG) (Bankr.

S.D.N.Y.); *In re Tix Corporation* and *Tix4Tonight, LLC,* Case No. 21-14170-NMC (Bankr. D.

Nev.).[5]

12.    Additional information regarding Griffin LLP is set forth more fully in the

Griffin Declaration.

<u>**SERVICES TO BE RENDERED**</u>

13.    Subject to the Court's approval, Griffin LLP will render, to the extent

necessary, the following services in connection with the Chapter 11 Case and certain continuing

matters:

a.    Advise the Debtor regarding its powers and duties as debtor in possession in the continued management, and administration of its business;

b.    Attend meetings and negotiate with representatives of creditors and other parties in interest;

c.    Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor's estate, negotiations relating thereto and objections to claims filed against the Debtor's estate;

d.    Prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e.    Negotiate and prepare on the Debtor's behalf a chapter 11 plan and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

---

[5] Griffin LLP attorneys were involved in certain of the aforementioned matters prior to joining the Firm.

f.      Appear before this Court, any appellate courts, and protect the interests of the Debtor's estate before such courts; and

g.      Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

14.     Griffin LLP has indicated a willingness to act on behalf of, and render such professional services to, the Debtor

15.     As discussed in greater detail below, prior to the commencement of the Chapter 11 Case, Griffin LLP was retained by Arch Real Estate Holdings, LLC ("AREH"), the Debtor's majority owned subsidiary, in conjunction with the potential preparation, commencement and prosecution of a chapter 11 case for AREH and certain of its affiliates (together, with the Debtor, the "Arch Companies") as part of a comprehensive restructuring for the overall business enterprise. A copy of the AREH engagement letter (the "AREH Engagement Letter") is attached to the Griffin Declaration as **Exhibit 2**.

16.     As a result of this prior representation, certain parties in interest - namely, 35 Oak Holdings Ltd. - have alleged that Griffin LLP is conflicted from representing the Debtor parent.  The Debtor, however, does not believe that a cognizable legal or ethical conflict of interest exists in connection with Griffin LLP's representation of the Debtor. Nevertheless, out of an abundance of caution, the Debtor has proposed to retain Wiggin and Dana LLP ("Wiggin") as co-counsel to the Debtor to address any matters involving AREH and the Debtor in this Chapter 11 Case.  Additionally, the Debtor proposes to have Wiggin address all litigation matters in the Chapter 11 Case on the Debtor's behalf.  Griffin LLP and Wiggin will coordinate in connection with all services to be rendered by each firm on behalf of the Debtor to avoid any duplication of efforts.

## DISINTERESTEDNESS

<u>Griffin LLP's Disinterestedness</u>

17.     To the best of the Debtor's knowledge, and except as otherwise set forth herein, the Griffin Declaration or the Lar Dan Declaration, neither Griffin LLP nor the attorneys of Griffin LLP have a relationship with the Debtor (other than the current engagement), its affiliates, its creditors or any other party in interest, the Subchapter V Trustee, the United States Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court for the Southern District of New York or any person employed in the office of the same.  Indeed, Griffin LLP has examined the list of interested parties, attached to the Griffin Declaration as **Exhibit 3**, and can confirm that it does not have a relationship with any of the parties on that list. Griffin LLP, however, may in the future represent certain parties in interest in this Chapter 11 Case in matters unrelated to the Debtor or this Chapter 11 Case.

18.     In connection with Griffin LLP's retention as counsel, the Debtor understands that neither Griffin LLP nor any attorney at the Firm:

      a.  Holds or represents an interest adverse to the Debtor's estate;

      b.  Is or was a creditor of the Debtor, an equity security holder, or an insider of the Debtor, except that Griffin LLP previously rendered legal services to the Debtor for which it was compensated as disclosed below;

      c.  Is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; or

      d.  Has an interest materially adverse to the interest of the Debtor's estate or any class of creditor or equity security holder, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

19.     In view of the foregoing, the Debtor believes that Griffin LLP is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20.     Griffin LLP understands that it has a continuing obligation to review and maintain its disinterestedness and will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

Representation of Arch Real Estate Holdings LLC
Prior to the Commencement of the Chapter 11 Case

21.     As noted above, the Debtor is the direct parent of AREH, holding an 80% membership interest. 608941 NJ, Inc. ("608941") holds the remaining 20% membership interest in AREH.[6]

22.     On or about October 6, 2023, AREH retained Griffin LLP in conjunction with the potential preparation, commencement and prosecution of a chapter 11 case for the Arch Companies as part of a comprehensive restructuring for the business. See AREH Engagement Letter, 1. On October 11, 2023, in conjunction with this engagement, the Firm filed a Substitution of Attorney (the "Notice of Substitution") (NYSCEF Doc. No. 195) replacing Adam Leitman Bailey, P.C., as attorneys of record for Mr. Simpson, individually and derivatively, as managing member of the Debtor suing derivatively as managing member of AREH and the Debtor in litigation (the "State Court Litigation") pending in the Supreme Court of the State of New York, New York County, before the the Hon. Joel Cohen, styled as *Jeffrey Simpson, individually and derivatively, as managing member of JJ Arch LLC, suing derivatively as*

---

[6] Upon information and belief, 35 Oak Holdings, Ltd. ("35 Oak," together with 608941, "Oak") a company organized under the laws of Canada, is the sole owner of 608941.

*managing member of Arch Real Estate Holdings LLC, and JJ Arch LLC v. Chassen, et al.,* Index No. 158055/2203.[7]

23.    On October 12, 2023, recognizing a potential conflict (as it relates to Mr. Simpson) and prior to rendering any services on behalf of JJ Arch or Mr. Simpson, the Firm withdrew its notice of appearance on behalf of Mr. Simpson and JJ Arch (the "Withdrawal Notice") through a subsequent Substitution of Attorney (NYSCEF Doc. No. 196), with Sam P. Israel P.C. serving as counsel for Mr. Simpson and JJ Arch. [8]

24.    By Order dated November 3, 2023 (the "November 3rd Order"), Judge Cohen in the State Court Litigation granted Oak temporary/interim emergency relief allowing it to serve as *acting* managing member of AREH pending a final order. (NYSCEF Doc. No. 321). A copy of the November 3rd Order is attached as **Exhibit 6** to the Griffin Declaration.

25.    By letter dated November 6, 2023 (NYSCEF Doc. No. 322), Griffin LLP requested that Judge Cohen clarify his November 3rd Order regarding the Firm's obligations as a result of Oak's appointment as AREH's acting managing member, and in light of the various adverse positions that AREH had taken against Oak in the State Court Litigation and certain federal litigation (discussed in greater detail in paragraphs 31-34 of the First Day Affidavit). In response, Judge Cohen recognized the potential practical conflict and noted that withdrawal may be appropriate if the Firm cannot ethically or practically continue the representation (NYSCEF Doc. No. 325). A copy of the Firm's correspondence to Judge Cohen and his reply is attached as **Exhibit 7** to the Griffin Declaration.

---

[7]  A copy of the Notice of Substitution is attached as **Exhibit 4** to the Griffin Declaration.
[8]  A copy of the Withdrawal Notice is attached as **Exhibit 5** to the Griffin Declaration.

26.    On November 8, 2023, by email (the "Withdrawal E-mail") to Oak, the Firm withdrew as counsel to AREH. A copy of the Withdrawal E-mail is attached to the Griffin Declaration as **Exhibit 8**.

27.    On November 27, 2023 and November 30, 2023, Griffin LLP presented its outstanding invoices to AREH for services rendered from the period of October 23, 2023 through October 29, 2023 and October 30, 2023 to November 5, 2023, in the amount of $109,426.47 (collectively, the "Outstanding Invoice Amount").

28.    On November 30, 2023, Kevin Wiener, on behalf of Oak acting as managing member of AREH, advised the Firm that AREH would not pay the Outstanding Invoice Amount or respond to any further requests for payment.  This refusal to pay was without explanation as to why Oak was causing AREH to breach the AREH Engagement Letter (the "Wiener Correspondence").  A copy of the Wiener Correspondence is attached to the Griffin Declaration as **Exhibit 9**.

29.    During the course of Griffin LLP's representation of AREH, the Firm received payment in the aggregate amount of $125,000.00, exclusive of the Receivable Payment.

## PROFESSIONAL COMPENSATION

30.    Griffin LLP will accept compensation for its work during the Chapter 11 Case for such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this Chapter 11 Case.  Additionally, Griffin LLP will seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the

preparation of this Application, the Griffin Declaration and related documents, as well as any interim and final fee applications, as applicable.

31.     Griffin LLP's fees for professional services are based on its hourly rates. The Debtor and Griffin LLP have agreed that the Firm's current standard hourly rates will apply to this Chapter 11 Case.  The Firm's current hourly rates are: (a) $910 for partners; (b) $825 for counsel; (c) $395 for associates; and (d) $295 to $325 for paraprofessionals.  Hourly rates set forth above are subject to annual adjustments in January to reflect economic and other conditions.[9]  Griffin LLP will provide notice of any rate increases to the Debtor, the United States Trustee, and the Court.

32.     Consistent with Griffin LLP's policies, the Firm will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying,[10] travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings. Charges and disbursements are invoiced pursuant to Griffin LLP's standard practices, which are set forth in the Engagement Letter.

