**BRADFORD EDWARDS LLP**
12 East 49th Street, 11th Floor
New York, New York 10017
917.671.9407
Denver G. Edwards

*Attorneys for JPMorgan Chase Bank, N.A.,*
*as Purchaser of Certain Assets and Assumed*
*Liabilities of First Republic Bank From the*
*Federal Deposit Insurance Corporation, as Receiver*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| JJ ARCH LLC, | Case No. 24-10381-JPM |
| Debtor. | |

**OPPOSITION OF JPMORGAN CHASE BANK, N.A., AS PURCHASER OF CERTAIN ASSETS AND ASSUMED LIABILITIES OF FIRST REPUBLIC BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, TO DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

RELEVANT FACTUAL BACKGROUND ..................................................................................... 3

ARGUMENT ..................................................................................................................................... 4

    I.    CHASE HAS NOT VIOLATED THE AUTOMATIC STAY BECAUSE IT DOES NOT "EXERCISE CONTROL" OVER ESTATE PROPERTY ................................................. 5

    II.    CHASE HAS NOT VIOLATED THE AUTOMATIC STAY BECAUSE IT HAS NOT ENFORCED A JUDGMENT AGAINST THE DEBTOR OR AGAINST PROPERTY OF THE ESTATE ................................................................................................................ 7

    III.    IF THE COURT GRANTS CHASSEN'S MOTION TO DISMISS, IT MUST ALSO DENY DEBTOR'S MOTION AGAINST THE BANK ..................................................... 7

        A.    Chassen's Motion to Dismiss Could Moot the Contempt Motion ............................. 7

        B.    If the Court Finds that Debtor Filed the Petition in Bad Faith, it Should Award Chase Its Reasonable Attorney's Fees and Costs ................................................................ 8

    IV.    EVEN IF THE COURT WERE TO FIND THAT CHASE VIOLATED THE STAY, CONTEMPT IS NOT APPROPRIATE ........................................................................... 9

CONCLUSION ................................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Cases

*Citizens Bank of Maryland v. Strumpf*,
   516 U.S. 16 (1995) ................................................................................................. 7, 8, 13, 14

*City of Chicago, Illinois v. Fulton*,
   141 S. Ct. 585 (2021) ..................................................................................................... 6, 13

*E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*,
   157 F.3d 169 (2d Cir. 1998) ................................................................................................ 10

*In re Arcapita Bank B.S.C.(c)*,
   648 B.R. 489 (Bankr. S.D.N.Y. 2023) ..................................................................... 12, 13, 14

*In re Chateaugay Corp.*,
   920 F.2d 183 (2d Cir. 1990) ................................................................................................ 12

*In re Cohoes Indus. Terminal, Inc.*,
   931 F.2d 222 (2d Cir. 1991) ................................................................................................ 12

*In re DiBattista*,
   615 B.R. 31 (S.D.N.Y. 2020) ............................................................................................... 13

*In re Kornhauser*,
   184 B.R. 425 (Bankr. S.D.N.Y. 1995) ................................................................................. 9

*In re MacInnis*,
   235 B.R. 255 (S.D.N.Y. 1998) ............................................................................................. 9

*In re Masterwear Corp.*,
   229 B.R. 301 (Bankr. S.D.N.Y. 1999) ................................................................................. 8

*In re Residential Cap., LLC*,
   571 B.R. 581 (Bankr. S.D.N.Y. 2017) ............................................................................... 12

*In re Spectee Grp., Inc.*,
   185 B.R. 146 (Bankr. S.D.N.Y. 1995) ................................................................................. 11

*In re Thomas*,
   639 B.R. 285 (Bankr. S.D.N.Y. 2022) ................................................................................. 10

*In re Valid Value Properties, LLC*,
   2017 WL 123751 (Bankr. S.D.N.Y. Jan. 5, 2017) ............................................................... 10

*Taggart v. Lorenzen*,
   139 S. Ct. 1795 (2019) ................................................................................................ 13, 14

