

**KLESTADT
WINTERS
JURELLER
SOUTHARD &
STEVENS, LLP**

200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

April 12, 2024

VIA ECF

The Honorable John P. Mastando III
United States Bankruptcy Judge
U.S. Bankruptcy Court – SDNY
One Bowling Green
New York, New York 10004

    Re:    *In re JJ Arch LLC ("Debtor")*
                Case No. 24-10381 (JPM)
                Adv. Proc. No. 24-01335 (JPM)

Dear Judge Mastando:

        This firm is co-counsel to Jared Chassen.

        Pursuant to the Court's directive at the last conference on April 5, 2024, asking the parties to confer on a briefing schedule, this office scheduled and attended a meet and confer among counsel for the litigants in the above-referenced matter. Suffice it to say that differences of opinion persist between the parties about the most efficient means of proceeding with pending requests for relief. Mr. Chassen, Arch Real Estate Holdings LLC ("AREH") and 608941 NJ Inc. ("Oak"), who have all moved for remand, believe that the Motion for Remand of the State Court Action [AP Doc Nos. 2 & 3] ("Remand Motion") should be heard on May 2, 2024 at 10:00 am along with the Stay Relief Motions [Doc Nos. 38, 40 & 41] which preceded the Debtor's removal of the State Court Action [Doc. No. 65] ("Removal"). Mr. Chassen also intends to further adjourn for a status conference the pending Motion to Dismiss the chapter 11 case [Doc. No. 4] ("Motion to Dismiss") until May 2, 2024 in a similar manner to the approach taken for the April 5 hearing prior to Removal.

        During the meet and confer, counsel to the Debtor indicated that it believes there are disputed factual issues related to the Remand Motion that entitle the Debtor to conduct discovery. Mr. Chassen, AREH and Oak strongly disagree, and, in any case, believe it is premature to address any need for discovery before the hearing on the Remand Motion. Counsel to the Debtor indicated that if the Court does not grant an opportunity to conduct discovery in relation to the Remand Motion, the Debtor would file opposition to the Remand Motion on or before April 25, 2024 (7 days prior to hearing) consistent with regular notice rules and would expect the Movants to reply in accordance with the same rules and have further indicated an unwillingness to depart from that schedule, notwithstanding the motion having been filed on

Hon. John P. Mastando III
United States Bankruptcy Judge
April 12, 2024
Page -2-

April 10, 2024. However, they also indicated their view that full discovery on the pending Motion to Dismiss should proceed in tandem and that the Motion to Dismiss should be heard before this Court hears either the Remand Motion or the Stay Relief Motions. In light of the movant's disagreement with this approach, Debtor's counsel further indicated an intention to move this Court to compel such discovery and a hearing on the Motion to Dismiss and seek a hearing before this Court early next week.

      To be clear, the movants are not against discovery per se, if necessary. Indeed, discovery is part and parcel of the State Court Action. Rather, the issue is of time and expense, the preservation of resources, including estate resources, and the movants' overriding stance that the Commercial Division should adjudicate issues arising out of the State Court Action. From Day 1, the movants have made clear their position is that they are prejudiced by not being able to promptly move forward with the State Court Action. Movants are confident that the Court can decide both the Remand Motion and the Stay Relief Motion on May 2 as a matter of law, without the need for an evidentiary hearing and aver that the Debtor and Mr. Simpson's purpose in seeking discovery is in order to run the clock by issuing excessively broad requests and then instigating disputes about scope. Debtor and Simpson's position that hearing the Dismissal Motion first is most efficient (based on the reasoning that it will moot all other issues if Chassen and AREH prevail) belies the fact that the parties' pre-existing impasse on discovery will preclude any speedy adjudication of that motion. Moreover, to the extent the Motion to Dismiss turns on issues that could and should be decided in the State Court Action (namely, Chassen's membership in JJ Arch), hearing the Motion to Dismiss first would simply reward the Debtor and Simpson's improper forum shopping in initiating this Chapter 11 Case in the first place.

      It is respectfully submitted that if the Court determines on May 2 that it cannot decide the Remand Motion without an evidentiary record, the parties can confer regarding an appropriate schedule at that time.

      Reserving all rights concerning any forthcoming motion to compel, the movants will notice the other motions as indicated above for hearing and/or status on May 2, 2024.

      We will be available at the Court's convenience if the Court wishes to discuss any of the foregoing.

      Respectfully submitted,

      */s/ Sean C. Southard*

      Sean. C. Southard

Hon. John P. Mastando III
United States Bankruptcy Judge
April 12, 2024
Page -3-

Cc (via ECF): Scott A. Griffin
               Nathan Denning
               Andrew Ritter
               Jason A. Nagi
               Brian S. Masumoto
               Eric M. Huebscher
               Adam H. Friedman
               Jonathan T. Koevary
               Kenneth J. Flickinger
               Aishlinn Bottini
               Leslie C. Thorne