# EXHIBIT A

(Request Exhibit)

See Attached.

**Debtor's Document Requests Relevant to the Pending Motions to Dismiss and for Remand**

| No. | Recipient | Motion | Original Request | Modified Request |
|---|---|---|---|---|
| 1 | Chassen | Dismiss | The employment offer referenced in ¶ 17 of the *Declaration of Jared Chassen in Support of Motion to Shorten Notice and Motion to Lift Automatic Stay* [Dkt. No. 43]. | Same |
| 2 | Chassen | Dismiss | Any employment, consulting, advisor, independent contractor or similar agreement that you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies) have been a party to, otherwise bound by or otherwise entitled to directly or indirectly receive any compensation, fees or other similar consideration pursuant to at any time on or after January 1, 2020. | Any employment, consulting, advisor, independent contractor or similar agreement that you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies) have been a party to, otherwise bound by or otherwise entitled to directly or indirectly receive any compensation, fees or other similar consideration pursuant to at any time on or after November 3, 2023. |
| 3 | Chassen | Dismiss | Any written contract, arrangement, commitment, letter of intent, memorandum of understanding, term sheet or other written agreement of any kind by and between or among (i) you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies), on the one hand, and (ii) any of 35 Oak Holdings Ltd., 608941 NJ, Inc., Michael Wiener, Kevin Wiener or any of their respective Affiliates or, with respect to Michael Wiener and Kevin Wiener, family members, on the other hand (the documents and things requested in this Request No. 3, collectively, "Oak Agreements"). | Same |
| 4 | Chassen | Dismiss | Any written contract, arrangement, commitment, letter of intent, memorandum of understanding, term sheet or other written agreement of any kind by and between or among (i) you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies), on the one hand, and (ii) Arch Real Estate Holdings LLC or any of its direct or indirect subsidiaries, on the other hand (the documents and things requested in this Request No. 4, collectively, "Arch Agreements"). | Same |
| 5 | Chassen | Dismiss | Any draft or otherwise proposed (in writing) Oak Agreement or Arch Agreement that is currently being proposed, negotiated, considered or discussed by you, or that any time on or after January 1, 2023 has been proposed, negotiated, considered or discussed by you. | Any draft or otherwise proposed (in writing) Oak Agreement or Arch Agreement that is currently being proposed, negotiated, considered or discussed by you, or that any time on or after November 3, 2023 has been proposed, negotiated, considered or discussed by you. |
| 6 | Chassen | Dismiss | Any W-2's, 1099's or K-1's received by you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies) from any Person other than the Debtor for or with respect to any of the years 2020 to the present. | Any draft or final W-2's, 1099's or K-1's received by you or any of your Affiliates (excluding, for the avoidance of doubt, the Debtor, any of the Debtor's direct or indirect subsidiaries or any of the other Arch Companies) from any Person other than the Debtor for or with respect to the years 2023 and 2024. |
| 7 | Chassen AREH K. Wiener M. Wiener Oak | Dismiss Remand | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any meetings on or after January 1, 2022 that (x) in any manner related to the business, assets or liabilities of the Debtor, AREH or any of the other Arch Companies, (y) excluded Jeffrey Simpson and (z) involved Jared Chassen, Michael Wiener, Kevin Wiener or any other employee or representative of 35 Oak Holdings Ltd. or its affiliates (including 608941 NJ, Inc.). | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) by and between (x) Jared Chassen, on the one hand, and (y) Michael Wiener, Kevin Wiener or any other employee or representative of 35 Oak Holdings Ltd. or its affiliates (including 608941 NJ, Inc.), on the other hand, at any time on or after November 3, 2023. |

