WILLIAM K. HARRINGTON
United States Trustee for Region 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004
Telephone: (212) 510–0500

Presentment Date: April 17, 2024
Hearing Time:  12:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re                                                          :     Case No.  24-10381 (JPM)
                                                               :
JJ ARCH LLC,                                                   :
                                                               :     Chapter 11
                                       Debtor.                 :     (Subchapter V)
----------------------------------------------------------------- x

TO:     THE HONORABLE JOHN P. MASTANDO III,
        UNITED STATES BANKRUPTCY JUDGE:

**OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF
GRIFFIN LLP, AS GENERAL BANKRUPTCY COUNSEL**

William K. Harrington, United States Trustee for Region 2 (the "*United States Trustee*"),

through his counsel, hereby files this Objection and Reservation of Rights (the "*Objection*") to

the "Debtor's Application for Entry of an Order Pursuant to Sections 327(a)and 329 of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and

2016-1 Authorizing the Debtor to Employ and Retain Griffin LLP, As General Bankruptcy

Counsel , *Nunc Pro* Tunc to the Petition Date" (ECF No. 73) (the "Application").  In support

hereof, the United States Trustee respectfully represents as follows:

**Preliminary Statement**

The Debtor has noticed the Application for presentment on April 17, 2024, at 12:00 p.m.

At present, the issue of whether the current bankruptcy case was properly filed is the subject of

various motions, including but not limited to the Motion to Dismiss filed by Jared Chassen

("Chassen") (ECF No. 4), as well as Motions by Arch Real Estate Holdings LLC ("AREH")

(ECF No. 38) and Chassen (ECF No. 40) for Entry of an Order (I) Confirming that the

Automatic Stay Does Not  Apply To Certain Corporate Governance Disputes, and/or (II)

Modifying the Automatic Stay As Necessary In Order to Address Such Corporate Governance

Disputes.  The circumstances of the dispute suggest that a decision on the Application should

await a resolution of whether the bankruptcy case should be dismissed.

Compliance with professional retention rules is one of the foundations of our bankruptcy

system, and careful scrutiny of requests to retain and pay estate professionals is among the U.S.

Trustee's top priorities and statutory responsibilities in chapter 11 cases.  All professionals are

obligated to satisfy their burdens for retention under the Bankruptcy Code and Bankruptcy Rules

and provide complete transparency and disclosures to ensure that they are truly disinterested and

free from conflict.  The crux of the dispute appears to be the effect of rulings by a State Court in

connection with litigation between and among (i) Jeffrey Simpson ("Simpson"), a member of the

Debtor, (ii) Chassen, a current or former member of the Debtor, and (iii) AREH a non-debtor

operating entity that the Debtor no longer controls.

The Application states that Griffin LLP ("Griffin") formerly represented AREH and then

withdrew from that representation after the Debtor was unable to control AREH.  Application, ¶¶

19-24.  The Application does not contain sufficient information to determine whether such prior

representation renders Griffin not disinterested for purposes of representing the Debtor where

AREH currently opposes the filing of the bankruptcy case.  It is unclear whether the proposed

retention of "conflicts counsel" is an adequate solution under the current circumstances.

Application, ¶ 11.

A significant issue regarding the approval of the Application is the determination of the nature and amount of assets that are available to the estate to compensate any professional retained by the Debtor.  The Application discloses that funding for Griffin's prepetition outstanding claim against AREH (Application, ¶¶ 27 & 34, resulting in the receipt of payment of $76,598.00) and for services rendered in connection with filing of the Debtor's Chapter 11 case (Application, ¶ 33, resulting in the receipt of payment of $31,542.00) was covered by the Great American Insurance Company ("Great American).  Great American was the insurance carrier for the Debtor's directors and officers maintained through a policy issued to AREH.  Application, ¶ 33.  The Application does not disclose whether AREH has consented to the charges against the Great American policy.  The Application also does not disclose what assets the Debtor has that would be available to cover the payments made by Great American (if such payments were ultimately disallowed) as well as any future compensation incurred by any professional retained by the Debtor.

**<u>Objection and Reservation of Rights</u>**

Pursuant to Section 327 of the Bankruptcy Code, a debtor in possession may employ, with court approval, professionals who are disinterested and who do not hold or represent interests adverse to the estate. 11 U.S.C. § 327.  Further, Bankruptcy Rule 2014 imposes a duty of disclosure so that courts and parties can determine whether the prospective professional satisfies section 327's ethical requirements.  More specifically, Bankruptcy Rule 2014 requires that professionals disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee."  Bankruptcy Rule 2014(a).  *See also In re eToys*, *Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005) ("[C]omplete and candid

3

disclosure . . . is indispensable to the court's discharge of its duty to assure the [professional's] eligibility for employment under section 327(a) . . . .").

Bankruptcy courts have interpreted Rule 2014 disclosure requirements broadly. *See, e.g.*, *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 465 (5th Cir. 2012) ("The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under Section 327(a)." (*citing In re Cornerstone Prods., Inc.*, 416 B.R. 591, 608 (Bankr. E.D. Tex. 2008))).  Further, disclosures made pursuant to Rule 2014 "must be explicit enough for the court and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest." *In re Circle T Pipeline, Inc.*, No. 11-10556, 2011 WL 9688240 at *10 (Bankr. W.D. Va. Dec. 3, 2011) (quoting *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 662 (Bankr. N.D.Ill. 2001)).  The burden to adequately disclose rests on the Proposed Professionals, not the Court, creditors, or parties in interest.  *See In re Crivello*, 134 F.3d 831,839 (7th Cir. 1998) ("Bankruptcy courts have neither the resources nor the time to … root out the existence of undisclosed conflicts of interest").

Here, the questions relating to the potential conflict involved in Griffin representing the Debtor after having represented AREH, as well as to the source of funds to compensate the Debtor's professionals (both as to prepetition and postpetition compensation) appear to favor a deferral of the consideration of the Application until the governance issues have been resolved.  Should the parties agree that the Debtor has sufficient funds that are not the subject of any dispute, a hearing on the Application may be scheduled without the resolution of the governance issues.

4

**Reservation of Rights**

The United States Trustee reserves all rights to object at the hearing on the Application as to other deficiencies or amendments, including as to the need for additional or supplemental disclosures, to the extent that efforts to reach consensual resolutions between and among the parties cannot be achieved.

**WHEREFORE**, the United States Trustee respectfully requests that this Court defer the hearing to consider the Application until the resolution of the governance issues that would determine the propriety of the bankruptcy filing.  Should a bankruptcy filing be determined to be appropriate, this Court should require that additional disclosures be made, require that other concerns be addressed, and grant all further relief as may be equitable and just.

Dated:  New York, New York
          April 16, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Brian Masumoto*
      Brian Masumoto
      *Trial Attorney*
      U.S. Department of Justice
      Office of the United States Trustee
      Alexander Hamilton U.S. Custom House
      One Bowling Green
      New York, New York 10004
      Telephone: (212) 510–0500