# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

April 16, 2024

**BY ECF**
Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004-1408

Re:  *In re JJ Arch LLC*, No. 24-10381 (JPM)
 **Objection to Motion to Shorten Time**

Dear Judge Mastando:

This office is counsel to Arch Real Estate Holdings LLC. We write to object to the *Debtor's Motion for an Order Shortening Notice with Respect to Debtor's Motion for an Order* dated April 16, 2024 [Dkt. No. 86] (the "Motion to Shorten").[1] We are advised that Jared Chassen joins in this objection. The Motion to Shorten seeks a hearing on underlying motion (the "Underlying Motion") as early as April 18 and an objection deadline before then. As set forth below, the Underlying Motion seeks extraordinary relief and it does so on a timeframe unsupported by the Motion to Shorten.

Local Bankruptcy Rule 9077-1 provides that "[n]o order to show cause shall be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary. The affidavit also must state whether a previous application for similar relief has been made."

The Motion to Shorten does not purport to comply with this Local Rule. Apart from excluding the required affidavit, the Motion to Shorten itself is devoid of any "clear and specific showing" of "good and sufficient reasons." The only basis: "the prompt resolution of the Dismissal Issues, as contemplated by Section 1112(b)(3), is necessary to avoid further material disruption to the Debtor's Chapter 11 Case." Motion to Shorten ¶ 7. There is nothing clear and specific about this most generic of statements. Even the cite to Bankruptcy Code section 1112(b)(3) is a red herring because by its terms it allows for an extension of dismissal motions where the "movant expressly consents to a continuance for a specific period of time[,]" which is precisely what has occurred, with the Debtor's agreement no less.[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Shorten.

[2] The Underlying Motion, which is not currently before the Court, at best offers two reasons: "to avoid further material disruption to the Debtor's Chapter 11 Case" and Chassen's "observation that the issue between it and the Debtor would be rendered moot if the motion to dismiss were granted."

OLSHAN  FROME  WOLOSKY  LLP    WWW.OLSHANLAW.COM

12448893-1

**April 16, 2024**
**Page 2**

The Underlying Motion is plainly a discovery-related motion, and it acknowledges the obligation to comply with the meet and confer requirement under Local Bankruptcy Rule 7007-1 for discovery-related motion practice. Underlying Mot. ¶ 32. At the same time, however, Debtor disregards Rule 7007-2, providing that "[n]o discovery-related motion under Bankruptcy Rules 7026 through 7037 shall be heard unless counsel for the moving party first requests an informal conference with the Court and either the request has been denied or the discovery dispute has not been resolved as a consequence of the conference." No conference has been sought.

However, the Underlying Motion is ***much more than that:*** it seeks the extraordinary relief of (i) compelling Jared Chassen to go forward on his adjourned dismissal motion (which AREH joined) on a time of the Debtor's preferred choosing; (ii) adjourning AREH's and Chassen's remand and lift stay motions scheduled to be heard on May 2, 2024, until after the dismissal motion is fully adjudicated; and (iii) ordering expedited briefing on some unidentified "appropriate filings seeking declaratory judgment from the Court on the Dismissal Issues." This extraordinary relief is beyond mere discovery and ordinarily requires 14 days' notice under Local Rule 9006. Again, the Motion to Shorten does nothing to articulate why there are "good and sufficient" reasons to alter the current schedule. Despite the sparse description, it appears reasonably clear the declaratory judgment motion would seek determinations on the ultimate issues in this case—presumably the Debtor's membership and its status within AREH—which are of such consequence they should not be addressed on an abbreviated basis, but after fulsome proceedings, most likely on summary judgment or through a trial.

Meanwhile, Chassen and AREH have already adjourned the dismissal motions and furthermore articulated the least burdensome path forward: addressing motions that can be decided as a matter of law. *See Letter of Jared Chassen's Counsel on behalf of Chassen, AREH and 608941 NJ Inc.* dated April 12, 2024 [Dkt. No. 82], fully incorporated herein by reference. This remains the case, as the Debtor's proposed schedule on its face will resolve the motion to dismiss on a later date than is already scheduled for the remand motion. And that is before the inevitable disputes about the scope of discovery are addressed, which will prolong the process all the more.

Despite the Underlying Motion's claim that discovery is required for the remand motion—which AREH disputes in all events—this Court can still remand the State Court Action without the need for discovery. This is because the Debtor only contends discovery is required for the issue of "related to" jurisdiction. Accordingly, the Debtor does not dispute that this Court can decide the remand motion based on the equitable remand, mandatory abstention, and/or permissive abstention grounds addressed in the motion to remand as a matter of law. Together with lift stay motion, the remand motion may decide the key issues of this case without need for discovery on May 2.

Finally, AREH objects on the entire unfairness of having it respond and appear on such a short time frame. When the parties met and conferred on April 12 concerning the briefing schedule on its motion to remand, the Debtor was unwilling to budge on providing an objection prior to 7 days before the May 2 hearing, notwithstanding the motion having been served on 16 days' notice. It is manifestly unfair for AREH to now be asked to respond so quickly when the Debtor wants to be heard.

12448893-1

April 16, 2024
Page 3

    AREH reserves all rights to further object to the substance of the Underlying Motion, for which regular notice of the motion is required because it seeks relief beyond mere discovery, i.e., an order (i) forcing Chassen to go forward in the first instance on the adjourned dismissal motion; and (ii) holding in abeyance the lift stay and remand motions. As to the "appropriate filings seeking a declaratory judgment from the Court on the Dismissal Issues," no briefing or hearing should be scheduled until such motions are actually brought.

                                          Respectfully submitted,

                                          */s/ Jonathan T. Koevary*
                                          Jonathan T. Koevary

Cc (via ECF):

Scott A. Griffin
Nathan Denning
Andrew Ritter
Jason A. Nagi
Brian S. Masumoto
Eric M. Huebscher
Kenneth J. Flickinger
Aishlinn Bottini
Leslie C. Thorne
Sean C. Southard
Brendan Scott
Allen Schwartz

12448893-1