**THIRD-PARTY FUNDING OF THE PREPARATION AND
COMMENCEMENT OF THE CHAPTER 11 CASE AND THE LAR DAN FACTORS**

33.     In consideration of the services rendered by Griffin LLP relating to the preparation and commencement of the Chapter 11 Case, Great American Insurance Company ("Great American"), the Debtor's directors and officers insurance carrier maintained through AREH, has paid the Firm $31,542.00 for such services.  Given the nature of a third-party payor

---

[9]  Griffin LLP's hourly rates were not revised in January of 2024.
[10]  Griffin LLP will charge $0.10 per page for photocopying charges.

in connection with the Chapter 11 Case, the Debtor is also filing the Lar Dan Declaration as **Exhibit B** hereto.

34.    In addition, prior to the Petition Date, on February 1, 2024, Jeffrey Simpson, the Debtor's managing member, paid the Firm $76,598.00 (the "Receivable Payment") on account of the Outstanding Invoice Amount.[11]  Upon information and belief, Great American agreed to reimburse Mr. Simpson for the Receivable Payment.

35.    Given this financial relationship, the Firm and the Debtor required Great American to make representations, warranties and acknowledgments concerning the factors set forth in *In re Lar Dan Enterprises, Inc.,* 221 B.R. 93 (Bankr. S.D.N.Y. 1998), relating to the required independence of professionals who are paid by third parties.  In this regard, Thomas Mundt, on behalf of Great American, executed the Lar Dan Declaration.

36.    In sum, in the Lar Dan Declaration, Great American described its connection with the Debtor, its funding of the Chapter 11 Case and the Receivable Payment, and the Debtor's consent to such arrangement.  In addition, Great American acknowledged and agreed that the Firm (i) owes a duty of undivided loyalty to the Debtor and no duties to Great American or Simpson, (ii) is free to advise the Debtor in ways that may be contrary to the interests of Great American and Simpson, and (iii) may represent Debtor in court in any action against Great American or Simpson.  Finally, Great American confirmed (i) that it retained independent counsel regarding this matter, (ii) that the Firm has never represented Great American and will never represent Great American in connection with this matter, and (iii) that Great American will disclose any other facts that might be relevant to a Lar Dan issue, in consultation with its independent counsel.

---

[11]  Griffin LLP agreed to discount the Outstanding Invoice Amount by 30% resulting in the Receivable Payment. The Firm further agreed to write-off the balance of the Outstanding Invoice Amount.

37.    The Firm does not hold a retainer in connection with the Chapter 11 Case.

38.    Since Griffin LLP began working with the Debtor on its Chapter 11 Case, the total aggregate amount of prepetition fees earned and expenses incurred by Griffin LLP on behalf of the Debtor, as identified and accounted for by Griffin LLP as of the Petition Date, was approximately $31,542.00 (the "Prepetition Fees and Expenses").  Griffin LLP provided the Debtor with an invoice for the Prepetition Fees and Expenses prior to the Petition Date, with such amounts paid by Great American prior to the Petition Date.

39.    Other than as set forth above, no arrangement is proposed between the Debtor and Griffin LLP for compensation to be paid in this Chapter 11 Case.

## NO AGREEMENT TO SHARE ANY COMPENSATION WITH THIRD PARTIES

40.    Pursuant to Bankruptcy Rule 2016(b), Griffin LLP has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than with the personnel of the Firm or (ii) any compensation another person or party has received or may receive. Except for sharing arrangements among the Firm and its attorneys, the Firm has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## STATEMENT REGARDING UNITED STATES TRUSTEE GUIDELINES

41.    Griffin LLP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable provisions of the Court.  Griffin LLP also intends to make a reasonable effort to comply with the United States Trustee requests for information and additional disclosures as set forth in the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) in connection with this Application and any interim or final fee applications to be filed by Griffin LLP in this Chapter 11 Case.

42.     Accordingly, the Debtor requests approval of the employment of Griffin LLP *nunc pro tunc*, as general bankruptcy counsel, to the Petition Date.  Such relief is warranted by the circumstances presented in this Chapter 11 Case.

## NOTICE

43.     Notice has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to:  (i) the United States Trustee; (ii) the Subchapter V Trustee; (iii) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (iv) any parties required to be served under Rule 9013-1(b) of the Local Bankruptcy Rules or any other applicable Bankruptcy Rule or Local Bankruptcy Rule.  The Debtor submits that, under the circumstances, no other or further notice is necessary.

## Local Bankruptcy Rule 9013-1(a) Statement

44.     This Application includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Application. Accordingly, the Debtor submits that this Application satisfies Local Bankruptcy Rule 9013-1(a).

## No Prior Request

45.     No prior request for the relief requested herein has been made to this or any other Court.

## <u>Conclusion</u>

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated:   New York, New York
         April 5, 2024

                                        *JJ Arch LLC,*

                                        By: /s/    *Jeffrey Simpson*_____
                                        Name:  Jeffrey Simpson
                                        Title:    Managing Member

# Exhibit A

**GRIFFIN LLP**

420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284
Scott A. Griffin

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                 :
In re:                           :    Chapter 11
                              :    (Subchapter V)
JJ ARCH LLC,              :
                              :    Case No. 24-10381 (JPM)
                  Debtor.[1]   :
                              :
--------------------------------------------------------------X

**DECLARATION OF SCOTT A. GRIFFIN IN SUPPORT
OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT
TO SECTIONS 327(a) AND 329 OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1
AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN LLP, AS
GENERAL BANKRUPTCY COUNSEL, _NUNC PRO TUNC_ TO THE PETITION DATE**

Under 28 U.S.C. § 1746, I, Scott A. Griffin, declare that the following is true to

the best of my knowledge, information, and belief:

1.      I am a partner with the law firm Griffin LLP (the "Firm"), which

maintains its offices for the practice of law at 420 Lexington Avenue, Suite 400, New York, New

York 10170.  I am admitted in, practicing in, and a member in good standing of the bar of the

State of New York and the bar of the United States District Court for the Southern District of

New York.  I submit this declaration and statement in support of the Debtor's Application for

Entry of an Order Pursuant to Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to

Employ and Retain Griffin LLP, as General Bankruptcy Counsel, *Nunc Pro Tunc* to the Petition

Date (the "Application"),[2] filed contemporaneously herewith by the Debtor.

2.     Except as otherwise set forth herein, all statements in this Declaration are

based on my personal knowledge of the matters set forth herein.  If I were called upon to testify,

I could and would testify competently to the facts set forth in the Application.

## QUALIFICATIONS OF PROFESSIONALS

3.     In January 2024, the Firm  began working with the Debtor in connection

with the restructuring of the Debtor's financial affairs, including preparing the Debtor for a filing

under subchapter V of chapter 11 of the Bankruptcy Code.[3]  The engagement of legal counsel

was confirmed in early February 2024, pursuant to the Engagement Letter.[4]  Since the Firm's

engagement, the Firm has worked closely with the Debtor with respect to the above-referenced

efforts, and as a result of this work, has become uniquely familiar with the Debtor's business and

many of the potential legal issues that may arise in the context of this Chapter 11 Case.  In fact,

the Firm has provided advice and assistance to the Debtor in all aspects of its restructuring

efforts, including, but not limited to, advising the Debtor's management regarding the chapter 11

process, as well as preparing pleadings and other documents relating to the commencement of

the Chapter 11 Case.

4.     The Firm understands that the Debtor selected the Firm to act as the

Debtor's counsel because of the experience and knowledge of the Firm's attorneys with respect

---

[1]     The last four digits of the Debtor's federal tax identification number are 4251.
[2]  Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Application.

to restructuring and commercial bankruptcy under chapter 11 of the Bankruptcy Code. The Firm's highly qualified team of professionals possess the knowledge and experience necessary to effectively and efficiently address the issues that will arise in this Chapter 11 Case.

5.      I am a partner of the Firm and one of the principal attorneys working on the engagement. I have more than two decades of experience in corporate restructurings and related matters, including (a) out of court restructurings; (b) traditional chapter 11 reorganization cases; and (c) pre-negotiated chapter 11 reorganizations. I have represented debtors, creditors' committees, secured lenders, major unsecured creditors, acquirers, and other parties in interest in chapter 11 cases. Notably, my debtor representations have included, but are not limited to: *In re Mirant Corp., Case No. 03-46590 (DML) (Bankr. N.D. Tex.); In re Northwest Airlines Corporation, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.); In re Old Carco LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.); In re Lyondell Chemical Company, Case No. 09-10023 (REG) (Bankr. S.D.N.Y.); In re Grubb & Ellis Company, et al., Case No. 12-10685 (MG) (Bankr. S.D.N.Y.); In re Dewey & LeBoeuf LLP, Case No. 12-12321 (MG) (Bankr. S.D.N.Y.); In re Filmed Entertainment, Inc., Case No. 15-12244 (SCC) (Bankr. S.D.N.Y.); In re VTES, INC., et al., Case No. 20-12941(JLG) (Bankr. S.D.N.Y.); In re Tix Corporation and Tix4Tonight, LLC, Case No. 21-14170-NMC (Bankr. D. Nev.).* [5]

6.      Other professionals at the Firm, who have experience in restructuring and business bankruptcy cases under chapter 11 of the Bankruptcy Code, will also participate in the representation of the Debtor in this Chapter 11 Case.