**Statutes**

11 U.S.C. § 105(a) ................................................................................................................. 1, 12

11 U.S.C. § 305(a) ...................................................................................................................... 9

11 U.S.C. § 362(a) ...................................................................................................................... 1

11 U.S.C. § 362(a)(2) ......................................................................................................... passim

11 U.S.C. § 362(a)(3) ........................................................................................................ 6, 7, 8

11 U.S.C. § 362(d)(1) ................................................................................................................. 9

11 U.S.C. § 362(d)(2) ............................................................................................................... 10

28 U.S.C. § 1927 ....................................................................................................................... 11

**Rules**

Fed. R. Civ. P. 9011 .................................................................................................................. 11

JPMorgan Chase Bank, N.A., as purchaser of certain assets and assumed liabilities of First Republic Bank from the Federal Deposit Insurance Corporation, as Receiver (**"Chase"**), by and through its undersigned counsel, hereby files this opposition to Debtor's Motion Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code for an Order (I) Enforcing the Automatic Stay Against First Republic Bank and (II) for Sanctions for Such Violations (DE 54; the **"Motion"**) and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The bankruptcy petition (the **"Petition"**) appears to have been filed as the latest salvo in a dispute between Jeffrey Simpson (**"Simpson"**) (the party behind the filing of the Petition) and Jared Chassen (**"Chassen"**) for control of the debtor, JJ Arch LLC (the **"Debtor"**), and its assets.

2. As recited at length in Chassen's pending Motion to Dismiss the Petition (DE 4), this dispute has played out in a pending litigation in New York State Supreme Court. *See Simpson v. Chassen*, No. 158055/2023 (Sup. Ct. NY County) (the **"NY Action"**). In the Motion to Dismiss, Chassen asserts that the Petition was filed in bad faith and raises serious allegations of misconduct by Simpson and his attorney, including allegations of (i) criminal contempt due to violations of court orders issued in the NY Action, (ii) perjury in connection with the Petition, and (iii) breach of the Debtor's operating agreement in filing the Petition. Chassen's Motion to Dismiss further alleges that Simpson has been "actively looting [Debtor] of its funds." DE 12 at ¶ 9.

3. Notwithstanding these allegations, the pending Motion to Dismiss, and the lack of a cash management order directing Chase to open a debtor-in-possession account or otherwise seeking guidance from the Court as to how such an account should be established, Debtor's counsel has repeatedly demanded that Chase turn over to Debtor the assets held in a certain deposit account

- 1 -

maintained at Chase, Account No. xxxxxxx5359 (the **"Account"**), and open a new account at Chase in the name of the purported debtor-in-possession. If Chase accedes to the Debtor's demand it will effectively be taking a position, without court guidance, regarding the proper owner of the Account which is subject to a pending litigation. Maintaining the status quo regarding the Account until the court resolves the propriety of the bankruptcy filing is a better course in this instance.

4. Debtor contends that Chase's refusal to turn over the Account violates the automatic stay, and Debtor seeks sanctions against Chase for the purported violation of the stay. For the following reasons, Debtor's Motion should be denied.

5. First, Chase's refusal to immediately heed the demands of Debtor's counsel and turn over the funds in the Account to him is not a violation of the automatic stay because, under Supreme Court precedent, Chase has not "exercised control" over the funds in the Account.

6. Second, contrary to the Debtor's assertions, Chase has not sought to enforce a judgment against the debtor or against property of the estate.

7. Third, even if the Court is not inclined to find that Chase has not violated the automatic stay (which it has not), it should wait to decide the instant Motion until after it has decided Chassen's pending Motion to Dismiss (DE 4). In the event that the Court finds that Debtor filed the Petition in bad faith and therefore grants the Motion to Dismiss, any automatic stay that may have otherwise applied should be annulled *nunc pro tunc*. Accordingly, any decision regarding whether Chase violated the automatic stay should wait until after the Motion to Dismiss has been decided, since that motion may very well moot the instant Motion should this Court find that the Petition was filed in bad faith.