**Debtor's Document Requests Relevant to the Pending Motions to Dismiss and for Remand**

| No. | Recipient | Motion | Original Request | Modified Request |
|---|---|---|---|---|
| 8 | Chassen AREH K. Wiener | Dismiss | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to Jeffrey Simpson's removal as an authorized signatory on, or other negative modification of any direct or indirect rights of Jeffrey Simpson with respect to, any (x) Debtor, AREH or other Arch Company bank accounts or (y) other bank accounts maintained at First Republic Bank. | Withdrawn |
| 9 | Chassen AREH K. Wiener | Dismiss | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any termination, limitation, modification or other change of or to Jeffrey Simpson's access or other rights regarding or related to any information technology systems (including any email or cloud storage accounts) of the Debtor, AREH or any other Arch Company on or after January 1, 2023. | Withdrawn |
| 10 | Chassen AREH K. Wiener | Dismiss | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any of Jared Chassen's business time on or after December 11, 2017, that was not exclusively provided for the direct for the benefit of JJ Arch LLC, including any transactions, transfers or agreements pursuant to which or in connection with which Jared Chassen received compensation, fees, payments or other consideration from any Person (as defined in the JJ Arch Operating Agreement) other than the Debtor directly or indirectly in exchange for any services or in exchange for any goods sold, leased or otherwise offered by Jared Chassen for commercial purposes. | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any of Jared Chassen's business time on or after November 3, 2023, that was not exclusively provided for the direct for the benefit of JJ Arch LLC, including any transactions, transfers or agreements pursuant to which or in connection with which Jared Chassen received compensation, fees, payments or other consideration from any Person (as defined in the JJ Arch Operating Agreement) other than the Debtor directly or indirectly in exchange for any services or in exchange for any goods sold, leased or otherwise offered by Jared Chassen for commercial purposes. |
| 11 | Chassen AREH K. Wiener M. Wiener Oak | Dismiss Remand | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any transactions, transfers or agreements conducted, consummated or entered into, or any other actions or omissions, by AREH, or any of the other Arch Companies under AREH's direct or indirect control, since November 3, 2023 that required consent (oral, written or otherwise) of any Person pursuant to Section 7.1.3 of the AREH Operating Agreement or any related order of the Supreme Court of the State of New York, regardless whether such consent was obtained. | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any transactions, transfers or agreements conducted, consummated or entered into, or any other actions or omissions, by AREH, or any of the other Arch Companies under AREH's direct or indirect control, at any time on or after November 3, 2023, that required consent (oral, written or otherwise) of any Person pursuant to Section 7.1.3 of the AREH Operating Agreement or any related order of the Supreme Court of the State of New York, regardless whether such consent was obtained. |
| 12 | Chassen AREH K. Wiener M. Wiener Oak | Dismiss Remand | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any consent (oral, written or otherwise) described in the immediately foregoing Request [11]. | Same |

**Debtor's Document Requests Relevant to the Pending Motions to Dismiss and for Remand**

| No. | Recipient | Motion | Original Request | Modified Request |
|---|---|---|---|---|
| 13 | Chassen<br>AREH<br>K. Wiener<br>M. Wiener<br>Oak | Dismiss<br>Remand | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any potential transactions, transfers or agreements, or any other actions or omissions, currently being discussed, negotiated or otherwise pursued by AREH or any of the other Arch Companies under AREH's direct or indirect control and that could be expected to require consent (oral, written or otherwise) of any Person pursuant to Section 7.1.3 of the AREH Operating Agreement or any related order of the Supreme Court of the State of New York, regardless whether such consent has already been obtained. | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any potential transactions, transfers or agreements, or any other actions or omissions, that at any time on or after November 3, 2023, have been discussed, negotiated or otherwise pursued by AREH or any of the other Arch Companies under AREH's direct or indirect control and that could be expected to require consent (oral, written or otherwise) of any Person pursuant to Section 7.1.3 of the AREH Operating Agreement or any related order of the Supreme Court of the State of New York, regardless whether such consent has already been obtained. |
| 14 | Chassen<br>AREH<br>K. Wiener<br>M. Wiener<br>Oak | Dismiss<br>Remand | Any and all notes, documents, correspondence or other communications (including any emails, text messages, direct messages, calendar invites or other electronic communications) regarding or related to any already obtained or possible consent (oral, written or otherwise) described in the immediately foregoing Request [13]. | Same |