---

[3]  The Firm was originally retained on October 6, 2023 to represent Arch Real Estate Holdings LLC ("AREH").
[4]  A copy of the Engagement Letter is attached hereto as **Exhibit 1**.
[5]  I was involved in certain of the aforementioned matters prior to joining the Firm.

7.      Due to the Firm's work with the Debtor's management during the prepetition period, the Firm is familiar with the Debtor's capital and debt structure, and other material agreements.  Additionally, the Firm is familiar with the Debtor's business affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Case.

8.      I believe that the Firm is well positioned to provide the Debtor with the type of legal services it requires as the debtor in possession.  Accordingly, subject to approval of the Application, the Firm is willing to perform the services requested by the Debtor, as set forth herein, in the Application, and in the Engagement Letter.

<u>**SERVICES TO BE RENDERED**</u>

9.      Subject to the Court's approval, the Firm will render, to the extent necessary, the following services in connection with the Chapter 11 Case and certain continuing matters:

a.  Advise the Debtor regarding its powers and duties as debtor in possession in the continued management, and administration of its business;

b.  Attend meetings and negotiate with representatives of creditors and other parties in interest;

c.  Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions relating thereto, and objections to claims filed against the Debtor's estate;

d.  Prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e.  Negotiate and prepare on the Debtor's behalf a chapter 11 plan and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

f.  Appear before this Court, any appellate courts, and protect the interests of the Debtor's estate before such courts; and

g.  Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

10.     As noted above, prior to the commencement of the Chapter 11 Case, the Firm was retained by AREH in conjunction with the potential preparation, commencement and prosecution of a chapter 11 case for AREH and certain of its affiliates (together, with the Debtor, the "Arch Companies") as part of a comprehensive restructuring for the overall business enterprise. A copy of the AREH engagement letter (the "AREH Engagement Letter") is attached hereto as **Exhibit 2**.

11.     As a result of this prior representation, certain parties in interest - namely, 35 Oak Holdings Ltd. - have alleged that the Firm is conflicted from representing the Debtor parent.  The Firm, however, does not believe that a cognizable legal or ethical conflict of interest exists in connection with its representation of the Debtor. Nevertheless, out of an abundance of caution, the Debtor has proposed to retain Wiggin and Dana LLP ("Wiggin") as co-counsel to the Debtor to address any matters involving AREH and the Debtor in this Chapter 11 Case. Additionally, the Debtor proposes to have Wiggin address all litigation matters in the Chapter 11 Case on the Debtor's behalf.  The Firm and Wiggin will coordinate in connection with all services to be rendered by each firm on behalf of the Debtor to avoid any duplication of efforts.

## DISINTERESTEDNESS OF PROFESSIONALS

A. <u>Griffin LLP's Disinterestedness</u>

12.     Prior to the commencement of this Chapter 11 Case, the Firm conducted a review of the Firm's electronic database with respect to the parties listed on **Exhibit 3** hereto. Based on such review, to the best of my knowledge, and except as otherwise set forth herein, the Application or the Lar Dan Declaration, neither the Firm nor the attorneys of the Firm have any relationship with the Debtor (other than the current engagement), its affiliates, its creditors or

any other party in interest, the Subchapter V Trustee, the United States Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court for the Southern District of New York or any person employed in the office of the same.

13.    The Firm, however, may in the future represent certain parties in interest in this Chapter 11 Case in matters unrelated to the Debtor or this Chapter 11 Case.  In addition, the Firm may in the future represent certain interested parties involved in this case in matters unrelated to the Chapter 11 Case.

14.    The Firm personnel have and may continue to have relationships personally or in the ordinary course of business with certain professionals and other parties in interest that may be involved in the Chapter 11 Case in matters unrelated to this case.  The Firm may also in the future provide professional services to entities or persons that may be creditors or parties in interest in this Chapter 11 Case; such services will not directly relate to, or have any direct connection with, this Chapter 11 Case or the Debtor.

15.    The Firm's personnel in their individual capacities may regularly utilize the services of law firms, accounting firms and financial advisors.  Such firms engaged by the Firm's personnel may appear in this Chapter 11 Case on behalf of the Debtor or parties in interest.  All engagements where such firms represent the Firm's personnel in their individual capacities are unrelated to this Chapter 11 Case.

16.    Neither the Firm nor any attorney at the Firm:

a.    Holds or represents an interest adverse to the Debtor's estate;

b.    Is or was a creditor of the Debtor, an equity security holder, or an insider of the Debtor, except that the Firm previously rendered legal services to the Debtor for which it was compensated as disclosed below;

c.    Is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; or

6

   d. Has an interest materially adverse to the interest of the Debtor's estate or any
      class of creditor or equity security holder, by reason of any direct or indirect
      relationship to, connection with, or interest in the Debtor, or for any other reason.

17.     In view of the foregoing, the Firm is a "disinterested person" within the
meaning of section 101(14) of the Bankruptcy Code.

18.     The Firm will continue to review and maintain its disinterestedness and
will supplement its disclosure to the Court if any facts or circumstances are discovered that
would require such additional disclosure.

B. Representation of Arch Real Estate Holdings LLC
   Prior to the Commencement of the Chapter 11 Case

19.     The Debtor is the direct parent of AREH, holding an 80% membership
interest. 608941 NJ, Inc. ("608941") holds the remaining 20% membership interest in AREH.[6]

20.     On or about October 6, 2024, AREH retained Griffin LLP in conjunction
with the potential preparation, commencement and prosecution of a chapter 11 case for the Arch
Companies as part of a comprehensive restructuring for the business. See AREH Engagement
Letter, 1. On October 11, 2023, in conjunction with this engagement, the Firm filed a
Substitution of Attorney (the "Notice of Substitution") (NYSCEF Doc. No. 195) replacing Adam
Leitman Bailey, P.C., as attorneys of record for Mr. Simpson, individually and derivatively, as
managing member of the Debtor suing derivatively as managing member of AREH and the
Debtor in litigation (the "State Court Litigation") pending in the Supreme Court of the State of
New York, New York County, before the Hon. Joel Cohen, styled as *Jeffrey Simpson,
individually and derivatively, as managing member of JJ Arch LLC, suing derivatively as*

---

[6] Upon information and belief, 35 Oak Holdings, Ltd. ("35 Oak," together with 608941, "Oak") a company
organized under the laws of Canada, is the sole owner of 608941.

*managing member of Arch Real Estate Holdings LLC, and JJ Arch LLC v. Chassen, et al.,* Index

No. 158055/2203.[7]

21.    On October 12, 2023, recognizing a potential conflict (as it relates to Mr.

Simpson) and prior to rendering any services on behalf of JJ Arch or Mr. Simpson, the Firm

withdrew its notice of appearance on behalf of Mr. Simpson and JJ Arch (the "Withdrawal

Notice") through a subsequent Substitution of Attorney (NYSCEF Doc. No. 196), with Sam P.

Israel P.C. serving as counsel for Mr. Simpson and JJ Arch.[8]

22.    By Order dated November 3, 2023 (the "November 3rd Order"), Judge

Cohen in the State Court Litigation granted Oak temporary/interim emergency relief allowing it

to serve as ***acting*** managing member of AREH pending a final order. (NYSCEF Doc. No. 321).

A copy of the November 3rd Order is attached hereto as **Exhibit 6**.

23.    By letter dated November 6, 2023 (NYSCEF Doc. No. 322), the Firm

requested that Judge Cohen clarify his November 3rd Order regarding the Firm's obligations as a

result of Oak's appointment as AREH's acting managing member, and in light of the various

adverse positions that AREH had taken against Oak in the State Court Litigation and certain

federal litigation (discussed in greater detail in paragraphs 31-34 of the First Day Affidavit). In

response, Judge Cohen recognized the potential practical conflict and noted that withdrawal may

be appropriate if the Firm cannot ethically or practically continue the representation (NYSCEF

Doc. No. 325). A copy of the Firm's correspondence to Judge Cohen and his reply is attached

hereto as **Exhibit 7**.

---

[7] A copy of the Notice of Substitution is attached hereto as **Exhibit 4**.
[8] A copy of the Withdrawal Notice is attached hereto as **Exhibit 5**.

24.     On November 8, 2023, by email (the "Withdrawal E-mail") to Oak, the
Firm withdrew as counsel to AREH. A copy of the Withdrawal E-mail is attached hereto as
**Exhibit 8**.

25.     On November 27, 2023 and November 30, 2023, Griffin LLP presented its
outstanding invoices to AREH for services rendered from the period of October 23, 2023
through October 29, 2023 and October 30, 2023 to November 5, 2023, in the amount of
$109,426.47 (collectively, the "Outstanding Invoice Amount").

26.     On November 30, 2023, Kevin Wiener, on behalf of Oak acting as
managing member of AREH, advised the Firm that AREH would not pay the Outstanding
Invoice Amount or respond to any further requests for payment.  This refusal to pay was without
explanation as to why Oak was causing AREH to breach the AREH Engagement Letter (the
"Wiener Correspondence").  A copy of the Wiener Correspondence is attached hereto as **Exhibit
9**.

C.    Lar Dan Funding of Receivable and Chapter 11 Case Preparation

27.     In consideration of the services rendered by the Firm relating to the
preparation and commencement of the Chapter 11 Case, Great American Insurance Company
("Great American"), the Debtor's directors and officers' insurance carrier maintained through
AREH, has paid the Firm $31,542.00 for such services.  Given the nature of a third-party payor
in connection with the Chapter 11 Case, the Debtor is also filing the Lar Dan Declaration as
**Exhibit B** hereto.