8. Finally, even if the Court denies Chassen's Motion to Dismiss and finds that Chase violated the automatic stay (which it has not), a finding of contempt would not be appropriate

because, in light of applicable Supreme Court precedent, there is, at a minimum a "fair ground of doubt" as to the alleged wrongfulness of Chase's conduct.

## RELEVANT FACTUAL BACKGROUND

9. On March 7, 2024, Simpson caused the Petition to be filed on behalf of the Debtor.

10. On March 13, 2024, Scott Griffin, Esq. (**"Griffin"**), the proposed counsel for the Debtor, emailed Chase's counsel asking him to "[p]lease advise as to whether your client would be amenable to the Debtor closing its existing account and opening a new Debtor-in-Possession account or your client designating the Debtor's existing account as a Debtor-in-Possession Account." DE 54 at 28.

11. On March 13, 2024, Chase's counsel responded to Griffin's email stating that he would discuss the matter with the client, but notified Griffin that his contact at Chase was out of the office that week. *Id.* at 32.

12. The next day, on March 14, 2024, Chassen filed a motion to dismiss the Petition (DE 4), asserting, *inter alia*, that Simpson did not have authority to cause the filing of the Petition, either under the Debtor's operating agreement or pursuant to certain orders entered in the NY Action. Chassen also alleged that the Petition contained perjurious statements.

13. On March 20, 2024, Griffin emailed Chase's counsel asking for an update. DE 54 at 32.

14. On the same date, Chase's counsel responded as follows:

As we discussed last week, JJ Arch accounts maintained at First Republic Bank (the "Bank") are subject to pending Court Order. To the extent that the Debtor is required to take action with regard to the accounts in connection with the bankruptcy proceeding, we leave it to the Debtor to determine how best to pursue such action. The Bank is unable to comply with either of your requests below [*i.e.*, to close the Account and to open a new, debtor-in-possession account].

*Id.* at 31.

- 3 -

15.     In response, Griffin requested that Chase's counsel "send [him] the order on which you are relying." *Id.* at 36.

16.     On March 21, 2024, Griffin sent another email to Chase's counsel, with a copy to United States Trustee Brian Masumoto and Simpson, which attached a letter also dated March 21, 2024. *See id.* at 38-40. In the letter, Griffin demanded that Chase confirm by no later than close of business that same day that Chase "intends to comply with the Bankruptcy Code and permit the debtor to fulfill its obligations under the UST Guidelines." *Id.* at 40.

17.     On March 21, 2024, Chase's counsel attempted to send Griffin a copy of a certain order entered in the NY Action but did not have the correct email address. The email was forwarded the next morning. *Id.* at 44.

18.     On March 22, 2024, Griffin sent several emails questioning the applicability of the order in the NY Action because it did not list the Account as one of the accounts subject to a certain interlocutory injunction. *Id.* at 42-43.

19.     On March 22, 2024, Griffin again demanded that Chase advise by the close of business that day whether it "intends to comply with Section 362 of the Bankruptcy Code as it relates to property of the JJ Arch estate – namely [the Account]." *Id.* at 47.

20.     Chase declined to accede to the Debtor's demands to close the Account and/or open a new debtor-in-possession account.

21.     On March 28, 2024, Debtor filed the Motion.

## ARGUMENT

22.     The Debtor contends that Chase's refusal to accede to its demands to turn over the Account violates (i) 11 U.S.C. § 362(a)(2), which stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under

- 4 -

this title," and (ii) 11 U.S.C. § 362(a)(3), which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." DE 54 at ¶ 20. The Debtor seeks to enforce the automatic stay against Chase and seeks an award of sanctions against Chase for its purported violations of the stay.

23. As set forth below, Chase's actions did not violate the automatic stay because (i) its actions did not constitute the "exercise [of] control over property of the estate"; and (ii) Chase has not attempted to enforce a judgment against the Debtor or against property of the estate. The Motion should therefore be denied in its entirety.