28.     In addition, prior to the Petition Date, on February 1, 2024, Jeffrey
Simpson, the Debtor's managing member, paid the Firm $76,598.00 (the "Receivable Payment")

on account of the Outstanding Invoice Amount.[9]  Upon information and belief, Great American agreed to reimburse Mr. Simpson for the Receivable Payment.

29.     Given this financial relationship, the Firm and the Debtor required Great American to make representations, warranties and acknowledgments concerning the factors set forth in *In re Lar Dan Enterprises, Inc.,* 221 B.R. 93 (Bankr. S.D.N.Y. 1998), relating to the required independence of professionals who are paid by third parties.  In this regard, Thomas Mundt, on behalf of Great American, executed the Lar Dan Declaration.

30.     In sum, in the Lar Dan Declaration, Great American described its connection with the Debtor, its funding of the Chapter 11 Case and the Receivable Payment, and the Debtor's consent to such arrangement.  In addition, Great American acknowledged and agreed that the Firm (i) owes a duty of undivided loyalty to the Debtor and no duties to Great American or Simpson, (ii) is free to advise the Debtor in ways that may be contrary to the interests of Great American and Simpson, and (iii) may represent Debtor in court in any action against Great American and Simpson.  Finally, (i) Great American confirmed that it retained independent counsel in the Chapter 11 Case, (ii) that the Firm has never represented Great American and will never represent Great American in connection with this matter, and (iii) that Great American will disclose any other facts that might be relevant to a Lar Dan issue, in consultation with its independent counsel.

## **Professional Compensation**

31.     The Firm will accept compensation for its work during the Chapter 11 Case for such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the

---

[9] The Firm agreed to discount the Outstanding Invoice Amount by 30% resulting in the Receivable Payment. The

estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this Chapter 11 Case.  Additionally, the Firm will seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the preparation of this Application, the Griffin Declaration and related documents, as well as any interim and final fee applications, as applicable.

32.    The Firm's fees for professional services are based on its hourly rates. The Debtor and the Firm have agreed that the Firm's current standard hourly rates will apply to this Chapter 11 Case.  The Firm's current hourly rates are: (a) $910 for partners; (b) $825 for counsel; (c) $395 for associates; and (d) $295 to $325 for paraprofessionals.  Hourly rates set forth above are subject to annual adjustments in January to reflect economic and other conditions.[10]  The Firm will provide notice of any rate increases to the Debtor, the United States Trustee, and the Court.

33.    Consistent with the Firm's policies, the Firm will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying,[11] travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.  Charges and disbursements are invoiced pursuant to the Firm's standard practices, which are set forth in the Engagement Letter.

---

Firm further agreed to write-off the balance of the Outstanding Invoice Amount.
[10]  The Firm's hourly rates were not revised in January of 2024.
[11] The Firm will charge $0.10 per page for photocopying charges.

34.     Other than as set forth above, no arrangement is proposed between the Debtor and the Firm for compensation to be paid in this Chapter 11 Case.

35.     Pursuant to Bankruptcy Rule 2016(b), the Firm has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than with the personnel of the Firm or (ii) any compensation another person or party has received or may receive. Except for sharing arrangements among the Firm and its attorneys, the Firm has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
           April 5, 2024

                              /s/ *Scott A. Griffin*
                              Scott A. Griffin, Esq.
                              Partner
                              Griffin LLP

12

# Exhibit 1

**GRIFFIN** LLP
ATTORNEYS AT LAW

February 2, 2024

<u>**Via Electronic Mail**</u>

JJ Arch LLC
Attn: Jeffrey Simpson, Managing Partner
88 University Place, 2nd Fl.
New York, NY 10003

Re:    <u>Employment of Griffin LLP</u>

Dear Jeff:

This letter confirms our discussions concerning the scope, terms, and conditions of our engagement by you with respect to Griffin LLP commencing cases under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") on behalf of JJ Arch LLC and/or certain of its affiliates (collectively, "Arch"). This engagement letter addresses the preparation for filing, commencement, administration, and completion of a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Thank you for retaining Griffin LLP (the "Firm") in this engagement and for your consideration and cooperation concerning the matters covered in this letter.

1.    <u>Limited Scope of Engagement and Client Relationship</u>

Any new or expanded engagement beyond that described above will require our agreement. Similarly, except as expressly set forth in this letter, any representation in this engagement of any individual, person or entity other than Arch, will require our agreement. That is, our client is, and we are entering into an attorney-client relationship only with, Arch. Accordingly, please advise any other parties who express any uncertainty or different understanding, that this engagement does not include any undertaking by the Firm to represent any of them or create any attorney-client relationship between the Firm and any of them.

2.    <u>Staffing</u>

I will have primary responsibility for this engagement and will be assisted by such other lawyers, and service personnel as appropriate from time to time to provide high quality services in a cost-efficient manner. Accordingly, I will be the Partner in charge of the Firm's representation of Arch, including matters related to billing and staffing.

3.    <u>Compensation and Disbursement</u>

Our fees for chapter 11 cases are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. Currently, hourly rates for our lawyers who are likely to be working on this matter range from $325 to $910 and $295-325 per hour for our paraprofessionals working on the matter. Our hourly rates are revised periodically, and we

reserve the right to revise them from time to time during our representation of Arch. We submit periodic billing statements (generally monthly), which are due and payable upon presentation.

Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from Arch in the regular billing cycle. In some circumstances, however, such as in the case of particularly large items, we may ask you to pay these items directly or in advance.

We also want to notify you of Arch's right, under Part 137 of the Rules of the Chief Administrator of the Courts in New York, to arbitration of fee disputes as provided in that rule, a copy of which will be provided to Arch at your request.

4.    The Chapter 11 Case

If it becomes necessary for Arch to file a petition under chapter 11 of the Bankruptcy Code, our ongoing employment by Arch will be subject to the approval of the bankruptcy court with jurisdiction over the petition. If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court.

In the event of a chapter 11 filing by Arch, the Firm will take steps necessary to prepare the conflict of interest disclosure required in connection with the Firm's retention as bankruptcy counsel. The Firm will promptly initiate the process of reviewing conflict checks on potentially interested parties in key categories, as and when provided to us by Arch, including (a) Arch's directors and officers, managers and their respective business affiliations, (b) Arch's largest unsecured creditors, (c) Arch's material trade creditors and lessors, (d) parties to significant litigation with Arch, and (e) Arch's material secured creditors.

A copy of the current list of entities that will be checked in our conflict system (the "Interested Party List") will be created based upon information that you provide. We also will compile a preliminary draft of a schedule describing the Firm's relationships, if any, with certain of the entities identified on the Interested Party List in matters unrelated to Arch or its potential chapter 11 case (the "Disclosure Schedule"). We will provide you with a draft of the Disclosure Schedule after it is available. Although the Firm believes that it does not have relationships that will constitute conflicts of interest, we will describe any relevant relationships and disclose the same in Arch's application to the bankruptcy court to retain the Firm as counsel.

420 Lexington Avenue, Suite 400, New York, NY 10170
Tel: +1.646.998.5580 I Fax: +1.646.998.8284 I info@grifflegal.com I www.grifflegal.com

5.      <u>Procedures upon Termination; Return of Documents; Intellectual Property</u>

Unless previously terminated, our representation of Arch will terminate upon our sending you our final statement for services rendered in this matter. In that case, or otherwise at your request, any papers and property sent by Arch to us will be returned to you. Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by the Firm in accordance with our document retention policy. All documents retained by the Firm will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under the bar requirements, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

All intellectual property and other know-how developed by us in connection with this engagement, including subject matter expertise, whether or not preserved in written or electronic form, may be retained by us and used in connection with engagements on behalf of other clients, so long as no confidential information relating to Arch is thereby disclosed.

6.      <u>Governing Law</u>

The laws of the State of New York, without regard to conflict of law rules, shall govern the interpretation of this agreement.

Please sign and return to us the enclosed copy of this letter to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

Very truly yours,

*Scott A. Griffin*

Scott A. Griffin

You confirm that this letter accurately reflects the scope, terms and conditions with respect to this engagement.

Dated: February 2, 2024

Signature: _____

Name:      _____

Title:      _____

3

# Exhibit 2

**GRIFFIN** LLP
ATTORNEYS AT LAW

October 6, 2023

**Via Electronic Mail**

Arch Real Estate Holdings LLC
Attn: Jeffrey Simpson, Managing Partner
88 University Place, 2nd Fl.
New York, NY 10003

Re:    **Employment of Griffin LLP**

Dear Jeff:

This letter confirms our discussions concerning the scope, terms, and conditions of our engagement by you with respect to Griffin LLP commencing a case under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") on behalf of Arch Real Estate Holdings LLC and/or certain of its affiliates (collectively, "Arch"). This engagement letter addresses the preparation for filing, commencement, administration, and completion of a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Thank you for retaining Griffin LLP (the "Firm") in this engagement and for your consideration and cooperation concerning the matters covered in this letter.