**I.** **CHASE HAS NOT VIOLATED THE AUTOMATIC STAY BECAUSE IT DOES NOT "EXERCISE CONTROL" OVER ESTATE PROPERTY**

24. Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to *exercise control over property of the estate.*" (emphasis added). The Supreme Court interpreted this language in *City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 590 (2021), and held that it "suggests that merely retaining possession of estate property does not violate the automatic stay. Under [§ 362(a)(3)], the filing of a bankruptcy petition operates as a 'stay' of 'any act' to 'exercise control' over the property of the estate. Taken together, the most natural reading of these terms—'stay,' 'act,' and 'exercise control' —is that § 362(a)(3) prohibits *affirmative acts that would disturb the status quo of estate property* as of the time when the bankruptcy petition was filed." *Id.* (emphasis added).

25. The Court concluded that "mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." *Id.* at 592.

26. Chase's refusal to close the Account and open a new debtor-in-possession account is not an "affirmative act" that "disturb[s] the status quo of estate property." *Id.* at 590. At most,

- 5 -

it is the "mere retention of estate property," and therefore does not violate the automatic stay. *Id.* at 592.

27. The fact that Chase's inaction does not violate § 362(a)(3) is confirmed by the Supreme Court's decision in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 20 (1995). In *Strumpf*, the bank at which the debtor held an account placed an administrative hold on a portion of the account. In holding that the bank's actions did not constitute a violation of § 362(a)(3), the Supreme Court first noted that a bank account does not "consist[] of money belonging to the depositor and held by the bank," but rather "consists of nothing more or less than a promise to pay, from the bank to the depositor." *Id.* at 21. The Court concluded that the bank's "temporary refusal to pay" was not "an exercising of control over" the account, "but merely a refusal to perform its promise." *Id.*

28. Similarly, in *In re Masterwear Corp.*, 229 B.R. 301, 310 (Bankr. S.D.N.Y. 1999) (internal citations omitted), this Court recognized that "[u]nder New York law, a bank and its depositor stand in a debtor-creditor relationship that is contractual in nature. The bank owns the deposit, the depositor has a claim to payment against the bank, and the bank has a corresponding obligation to pay its depositor." Relying on *Strumpf*, the *Masterwear* court concluded that "a bank's temporary freeze of an account, without more, is 'neither a taking of possession of the depositor's property nor an exercising of control over it.'" *Id.*, quoting *Strumpf*, 516 U.S. at 21.

29. Similarly, here, the Account does not "consist[] of money belonging to the depositor and held by the bank," but rather "consists of nothing more or less than a promise to pay, from the bank to the depositor." *Strumpf*, 516 U.S. at 21. Chase's "temporary refusal" to turn over the funds in Account to Debtor's counsel is, at most, a temporary "refusal to perform its promise" and not a violation of § 362(a)(3). *Id.*

II. **CHASE HAS NOT VIOLATED THE AUTOMATIC STAY BECAUSE IT HAS NOT ENFORCED A JUDGMENT AGAINST THE DEBTOR OR AGAINST PROPERTY OF THE ESTATE**

30. The Debtor also contends that Chase has violated 11 U.S.C. § 362(a)(2), which prohibits "the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." *See* Motion ¶¶ 19, 20.

31. The Motion does not explain what "judgment" Chase has purportedly attempted to "enforce[] against the debtor or against property of the estate." To the extent that Debtor is referring to the Order in the NY Action attached as Exhibit B to the Motion, *see* DE 54 at 15-23, the argument fails.

32. Chase has not "enforced" the Order in the NY Action against Debtor. To the contrary, as shown in the email correspondence submitted by Debtor, counsel for Chase acknowledged that the Account was not one of the accounts listed in the appendix to the Order and therefore was not subject to the Order.