1.    Limited Scope of Engagement and Client Relationship

Any new or expanded engagement beyond that described above will require our agreement. Similarly, except as expressly set forth in this letter, any representation in this engagement of any individual, person or entity other than Arch, will require our agreement. That is, our client is, and we are entering into an attorney-client relationship only with, Arch. Accordingly, please advise any other parties who express any uncertainty or different understanding, that this engagement does not include any undertaking by the Firm to represent any of them or create any attorney-client relationship between the Firm and any of them.

2.    Staffing

I will have primary responsibility for this engagement and will be assisted by such other lawyers, and service personnel as appropriate from time to time to provide high quality services in a cost-efficient manner. Accordingly, I will be the Partner in charge of the Firm's representation of Arch, including matters related to billing and staffing.

3.    Compensation and Disbursement

Arch has agreed to pay us a $100,000 retainer upon the execution of this letter (the "Retainer"). Our fees for chapter 11 cases are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such  person. Currently, hourly rates for our lawyers who are likely to be working on this matter range from $325 to $910 and $295-325 per hour for our

**GRIFFIN** LLP
ATTORNEYS AT LAW

paraprofessionals working on the matter. Our hourly rates are revised periodically, and we reserve the right to revise them from time to time during our representation of Arch. We submit periodic billing statements (generally monthly), which are due and payable upon presentation.

It has been agreed that the Retainer constitutes a "classic retainer" as defined in In re Production Associates, Ltd., 264 B.R. 180 (Bankr. N.D. Ill. 2001). As such, the Retainer will be earned by the Firm upon receipt, may be held in the Firm's general cash account, will not be held in a separate account on your behalf, and you will have no interest in the Retainer. To the extent that our hours expended, based on normal hourly rates, and expenses incurred approach the amount of the Retainer, it is agreed that you will provide us additional classic retainers (which will be Retainers as defined in this letter) for prospective services and expenses in such amount as agreed to by you and us, or the parties will agree to such other mutually acceptable arrangement or terminate the engagement. Notwithstanding the foregoing, it is agreed that the Firm will (1) at all times have a retainer in excess of the fees and expenses it has incurred on behalf of Arch (whether or not statements for such fees and expenses have been sent by the Firm to Arch), (2) have a retainer upon the commencement of any case under chapter 11 in an amount not less than $100,000, and (3) return any unused portion of the retainer at the conclusion of this engagement following the satisfaction of all the Firm's outstanding fees and expenses.

Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from Arch in the regular billing cycle. In some circumstances, however, such as in the case of particularly large items, we may ask you to pay these items directly or in advance.

We also want to notify you of Arch's right, under Part 137 of the Rules of the Chief Administrator of the Courts in New York, to arbitration of fee disputes as provided in that rule, a copy of which will be provided to Arch at your request.

4.    The Chapter 11 Case

If it becomes necessary for Arch to file a petition under chapter 11 of the Bankruptcy Code, our ongoing employment by Arch will be subject to the approval of the bankruptcy court with jurisdiction over the petition. If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court.

In the event of a chapter 11 filing by Arch, the Firm will take steps necessary to prepare the conflict of interest disclosure required in connection with the Firm's retention as bankruptcy counsel. The Firm will promptly initiate the process of reviewing conflict checks on potentially

2

**GRIFFIN** LLP
ATTORNEYS AT LAW

interested parties in key categories, as and when provided to us by Arch, including (a) Arch's directors and officers, managers and their respective business affiliations, (b) Arch's largest unsecured creditors, (c) Arch's material trade creditors and lessors, (d) parties to significant litigation with Arch, and (e) Arch's material secured creditors.

A copy of the current list of entities that will be checked in our conflict system (the "Interested Party List") will be created based upon information that you provide. We also will compile a preliminary draft of a schedule describing the Firm's relationships, if any, with certain of the entities identified on the Interested Party List in matters unrelated to Arch or its potential chapter 11 case (the "Disclosure Schedule"). We will provide you with a draft of the Disclosure Schedule after it is available. Although the Firm believes that it does not have relationships that will constitute conflicts of interest, we will describe any relevant relationships and disclose the same in Arch's application to the bankruptcy court to retain the Firm as counsel.

5.    Procedures upon Termination; Return of Documents; Intellectual Property

Unless previously terminated, our representation of Arch will terminate upon our sending you our final statement for services rendered in this matter. In that case, or otherwise at your request, any papers and property sent by Arch to us will be returned to you. Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by the Firm in accordance with our document retention policy. All documents retained by the Firm will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under the bar requirements, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

All intellectual property and other know-how developed by us in connection with this engagement, including subject matter expertise, whether or not preserved in written or electronic form, may be retained by us and used in connection with engagements on behalf of other clients, so long as no confidential information relating to Arch is thereby disclosed.

6.    Governing Law

The laws of the State of New York, without regard to conflict of law rules, shall govern the interpretation of this agreement.

Please sign and return to us the enclosed copy of this letter to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

Very truly yours,

*Scott A. Griffin*

Scott A. Griffin

3

You confirm that this letter accurately reflects the scope, terms and conditions with respect to this engagement.

Dated: October__, 2023

Signature: _____

Name: _____

Title: _____

420 Lexington Avenue, Suite 400, New York, NY 10170
Tel: +1.646.998.5580 I Fax: +1.646.998.8284 I info@grifflegal.com I www.grifflegal.com

GRIFFIN LLP

ATTORNEYS AT LAW

## **SCHEDULE A**

*Griffin LLP*
*Account No.:  4978551199*
*Citibank ABA/Routing No.:  021000089*
*SWIFT Code: CITI US 33*

# Exhibit 3

**JJ Arch LLC**
**Interested Parties**

## Debtors & Non-Debtor Affiliates

Arch Real Estate Holdings Inc.
Arch Real Estate Holdings LLC
Arch Property Holdings 4 LLC
Arch Property Holdings I LLC
9 Vandam MM JV LLC
Arch Cambridge MM LLC
NCSC MM JV LLC
NCSC JV Holdings LLC
NCSC JV LLC
Camelot MM JV LLC
Camelot Class B JV LLC
88 Arch MM LLC
88 Arch LLC
88 Tower LLC
88 Tower Member LLC
Tower Investors LLC
Tower Owner Two LLC
Myrtle Point MM Manager LLC
Myrtle Point MM JV LLC
Myrtle Point JV LLC
Ridgewood Tower Member LLC
Ridgewood Tower LLC
Midtown Oaks MM JV LLC
Midtown Oaks JV Holdings LLC
Midtown Oaks JV LLC
1351 Dekalb Condo Development LLC
Midtown Oaks JV Holding LLC
1010 Bushwick LLC
435 Central Condo Development LLC
Columbia MM JV LLC
DA Columbia 1, LLC
HAMR Holdings 2 LLC
HAMR Borrower 2 LLC
HAMR Holdings 1 LLC
HAMR Borrower 1 LLC
HAMR Holdings 3 LLC
HAMR Borrower 3 LLC
Drake Arch Columbia 1 LLC
Center Point 3 MM LLC
Center Point Owner 1 LLC
Center Point Borrower 1 LLC
Center Point Owner 2 LLC
Center Point Borrower 2 LLC
Center Point Owner 3 LLC

## Unsecured Claimants

608941 NJ Inc.
A.Y. Strauss
Geico
Intuit Inc. (QuickBooks)
State Farm Insurance Companies
Insurance Support Center – East
Verizon

## Other Interested Parties

Jared Chassen
35 Oak Holdings Ltd.
Michael Wiener
Kevin Wiener
40 Neutral LLC
Kay Properties LLC

## Outside Professionals

Wiggin and Dana LLP
Offit Kurman PA
Klestadt Winters Jureller Southard
& Stevens, LLP
Schwartz Law PLLC
Kirby Aisner & Curley LLP
Haynes Boone LLP
Westerman Ball Ederer Miller &
Sharfstein, LLP
Kaufman Borgest & Ryan LLP

## Banking Institutions

ConnectOne Bank
First Republic Bank/JP Morgan
Chase & Co.

## Taxing Authorities

United States Department of
Treasury
New York State Department of
Taxation and Finance

## U.S. Bankruptcy Court Southern

**JJ Arch LLC**
**Interested Parties**

Center Point Borrower 3 LLC
Pebble Creek MM JV LLC
Drake Arch Birmingham 1, LLC
Pebble Creek Borrower LLC
Arch Tuscaloosa MM LLC
Drake Arch Tuscaloosa 1, LLC
3504 12th Owner LLC
235 James Owner LLC
3820 1st Owner LLC
3200 N Haverhill GP LLC
3200 N Haverhill
3200 N Haverhill MM LLC
3200 N Haverhill Owner LLC
3200 N Haverhill Borrower LLC
3200 N Haverhill Owner 2 LLC
3200 N Haverhill Borrower 2 LLC
3200 N Haverhill Owner 3 LLC
3200 N Haverhill Borrower 3 LLC
Arch Nostrand LLC
1580 Nostrand LLC

**Management**

Jeffrey Simpson

**District of New York (Hon. John P.**
**Mastando III – Chambers)**

Hon. John P. Mastando III
Maria Rodriguez-Castillo
Matthew Smith
Paul Veazey

**U.S. Trustee Employees**

Linda A. Riffkin
Victor Abriano
Mark Bruh
Amanda D. Cassara
Shara Cornell
Nadkarni Joseph
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Alaba Ogunleye
Ilusion Rodriguez
Daniel Rudewicz
Andrea B. Schwartz
Paul K. Schwartzberg
Shannon Scott
Sylvester Sharp
Rachael E Siegel
Madeleine Vescovacci
Tara Tiantian
Andy Velez-Rivera
Madeleine Vescovacci
Valentina Vlasova
Annie Wells
Greg M. Zipes

**Subchapter V Trustee**

Eric Huebscher

# Exhibit 4

FILED: NEW YORK COUNTY CLERK 10/11/2023 10:54 AM
INDEX NO. 158055/2023
NYSCEF DOC. NO. 195
RECEIVED NYSCEF: 10/11/2023

24-10381-jpm    Doc 73    Filed 04/05/24    Entered 04/05/24 22:15:12    Main Document
Pg 43 of 72

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ ARCH LLC,

*Plaintiffs*,

-against-

JARED CHASSEN and FIRST REPUBLIC BANK,

*Defendants*.