33. Chase therefore has not violated § 362(a)(2), and Debtor fails to demonstrate otherwise.

III. **IF THE COURT GRANTS CHASSEN'S MOTION TO DISMISS, IT MUST ALSO DENY DEBTOR'S MOTION AGAINST THE BANK**

   A. **Chassen's Motion to Dismiss Could Moot the Contempt Motion**

34. It is well settled that a debtor's bad faith filing, for the purpose of affecting the outcome of legal proceedings in another court rather than with a bona fide expectation of reorganization, constitutes grounds for abstention or dismissal under section 305(a) of Bankruptcy Code, as well as grounds for annulment of the automatic stay under Section 362(d)(1). *See, e.g., In re Kornhauser*, 184 B.R. 425, 429 (Bankr. S.D.N.Y. 1995) (annulling automatic stay *nunc pro tunc* pursuant to § 362(d)(1) based on finding that petition was filed in bad faith); *In re MacInnis*,

235 B.R. 255, 259 (S.D.N.Y. 1998) (reversing bankruptcy court's order declining to lift the automatic stay and declining to dismiss the petition, stating that it is "well established that a debtor's lack of good faith in filing a petition for bankruptcy constitutes sufficient 'cause' to lift the stay"); *In re Valid Value Properties, LLC*, 2017 WL 123751, at *9 (Bankr. S.D.N.Y. Jan. 5, 2017) (finding that filing of petition was in bad faith and an abuse of the judicial process and granting motion to dismiss and motion to lift the stay *nunc pro tunc* to the petition date); *In re Thomas*, 639 B.R. 285, 292-93 (Bankr. S.D.N.Y. 2022) (based on a finding of a bad faith filing by the debtor, annulling *nunc pro tunc* "any stay that may be in effect or was in effect at any time during the pendency of this bankruptcy case" in order to ensure that prior foreclosure sale was "not invalidated or affected in any way whatsoever by this bankruptcy case").

35. Here, the Motion to enforce the automatic stay would be mooted by a dismissal of the Petition. *See E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (an order pursuant to § 362(d)(2) annulling a stay has "a retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio*").

36. For the foregoing reasons, if the Court is not inclined to deny the Motion on the grounds that Chase did not violate the automatic stay, the Court should reserve judgment pending its decision on Chassen's Motion to Dismiss.

### B. If the Court Finds that Debtor Filed the Petition in Bad Faith, it Should Award Chase Its Reasonable Attorney's Fees and Costs

37. Pursuant to Rule 9011, this Court has the authority to impose sanctions upon a party and/or its counsel for the filing of papers that are frivolous and/or filed in bad faith.

38. The Motion is premised on the Petition filed by Simpson and signed by Debtor's counsel. Thus, if the Court finds that the Petition was filed in bad faith, the Court should, by

extension, also find that Debtor filed the Motion in bad faith. In such case, the Court should sanction Debtor, Simpson and/or Debtor's counsel in the form of legal fees and costs that Chase "incurred attributable to investigating, researching and fighting" the Debtor's meritless and bad faith motion. *See In re Spectee Grp., Inc.*, 185 B.R. 146, 163 (Bankr. S.D.N.Y. 1995) (awarding attorney's fees as sanctions against Debtor, its president and its counsel, with such awarding being "joint and several because [debtor's president] and [debtor's counsel] colluded").[1]

39. The Court also has the authority to award sanctions against Debtor's counsel under 28 U.S.C. § 1927, upon finding that the "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991).

## IV. EVEN IF THE COURT WERE TO FIND THAT CHASE VIOLATED THE STAY, CONTEMPT IS NOT APPROPRIATE

40. As set forth above, Chase did not violate the automatic stay. Even if the Court were to find that Chase did violate the stay, however, contempt would not appropriate.