Index No. 158055/2023

**SUBSTITUTION OF ATTORNEY**

The undersigned hereby consent to the substitution of GRIFFIN LLP as attorneys of record for Plaintiffs, Jeffrey Simpson, individually and derivatively, as managing member of JJ Arch LLC, suing derivatively as managing member of Arch Real Estate Holdings LLC, and JJ Arch LLC in the above-entitled action, in place and stead of the undersigned withdrawing attorneys, ADAM LEITMAN BAILEY, P.C., as of the date hereof.

**GRIFFIN LLP**
Superseding Attorneys

**ADAM LEITMAN BAILEY, P.C.**
Withdrawing Attorneys

By:  */s/ Scott A. Griffin*
　　　Scott A. Griffin, Esq.

By:  */s/ Adam Leitman Bailey*
　　　Adam Leitman Bailey, Esq.

Dated:  October 11, 2023

Dated:  October 11, 2023

Griffin LLP
420 Lexington Avenue, Suite 400
New York, New York 10170
T. (646) 998-5580
F. (646) 998-8284
sgriffin@grifflegal.com

Adam Leitman Bailey, P.C.
One Battery Park Plaza, 18th Floor
New York, New York 10004
T. (212) 825-0365
alb@alblawfirm.com

# Exhibit 5

FILED: NEW YORK COUNTY CLERK 10/12/2023 08:17 PM
NYSCEF DOC. NO. 196
INDEX NO. 158055/2023

RECEIVED NYSCEF: 10/12/2023

24-10381-jpm    Doc 73    Filed 04/05/24    Entered 04/05/24 22:15:12    Main Document
Pg 45 of 72

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ ARCH LLC,

*Plaintiffs,*

-against-

JARED CHASSEN and FIRST REPUBLIC BANK,

*Defendants.*

---

Index No. 158055/2023

**SUBSTITUTION OF ATTORNEY**

The undersigned hereby consent to the substitution of Sam P. Israel P.C. as attorneys of record for Plaintiff, Jeffrey Simpson, individually and derivatively, as managing member of JJ Arch LLC, and suing derivatively as managing member of JJ Arch LLC in the above-entitled action, in place and stead of the undersigned withdrawing attorneys, Griffin LLP, as of the date hereof.

**SAM P. ISRAEL P.C.**
Superseding Attorneys

By:  */s/ Sam P. Israel*
      Sam P. Israel, Esq.

Dated:  October 12, 2023

Sam P. Israel P.C.
32 Broadway, Suite 1114
New York, New York 10004
T. (646) 787-9880
F. (646) 787-9886
samisrael@spi-pc.com

**GRIFFIN LLP**
Withdrawing Attorneys

By:  */s/ Scott A. Griffin*
      Scott A. Griffin, Esq.

Dated: October 12, 2023

Griffin LLP
420 Lexington Avenue, Suite 400
New York, New York 10170
T. (646) 998-5580
F. (646) 998-8284
sgriffin@grifflegal.com

# Exhibit 6

At Commercial Part 3 of the Supreme
Court of the State of New York, held
in and for the County of New York, at
the courthouse located at 60 Centre
Street, New York, New York, on the
3ʳᵈ day of *November*, 2023.

PRESENT:     Hon. Joel M. Cohen
             Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – COMMERCIAL DIVISION

---

JEFFREY SIMPSON, individually and derivatively, as
managing member of JJ ARCH LLC, suing derivatively
as managing member of ARCH REAL ESTATE
HOLDINGS LLC, and JJ ARCH LLC,

                              *Plaintiff,*

             - against -

JARED CHASSEN and FIRST REPUBLIC BANK,

                              *Defendants.*

Index No.: 158055/2023

Motion Seq. No. 005

**ORDER TO SHOW CAUSE
SEEKING A TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY
INJUNCTIVE RELIEF AS
AN ALTERNATIVE TO
APPOINTMENT OF A
TEMPORARY RECEIVER
OF JJ ARCH LLC**

---

608941 NJ INC,

                              *Plaintiff,*

             - against –

JEFFREY SIMPSON, JJ ARCH LLC and ARCH REAL
ESTATE HOLDINGS LLC,

                              *Defendants,*

             and

ARCH REAL ESTATE HOLDINGS LLC,

                              *Nominal Defendant.*

---

**Page 1**

FILED: NEW YORK COUNTY CLERK 11/06/2023 12:20 PM
NYSCEF DOC. NO: 321

INDEX NO. 158055/2023
RECEIVED NYSCEF: 11/03/2023

24-10381-jpm    Doc 73    Filed 04/05/24    Entered 04/05/24 22:15:12    Main Document
Pg 48 of 72

Upon the Emergency Affirmation of Leslie C. Thorne, the Affirmations of Michael Wiener and Frank van Biesen, and the Affidavit of Dana King, each dated November 3, 2023, the concurrently filed Complaint, the exhibits thereto, the accompanying memorandum of law, and upon all prior proceedings had herein:

**ORDERED** that Defendants JEFFREY SIMPSON and JJ ARCH LLC show cause before the Honorable Joel M. Cohen at Commercial Part 3, Room 208, of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street, New York, New York, on _November 16_, 2023 at _2:30 PM_ or as soon thereafter as counsel may be heard, why an Order should not be made and entered herein, pursuant to CPLR 6301, for a preliminary injunction and temporary restraining order:

a) Commanding JEFFREY SIMPSON and JJ ARCH LLC to:

    1. Refrain from acting as managing member of Arch Real Estate Holdings LLC ("AREH"); AND

b) Ordering one of the alternatives of:

    1. Allowing Oak to act as AREH's managing member during the pendency of this suit; OR

    2. Appointing a temporary receiver for JJ Arch LLC (per Doc. No. 295); AND

c) Granting such other and further relief as this Court deems just and equitable; and it is further

**ORDERED**, that opposition papers, if any, are required to be served upon the undersigned, on or before the _10th_ day of _November_, 2023; and it is further

**ORDERED**, that reply papers, if any, are required to be served upon the undersigned, on or before the _14th_ day of _November_, 2023; and it is further

Page 2

FILED: NEW YORK COUNTY CLERK 11/06/2023 12:20 PM INDEX NO. 158055/2023

NYSCEF DOC. NO. 321 24-10381-jpm Doc 73 Filed 04/05/24 Entered 04/05/24 22:15:12 Main Document RECEIVED NYSCEF: 11/03/2023

Pg 49 of 72

**ORDERED** that the Court will ~~determine this motion and that~~ hear oral argument ~~will be heard~~ on the return date and time stated above; and it is further

**ORDERED** that pending the hearing ~~and determination~~ of this Order to Show Cause, Defendants be, and they hereby are, restrained and enjoined from acting as the managing member of AREH; and it is further

**ORDERED** that pending the hearing ~~and determination~~ of this Order to Show Cause, Oak will serve as acting managing member of AREH, owing all applicable duties to AREH and its Members and it is further

**ORDERED** that personal service of this Order and annexed affidavits upon the parties or their counsel via electronic mail (Sam Israel, admin@spi-pc.com; Scott Griffin, sgriffin@grifflegal.com; Allen Schwartz, allen@allenschwartzlaw.com; Tyler Kandel, tkandel@shermanatlas.com; Hon. John M. Leventhal (Ret.), judgeleventhal@aidalalaw.com), on or before the 6th day of November , 2023, shall be deemed good and sufficient service thereof.

ENTERED:

Hon. Joel M. Cohen J.S.C.

Dated: 11/3/23

**Page 3**

# Exhibit 7

# GRIFFIN LLP
## ATTORNEYS AT LAW

November 6, 2023

**VIA NYSCEF**

Honorable Joel M. Cohen
Supreme Court of the State of New York
New York County Commercial Division
60 Center Street, Room 570
New York, NY 10007

Re:  Simpson, *et al*. v. Chassen and First Republic Bank (Mot. Seq. No. 004)
/ 608941 NJ Inc. v.  Simpson, *et al*. (Mot. Seq. No. 005) Index No. 158055/2023

Dear Judge Cohen:

We write to obtain clarity on Your Honor's November 3, 2023 Order, granting temporary/interim emergency relief to Plaintiff 608941 NJ Inc. ("Oak") (NYSCEF Doc. No. 321) (Motion Seq. No. 005 ) (the "TRO"), pursuant to which, *inter alia* the Court "ordered that pending the hearing of this Order to Show Cause, Oak will serve as acting managing member of AREH, owing all applicable duties to AREH and its members."