41. In the Second Circuit, "sanctions for violation of the automatic stay where the debtor is not a natural person derive from two sources: (1) Section 105(a) of the Bankruptcy Code, which provides that a court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code, and (2) the Court's inherent contempt powers." *In re Arcapita Bank B.S.C.(c)*, 648 B.R. 489, 497 (Bankr. S.D.N.Y. 2023), quoting 11 U.S.C. § 105(a) and citing *In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990). In determining whether to hold a party in civil contempt, a federal court must consider if that party had notice of the court order in question and complied with that order.

---

[1] Chase also reserves the right to recover its costs and expenses, including reasonable attorney's fees, pursuant to the written agreement governing the Account.

42. A "court may impose civil contempt only where (1) the underlying order is clear and unambiguous, (2) proof of non-compliance is clear and convincing, and (3) the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *In re Residential Cap., LLC*, 571 B.R. 581, 585 (Bankr. S.D.N.Y. 2017). "Courts can award three types of sanctions under their civil contempt powers for breach of the automatic stay: (1) coercive sanctions to encourage compliance, (2) damages for monetary harm, and (3) punitive sanctions in appropriate circumstances." *In re Arcapita*, 648 B.R. at 497. The standard for whether a party should be held in contempt is objective rather than subjective. *Id.*

43. In *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019), the Supreme Court cautioned that "civil contempt is a severe remedy" that "should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." (internal quotation, brackets and emphasis omitted).

44. The burden to prove all elements of contempt falls on the movant. *See In re DiBattista*, 615 B.R. 31, 39 (S.D.N.Y. 2020). Debtor does not and cannot meet this burden.

45. Given the holdings in *Fulton* and *Strumpf* discussed above, *supra* ¶¶ 24-29, it was objectively reasonable for Chase to believe that its actions did not violate the automatic stay. Chase **has not taken any actions** with respect to the Account; it merely chose not to turn the Account over to the Debtor. It was therefore reasonable for Chase to believe that its refusal to turn over the Account did not constitute an "affirmative act" that "disturb[ed] the status quo of estate property." *Fulton*, 141 S. Ct. at 590. Similarly, it was objectively reasonable for Chase to believe, pursuant to the holding in *Strumpf*, that its refusal to turn over the Account was at most a "temporary refusal" to keep its promise to pay and not a violation of the automatic stay. *Strumpf*, 516 U.S. at 21.

46. There was therefore, at a minimum, "a fair ground of doubt as to the wrongfulness of [Chase's] conduct" such that the "severe remedy" of contempt is not appropriate. *Taggart*, 139 S. Ct. at 1801-02.

47. Further, the pending Motion to Dismiss and the serious allegations contained therein provide additional "fair ground[s] of doubt" as to whether Chase's conduct was wrongful. Indeed, Chase's refusal to turn over the Account simply maintains the status quo until the pending Motion to Dismiss, is resolved.

48. Finally, the Debtor has not shown, and cannot show, that it has suffered any monetary harm, as the funds (here approximately $1,200.00) remain in the Account. Debtor therefore is not entitled to damages for monetary harm. Debtor likewise has not shown that these are "appropriate circumstances" for punitive sanctions. *In re Arcapita*, 648 B.R. at 497. At most, therefore, if the Court finds that Chase has violated the automatic stay, it should order Chase comply with the stay and turn over the Account to Debtor. *Id.*

## **CONCLUSION**

49. For the foregoing reasons, Chase respectfully requests that this Court enter an Order (i) denying the Motion in its entirety and (ii) upon a finding that Debtor filed the Petition in bad faith, awarding Chase its reasonable attorney's fees and costs incurred in opposing the Motion.

DATED:  April 11, 2024
        New York, New York

        Respectfully submitted,

_____
Denver G. Edwards
**BRADFORD EDWARDS LLP**
12 East 49th Street, 11th Floor
New York, NY 10017
Tel: (917) 671-9407
Email: dedwards@bradfordedwards.com

*Attorneys for JPMorgan Chase Bank, N.A., as Purchaser of Certain Assets and Assumed Liabilities of First Republic Bank from the Federal Deposit Insurance Corporation, as Receiver*

- 12 -