It is our understanding that the relief granted in conjunction with the TRO was solely for the purpose of providing Oak with management of the day-to-day operations of Arch Real Estate Holdings LLC ("AREH") pending final resolution of the relief requested by Oak in its Order to Show Cause (NYSCEF Doc. Nos. 296-318) (Motion Seq. No. 005) (the "November 3rd OSC"), but not intended to impact the litigation positions/rights of the litigants or their respective counsel. Oak has taken the position that, as part of the relief granted under the TRO, Griffin LLP, as counsel to AREH, is now required to (i) report to Oak in its new role as acting Managing Member of AREH (a Defendant in the November 3rd OSC), or (ii) withdraw as counsel for AREH.  *See* **Exhibit A**. We, however, do not believe that this was Your Honor's intent.

As Your Honor may appreciate, the disclosure of communications and attorney-client work product to Oak could very likely have the impact of irreversibly prejudicing any rights, claims and/or causes of action that AREH may subsequently have against Oak if it is later determined that the Court's grant of "Managing Member" status to Oak was improper under Section 7.1.4. of AREH's Limited Liability Company Operating Agreement.

Given the truncated briefing schedule set for the parties in connection with the November 3rd OSC, we respectfully request a brief conference with Chambers and the parties for clarity regarding the relief granted under the TRO.  We are available to have the requested conference at Your Honor's earliest convenience.

Respectfully submitted,

*Scott A. Griffin*

Scott A. Griffin

cc: Counsel of Record

2

Exhibit A

**From:** Kevin Wiener <kwiener@35oak.com>
**Subject: FW: AREH Legal Representation**
**Date:** November 6, 2023 at 11:23:48 AM EST
**To:** "sgriffin@grifflegal.com" <sgriffin@grifflegal.com>
**Cc:** Michael Wiener <MWiener@35OAK.com>

Hi Scott,

I haven't heard from you regarding the below.

Given AREH has a court deadline this week I need to know whether you intend to remain as counsel or not and, if so, we need to discuss the response.

If you will be withdrawing I also need to know asap so we can retain new counsel immediately.

Thanks,

Kevin


Sent from my Galaxy

-------- Original message --------
From: Kevin Wiener <kwiener@35oak.com>
Date: 2023-11-03 7:09 p.m. (GMT-05:00)
To: dscharf@morrisoncohen.com, sgriffin@grifflegal.com, gpollack@morrisoncohen.com, rmastro@kslaw.com, bashin@kslaw.com, jkrukas@qmlegal.com, rmandel@bbgllp.com, lhaber@agmblaw.com
Cc: Michael Wiener <MWiener@35oak.com>
Subject: AREH Legal Representation

Hello,

I'm reaching out because your firms are currently acting for Arch Real Estate Holdings LLC ("AREH") or one of its subsidiaries.

We haven't had the chance to meet. I'm Kevin Wiener. Along with my brother, Mike, we are the principals of 35 Oak Holdings Ltd, and its wholly-owned subsidiary, 608941 NJ Inc ("Oak").

Pursuant to the attached New York Supreme Court order, Oak has been appointed as acting managing member of Arch Real Estate Holdings LLC ("AREH"), and through AREH acts as manager of all of its subsidiaries. Mike and I will be exercising management rights over AREH on behalf of Oak.

While I've had the chance to speak with some of you, others I haven't yet had the pleasure.

For the period of time that AREH is under its new management structure, I will be spearheading all legal strategy and instructions on all ongoing legal files. If you are dealing with anyone else at AREH, please copy me on all correspondence. For greater clarity, the principals of JJ Arch (Jeffrey Simpson and Jared Chassen) are no longer acting in a management capacity at AREH and are not presently authorized to give new legal instructions on behalf of AREH or a subsidiary. Please reach out to me before sending them any communications on behalf of AREH or a subsidiary.

I would like to set up a time with someone from each of your firms next week (ideally Monday if possible) to go over all ongoing legal matters where your firm is retained and the status of those matters. I would appreciate if you could send me a reply advising who at your firm I should primarily deal with to schedule this call (no need to reply all; I don't want to clutter everyone's inboxes with emails from other firms).

Please also let me know if there is any time-sensitive legal work that is being done this week. If at all possible, I would ask none of the firms to incur legal expenses over the weekend until I have a chance to have our call and understand what work is being done. If there is anything particularly time sensitive that needs to be worked on over the weekend, please let me know ASAP.

If any of you ever need to reach out to me directly, my cell number is (416) 618-3615 and I'm very responsive to email.

Thanks, have a great weekend, and I look forward to working with you.

Best regards,

Kevin



November 6, 2023

**VIA NYSCEF**

Honorable Joel M. Cohen
Supreme Court of the State of New York
New York County Commercial Division
60 Center Street, Room 570
New York, NY 10007

Re: **Simpson, *et al*. v. Chassen and First Republic Bank (Mot. Seq. No. 004)
/ 608941 NJ Inc. v. Simpson, *et al*. (Mot. Seq. No. 005) Index No. 158055/2023**

Dear Judge Cohen:

We write to obtain clarity on Your Honor's November 3, 2023 Order, granting temporary/interim emergency relief to Plaintiff 608941 NJ Inc. ("Oak") (NYSCEF Doc. No. 321) (Motion Seq. No. 005 ) (the "TRO"), pursuant to which, *inter alia* the Court "ordered that pending the hearing of this Order to Show Cause, Oak will serve as acting managing member of AREH, owing all applicable duties to AREH and its members."

It is our understanding that the relief granted in conjunction with the TRO was solely for the purpose of providing Oak with management of the day-to-day operations of Arch Real Estate Holdings LLC ("AREH") pending final resolution of the relief requested by Oak in its Order to Show Cause (NYSCEF Doc. Nos. 296-318) (Motion Seq. No. 005) (the "November 3rd OSC"), but not intended to impact the litigation positions/rights of the litigants or their respective counsel. Oak has taken the position that, as part of the relief granted under the TRO, Griffin LLP, as counsel to AREH, is now required to (i) report to Oak in its new role as acting Managing Member of AREH (a Defendant in the November 3rd OSC), or (ii) withdraw as counsel for AREH. *See* **Exhibit A**. We, however, do not believe that this was Your Honor's intent.

As Your Honor may appreciate, the disclosure of communications and attorney-client work product to Oak could very likely have the impact of irreversibly prejudicing any rights, claims and/or causes of action that AREH may subsequently have against Oak if it is later determined that the Court's grant of "Managing Member" status to Oak was improper under Section 7.1.4. of AREH's Limited Liability Company Operating Agreement.

420 Lexington Avenue, Suite 400, New York, NY 10170
Tel: +1.646.998.5580 I Fax: +1.646.998.8284 I info@grifflegal.com I www.grifflegal.com

Given the truncated briefing schedule set for the parties in connection with the November 3rd OSC, we respectfully request a brief conference with Chambers and the parties for clarity regarding the relief granted under the TRO. We are available to have the requested conference at Your Honor's earliest convenience.

Respectfully submitted,

*Scott A. Griffin*

Scott A. Griffin

cc: Counsel of Record

---

The TRO (NYSCEF 321) provides that "pending the hearing … Oak will serve as acting managing member of AREH, owing all applicable duties to AREH and its Members." The TRO does not limit Oak to directing "day-to-day operations," as suggested by AREH's counsel (NYSCEF 322). Counsel for AREH represents the entity, not the former (or current) Managing Member. Thus, there is no reason why counsel should treat Oak any differently than it treated JJ Member – that is, as the Managing Member of its client. If that is not workable (ethically or practically) given counsel's relationship with JJ Member or its members, counsel may withdraw or AREH can change counsel. Nevertheless, given the unusual circumstances, Oak and its counsel may not use this temporary appointment as an opportunity to review confidential communications between Mr. Simpson/JJ Member and AREH's current counsel.

IT IS SO ORDERED:

Hon. Joel M. Cohen, J.S.C.

DATED: 11/8/23

---

2

420 Lexington Avenue, Suite 400, New York, NY 10170
Tel: 646-998-5580 I Fax: 646-998-8284 I info@grifflegal.com  I www.grifflegal.com

# Exhibit 8

-------- Original message --------
From: Scott Griffin <sgriffin@grifflegal.com>
Date: 2023-11-08 5:16 p.m. (GMT-05:00)
To: Kevin Wiener <kwiener@35oak.com>
Cc: Michael Wiener <MWiener@35OAK.com>
Subject: Re: AREH Legal Representation

**EXTERNAL**

[EXTERNAL EMAIL]

Kevin:

Given Judge Cohen's November 3rd Order (including his recent clarification) and Griffin LLP's representation of Arch Real Estate Holdings LLC ("AREH") in litigation that has been directly adversarial to 60891 NJ Inc. ("Oak") (AREH's current "acting managing member"), and the potential for AREH to be adverse to Oak in the future (in the event of (i) a successful appeal of Judge Cohen's various interim orders in the litigation under Index No. 158055/2023 (Motion Seq. No. 0004 and Sequence No. 005) or (ii) a ruling by Judge Cohen adverse to Oak in that litigation ), I do not believe under the New York Rules of Professional Conduct Griffin LLP can continue its representation of AREH.  I refer you to Rules 1.16(b)(1), 1.6(a) and 1.7(a)(1) of the New York Rules of Professional Conduct.

I am happy to discuss a transition of the engagement (including files of a non-confidential nature) to the counsel of your selection.

Please let me know how you would like to proceed - substitution of counsel or Griffin LLP filing a motion to withdraw.

Best,

Scott


# GRIFFIN

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863

Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com

# Exhibit 9

From: Kevin Wiener <kwiener@35oak.com>
Subject: RE: GRIFFIN LLP: Invoice for October 23-29 and October 30 - November 5
Date: November 30, 2023 at 12:02:42 PM EST
To: Scott Griffin <sgriffin@grifflegal.com>
Cc: Leslie Ulerio <lulerio@grifflegal.com>, Michael Wiener <MWiener@35OAK.com>

Hi Scott,

AREH declines to pay your bill.  You should not assume AREH has no objections to your bill. AREH will not respond to further emails regarding your invoices and thus you should not infer that any failure to respond to future inquiries signifies AREH's non-objection. AREH reserves all rights and claims.

Regards,

Kevin

Sent from my Galaxy


-------- Original message --------
From: Scott Griffin <sgriffin@grifflegal.com>
Date: 2023-11-30 11:42 a.m. (GMT-05:00)
To: Kevin Wiener <kwiener@35oak.com>
Cc: Leslie Ulerio <lulerio@grifflegal.com>, Michael Wiener <MWiener@35OAK.com>
Subject: Re: GRIFFIN LLP: Invoice for October 23-29 and October 30 - November 5

**EXTERNAL**

[EXTERNAL EMAIL]

Hi Kevin:

Hope all is well.  Did you have any questions regarding the attached invoices?

Best,

Scott

# GRIFFIN

Scott A. Griffin I Partner
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5575
Mobile: +1.917.975.4863
Fax:  +1.646.998.5574
sgriffin@grifflegal.com I www.grifflegal.com


On Nov 27, 2023, at 3:06 PM, Leslie Ulerio <lulerio@grifflegal.com> wrote:

Dear Mr. Weiner:

Please find attached our invoice for October 23, 2023 to October 29, 2023 and
October 30, 2023 to November 5, 2023. Should you have any questions, please
do not hesitate to contact us

Kind regards,
Leslie Ulerio

# GRIFFIN

Leslie N. Ulerio I Paralegal/Office Manager
**Griffin LLP**
420 Lexington Avenue, Suite 400
New York, NY 10170
Office: +1.646.998.5574
Fax:  +1.646.998.8284
lulerio@grifflegal.com I www.grifflegal.com

# Exhibit B

**GRIFFIN LLP**

420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Scott A. Griffin

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                       :

In re:                               :     Chapter 11
                                  :     (Subchapter V)

JJ ARCH LLC,               :
                                  :     Case No. 24-10381 (JPM)

                      Debtor.[1]     :
                                  :
------------------------------------------------------------X

*LAR DAN* **DECLARATION OF THOMAS MUNDT IN
SUPPORT OF THE DEBTOR'S APPLICATION FOR ENTRY
OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 329 OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016,
AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING
THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN LLP, AS GENERAL
BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

        Under 28 U.S.C. § 1746, I, Thomas Mundt, declare that the following is true to

the best of my knowledge, information, and belief:

        1.     I am Thomas Mundt, Senior Claims Attorney of Great American Insurance

Company ("Great American").

---

[1]  The last four digits of the Debtor's federal tax identification number are 4251.

2.      I am familiar with the facts stated in, and make this declaration in support of, the Debtor's Application to Employ and Retain Griffin LLP, as General Bankruptcy Counsel, *Nunc Pro Tunc* to the Petition Date.

3.      To the best of my knowledge, Griffin LLP (the "Firm") and its respective employees have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective professionals.

4.      Prior to the Petition Date,[2]  Great American issued a director and officer insurance policy to AREH (the "Policy"), a subsidiary and affiliate of the Debtor.  Under the Policy, Great American has (a) funded a portion of an unpaid receivable in the amount of $76,598.00 (the "Receivable") that AREH owed the Firm prior to the Petition Date[3] and (b) paid the Firm $31,542.00 for the commencement and prosecution of the Chapter 11 Case for a global restructuring of the Debtor and certain of its affiliates.

5.      I have been advised that the Debtor expressly consents to Great American's funding of the Chapter 11 Case and the payment of Receivable.

6.      Great American determined to provide chapter 11 funding to the Debtor in order to mitigate against any claims against the Policy.  In addition, the Debtor lacks the funding to pay for the commencement and prosecution of the Chapter 11 Case.

7.      Great American is represented by Kaufman Borgeest & Ryan LLP ("KBR").  KBR has filed a notice of appearance in the Chapter 11 Case.

---

[2]  The Firm was originally retained on October 6, 2023, to represent Arch Real Estate Holdings LLC ("AREH"). .

[3]     On  February 2, 2024, Jeffrey Simpson ("Simpson"), the Debtor's managing member, paid Griffin LLP $76,598.00 on account of the Outstanding Invoice Amounts. Great American has reimbursed Mr. Simpson that amount.

8.    Great American understands that, while it paid Griffin LLP for the commencement and prosecution of the Chapter 11 Case, the Firm will not be representing Great American or Simpson in the Chapter 11 Case, and consents to the Debtor's retention of Griffin LLP as Debtor's bankruptcy counsel.

9.    Great American understands that Griffin LLP has a duty of undivided loyalty owed exclusively to the Debtor, as a debtor in possession, and its estate, and that such duties do not run to Great American or Simpson in any way, shape or form.

10.    Great American further acknowledges that to the extent that the interests of the Debtor, on the one hand, diverge from the interests of Great American and Simpson, on the other hand, Griffin LLP shall represent the interests of the Debtor only, and not represent the interests of Great American or Simpson.  To the extent Griffin LLP must represent or advise the Debtor in ways that may be contrary to the interests of Great American and/or Simpson, or adverse to such interests, including any contested matters or adversary proceedings, Great American acknowledges and agrees that Griffin LLP may represent and advise the Debtor, and appear in Court as counsel for any such matters.

11.    As noted, Great American has retained KBR, which is independent from Griffin LLP, to advise Great American with respect to any matters that might arise in the Chapter 11 Case concerning Great American, including review and execution of this Declaration.

12.    Griffin LLP has never been counsel to Great American and Griffin LLP has advised the Debtor that it shall not be Great American or Simpson's counsel in connection with the Declaration, the Chapter 11 Case or any other matter.

13.    Great American further understands that Griffin LLP owes no duty to Great American or Simpson.

14.     The foregoing describes all aspects of the arrangements relating to payment of the Receivable and funding of the Chapter 11 Case.  Great American is not aware of any facts with respect to these arrangements that might be relevant to any potential conflict of interest of Griffin LLP or in any compromise of the Firm's respective duties of undivided loyalty to the Debtor.

15.     Great American has been advised by KBR that if any facts should arise, or that Great American becomes aware of, which might indicate that a conflict of interest exists or potentially exists relating to Great American, Simpson or the Firm, or that might in any way compromise the Firm's respective duty of undivided loyalty to the Debtor, notwithstanding the facts disclosed and acknowledgments in this Declaration, I will consult with KBR in connection with this matter for guidance and advice regarding further disclosures to the Court and make all additional disclosures that may be necessary or appropriate.

16.     To the best of my knowledge, there are no other facts which would otherwise cause Griffin LLP not to be a disinterested party, or to have an actual conflict, or impermissible potential for conflict of interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
           April 5, 2024
                                        /s/ Thomas Mundt

# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 11
                                                               :    (Subchapter V)
JJ ARCH LLC,                                                   :
                                                               :    Case No. 24-10381 (JPM)
                               Debtor.[1]                      :
                                                               :
---------------------------------------------------------------X

## ORDER PURSUANT TO SECTIONS 327(a) AND 328
## OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014
## AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1
## AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN LLP, AS
## GENERAL BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the debtor for an order pursuant to sections

327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local

Bankruptcy Rules 2014-1 and 2016-1 authorizing the Debtor to employ and retain Griffin LLP,

as general bankruptcy counsel *nunc pro tunc* to the Petition Date; upon the Griffin Declaration

and the Lar Dan Declaration; and the Court having reviewed the Application, the Griffin

Declaration, and the Lar Dan Declaration; and the Court being satisfied with the representations

made in the Application, the Griffin Declaration and the Lar Dan Declaration, that Griffin LLP

represents no interest adverse to the Debtor or its estate respecting the matters upon which it is to

be engaged, that it is a "disinterested person" as that term is defined under section 101(14) of the

Bankruptcy Code, and that its employment is necessary; and sufficient notice of the Application

having been given; and it appearing that no other or further notice need be provided; and no

objections to the relief requested in the Application having been filed; and it appearing that the

---

[1]    The last four digits of the Debtor's federal tax identification number are 4251.

[2]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the
       Application.

relief requested in the Application is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.        The Application is **GRANTED** to the extent provided herein.

2.        Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtor is authorized to retain and employ Griffin LLP, as general bankruptcy counsel, effective *nunc pro tunc* to the Petition Date, in accordance with the Application and this Order, to perform the services described in the Application.

3.        Griffin LLP shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and any orders entered in this Chapter 11 Case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4.        Griffin LLP shall provide notice of any rate increases by notifying the Debtor and filing a notice with the Court. The Debtor, the United States Trustee, the Subchapter V Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.        The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of this Application.

6.        The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
       New York, New York

                                                    **_____**
                                                    Honorable John P. Mastando III
                                                    United States Bankruptcy Judge