**GRIFFIN LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Scott A. Griffin
Frank L. Eaton

and

**WIGGIN AND DANA LLP**
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 490-1700
Facsimile: (212) 551-2888
Nathan Denning
Andrew C. Ritter (*pro hac vice pending*)
Kate E. Cassidy

*Proposed Co-Counsel for the Debtor*
*and Debtor in Possession*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
In re:                                                          :     Chapter 11
                                                                :      (Subchapter V)
JJ ARCH LLC,                                                    :
                                                                :     Case No. 24-10381 (JPM)
                                                                :
                                        Debtor.[1]              :
                                                                :
----------------------------------------------------------------X

## REPLY TO OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF GRIFFIN LLP, AS GENERAL BANKRUPTCY COUNSEL

---

[1]  The last four digits of the Debtor's federal tax identification number are 4251.

**TABLE OF CONTENTS**

                                                                                          Page

TABLE OF CONTENTS..................................................................................................... 2

TABLE OF AUTHORITIES ............................................................................................... 3

PRELIMINARY STATEMENT ......................................................................................... 4

ARGUMENT ....................................................................................................................... 6

   A.   Griffin's Prior Representation of AREH Is Not a Disqualifying Conflict.......................... 6

   B.   Griffin's Disclosure of Its Previous Representation of AREH Is Adequate....................... 9

   C.   AREH'S Potential Claims Against the D&O Policy Are Not Proper Grounds to Deny

Griffin's Retention ............................................................................................... 10

RESERVATION OF RIGHTS AND REQUEST FOR EVIDENTIARY HEARING................. 11

CONCLUSION....................................................................................................................... 12

## TABLE OF AUTHORITIES

Page

CASES

*AroChem Bank Brussels Lambert v. Coan (In re AroChem Corp.),*
    176 F.3d 610 (2d Cir. 1999) ......................................................................................... 7

*In re Ampal-American Israel Corp.,*
    534 B.R. 569 (Bankr. S.D.N.Y. 2015), *aff'd* 554 B.R. 569
    (S.D.N.Y 2015), *aff'd*, 691 Fed. Appx. 12 (2d Cir. 2017) ............................................ 8

*In re Ampal-American Israel Corp.,*
    691 Fed. Appx. 12 (2d Cir. 2017) ................................................................................. 6

*In re Diva Jewelry Design, Inc.,*
    367 B.R. 463 (Bankr. S.D.N.Y. 2007) ................................................................... 6, 7, 8

*In re Enron Corp.,* No. 01-16034 (AJG),
    2002 WL 32034346, (Bankr. S.D.N.Y. May 23, 2002),
    *aff'd*, No. 02-5638 (BSJ), 2003 WL 223455, (S.D.N.Y.  Feb. 3, 2003) ............................ 9, 10

*In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.,*
    *189 B.R. 874* (Bankr. E.D.N.Y. 1995) .......................................................................... 8

*In re Leslie Fay Companies, Inc.,*
    222 B.R. 718 (Bankr. S.D.N.Y 1998) ............................................................................ 8

*In re Persuad,*
    467 B.R. 26 (Bankr. E.D.N.Y. 2012) ............................................................................ 11

*In re Southampton Brick and Tile, LLC,*
    No 11-75928 (DTE), 2012 WL 4850048 (Bankr. E.D.N.Y. Oct. 11, 2012) .................... 9

STATUTES

11 U.S.C. § 327(a) ........................................................................................... 5, 7, 10, 11

11 U.S.C. § 327(c) ............................................................................................... 6, 7, 8, 10

11 U.S.C. § 1191 ............................................................................................................ 11

RULES

Fed. R. Bankr. P. 2014 ............................................................................................. 5, 9

JJ Arch LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "JJ Arch"),[2] files this reply (the "Reply") to William K. Harrington's, United States Trustee for Region 2 (the "U.S. Trustee"), *Objection and Reservation of Rights to the Debtor's Application* (the "Retention Application") *for an Order Authorizing the Retention of Griffin LLP* ("Griffin" or the "Firm"*), as General Bankruptcy Counsel* (the "Objection"), and in support thereof respectfully represents:[3]

## PRELIMINARY STATEMENT[4]

In his Objection, the U.S. Trustee broadly suggests that the Firm has not adequately disclosed connections with the Debtor, raises an argument previously raised by other parties in the case, including Oak, that retention of the Firm should be delayed until the governance issue surrounding the commencement of the Chapter 11 Case is resolved, and questions whether AREH has consented to the use of proceeds under the D&O Policy. The Firm respectfully disagrees with each of the positions taken by the U.S. Trustee.

Nothing alleged in the Objection provides any grounds for Griffin's disqualification based on an actual conflict (or any recognizable conflict) under the Bankruptcy Code or the controlling law in this Circuit. The Objection raises three primary points for either denying the Firm's retention or delaying a decision on such retention.

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the: (i) *Retention Application* [Dkt. No. 73]; (ii) *Declaration of Scott A Griffin in Support of the Retention Application* [Dkt. No. 73 (Exh. A.)] (the "Griffin Declaration"); (iii) *Reply to AREH's Objection to the Retention Application* (the "AREH Reply") [Dkt. No. 104]; and (iv) *Supplemental Declaration of Scott A. Griffin in Support of the Retention Application* [Dkt. No. 104 (Exh. A.)].

[3] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). "Rule" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "Local Rule" or "L.R." references are to the Local Bankruptcy Rules for the Southern District of New York. The factual and legal positions set forth in the Retention Application and the AREH Reply are incorporated herein by reference.

[4] Capitalized terms used in this Preliminary Statement, but not otherwise defined, shall have the meanings ascribed to them in the body of this Reply.

First, the U.S. Trustee contends that (i) the Firm has a "*potential*" conflict based on its *prior* representation of AREH, the Debtor's 80%-owned subsidiary and (ii) its retention should be delayed until "governance disputes" are resolved. Objection at 4.  The standard under section 327(a) of the Bankruptcy Code adopted by this Circuit is whether a *present* actual conflict exists. As discussed below, Griffin holds no present actual conflict.  In addition, the Firm has continued to diligently perform its professional duties without Court-approval of its Retention Application. There is no basis to further delay adjudication of the Retention Application by bundling governance issues with the ordinary course approval of the Debtor's professionals.

Second, the U.S. Trustee wrongly alleges that the Firm has failed to provide a proper disclosure under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Objection at 2 and 3.  As discussed in the Retention Application and below, the Firm not only has disclosed its previous representation of AREH, but it also disclosed the nature and duration of the representation, thus fully satisfying Bankruptcy Rule 2014.

Third, the U.S. Trustee asserts that Griffin's retention should not be approved because AREH has not consented to the use of the D&O Policy proceeds to fund the Debtor's legal fees for administration of the Chapter 11 Case raising a question as to whether there would be sufficient estate assets to compensate the Firm if retained. Objection at 3.  In short, the decision to fund rests solely with Great American under the terms of the D&O Policy (and not with AREH) and the question of sufficiency of assets is ultimately a plan confirmation issue.

As discussed further below, none of these grounds constitute a proper basis under the Bankruptcy Code to disqualify the Firm from serving as the Debtor's general bankruptcy counsel.  Accordingly, the Objection should be overruled.

## ARGUMENT

### A.  Griffin's Prior Representation of AREH Is Not a Disqualifying Conflict

1.      The U.S. Trustee raises the same argument asserted by Oak that the Firm's prior representation of AREH is a potential conflict.  Like Oak, the U.S. Trustee is wrong.  "A person is not disqualified for employment under [section 327] solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an ***actual conflict*** of interest." *See* 11 U.S.C. § 327(c) (emphasis added). There is no real argument that Griffin does not have an actual conflict and nothing in the Objection alleges that one exists. Indeed, the U.S. Trustee admits the same, noting that its concerns stem from "questions relating to the ***potential conflict*** involved in Griffin representing the Debtor ***after*** having represented AREH." Objection at 4.

2.      However, notwithstanding the clear authority in this Circuit requiring that proposed counsel have a present actual conflict to be disqualified - not merely a ***potential*** conflict, the U.S. Trustee suggests that its alleged potential conflict based on a prior representation is enough to disqualify the Firm from representing the Debtor.  The U.S. Trustee's position is counter to the law of this Circuit and should be disregarded.   *See In re Ampal-American Israel Corp.*, 691 Fed. Appx. 12, 15 (2d Cir. 2017) *(Summary Order)* (noting as "fatal" to a creditor's retention challenge, the creditor's concession "that section 327(c) requires disqualification of professionals possessing only 'actual' conflicts, as opposed to potential conflicts"). The law in this Circuit could not be clearer: the prior representation of an adverse party is not sufficient by itself to disqualify the Debtor's choice of counsel. *See In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) ("the past representation of the

6

creditor would not be dispositive by itself, and instead would require consideration of the existence or nonexistence of an *actual conflict*.") (emphasis in original).

3.      It is important to note that the purported potential conflict that the U.S. Trustee raises in the Objection is a conflict wholly manufactured by Oak, the now acting managing member of AREH.  Significantly, less than a year ago Oak was adverse to AREH, the Debtor (AREH's then managing member) and Jeffrey Simpson (the Debtor's managing member). Oak, in its capacity as new acting managing member, now seeks to tactically disqualify Griffin. Facts and circumstances such as these are why it is imperative for courts evaluating whether an actual conflict exists to review "each case . . .  on its own circumstances, [with a decision] based on a common-sense divination of adversity or communality." *See AroChem Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 626-27 (2d Cir. 1999); *see also Diva Jewelry,* 367 B.R. at 471 ("Court turning to the case law in [the] area, factual examination, and common sense" in deciding whether an actual conflict exists). An analysis of the facts and circumstances here dictates that the Court apply a common-sense approach in finding that no actual conflict exists.[5]

4.      Even if the Court where not to conduct a deep analysis in determining whether Griffin has a conflict under section 327, the Objection on its face utterly fails to meet the heavy burden the U.S. Trustee has in seeking Griffin's disqualification.  It is well-settled that although a debtor bears the burden of proof under section 327(a) of the Bankruptcy Code, the party seeking disqualification under section 327(c) bears the burden of proof in establishing a conflict

---

[5] The U.S. Trustee contends that the Firm's retention should be held in abeyance until there is a resolution of the Motion to Dismiss – creating a "wait and see" exception to section 327(a) and 327(c)'s retention requirements. In effect, the U.S. Trustee would have Griffin continue rendering services on behalf of the estate while it waits for adjudication of the Motion to Dismiss, all at the risk of the Firm's retention not being approved.  Nothing in the Bankruptcy Code or controlling case law, however, requires Griffin to assume such risk, and the U.S. Trustee has offered no support for its novel request.

of interest.[6]  *See In re Leslie Fay Companies, Inc.,* 222 B.R. 718, 721 (Bankr. S.D.N.Y 1998); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 189 B.R. 874, 880* (Bankr. E.D.N.Y. 1995) (holding that "in a case involving an objection under 11 U.S.C. § 327(c), the burden would be on the objecting creditor [or United States Trustee] to prove conflict of interest.").  Further, as the court noted in *Diva Jewelry,* the U.S. Trustee's objection on conflict grounds must include an analysis of section 327(c), and naked allegations of a conflict are not sufficient to sustain such objection.

> To the Court's surprise, the UST's initial brief in opposition to this retention did not cite, much less quote or discuss the significance of, section 327(c). The UST's supplemental brief quoted it, without discussion beyond a quotation of what it says. [A]nalysis of the issues on this [retention] application requires more than minimal consideration of section 327(c), and, in addition, of circumstances that could reasonably be expected to exist in any case where section 327(c) is applicable.

*Diva Jewelry*, 367 B.R. at 469 n.27.  Here, the Objection fails to even reference section 327(c), let alone discuss its applicability to the facts and circumstances concerning Griffin's retention.

5.      Finally, the existence of conflicts counsel to address any litigation between the Debtor and AREH more than remedies any actual conflict, as the Debtor's restructuring is not at the core of any dispute that AREH purportedly has against the Debtor. *See In re Ampal-American Israel Corp.,* 534 B.R. 569, 578 (Bankr. S.D.N.Y. 2015), *aff'd* 554 B.R. 569 (S.D.N.Y 2015), *aff'd*, 691 Fed. Appx. 12 (2d Cir. 2017) (recognizing the appropriateness of conflicts counsel for a potential conflict, although noting conflicts counsel was not required where counsel did not presently hold or represent an interest adverse to the estate).

---

[6] For purposes of judicial economy, Griffin incorporates by reference herein the Firm's detailed analysis from the AREH Reply further supporting the Firm's retention under section 327(a) of the Bankruptcy Code. Griffin reserves the right to supplement such analysis as applicable to the Objection.

**B.  Griffin's Disclosure of Its Previous Representation of AREH Is Adequate**

6.       Next, the Trustee suggests that Griffin has failed to adequately disclose its prior representation of AREH.  Rule 2014 (a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that the application to retain counsel for the estate "shall be accompanied by a verified statement of the person to be employed ***setting forth the person's connections*** with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  See Fed. R. Bankr. P. 2014 (emphasis added).[7]  "The purpose of Rule 2014(a) is to provide the court and the United States trustee with information to determine whether the professional's employment is in the best interest of the estate."  *In re Enron Corp*., No. 01-16034 (AJG), 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002), *aff'd*, No. 02-5638 (BSJ), 2003 WL 223455, (S.D.N.Y. Feb. 3, 2003) (citation omitted).  There is no question that Griffin has met this standard.  The Firm not only has disclosed its previous representation of AREH, but it also disclosed the nature and duration of the representation. *See* Retention Application at ¶¶ 21-29; Griffin Declaration at ¶¶ 19-26; Supplemental Griffin Declaration at ¶¶ 3-6 and ¶¶ 9-12.

7.       The U.S. Trustee contends that this in insufficient and that the Firm is required to disclose "information to determine whether such prior representation renders Griffin disinterested for purposes of representing the Debtor where AREH currently opposes the bankruptcy filing," and "whether AREH has consented to the charges against the [D&O Policy]." Objection at 2 and 3.  The U.S. Trustee's disclosure complaints, however, far exceed the scope of what is required under Rule 2014 and is contrary to the law in this district. *See In re*

---

[7] Again, the U.S. Trustee bears the burden of proof of establishing that Griffin should be disqualified for failing to satisfy Rule 2014 of the Federal Rules of Bankruptcy Procedure and, again, the U.S. Trustee fails to meet its burden. *See In re Southampton Brick and Tile, LLC*, No 11-75928 (DTE), 2012 WL 4850048 (Bankr. E.D.N.Y. Oct. 11, 2012) ("[A]ny party moving for disqualification of debtor-in-possession counsel bears the burden of proving, by a preponderance of the evidence, that the requirements of § 327 and/or Rule 2014 are not satisfied.") (citation omitted).

*Enron Corp.*, 2002 WL 32034346, at *5 (noting that in complying with its disclosure requirements counsel is not required "to disclose every conceivable interpretation of its connections and possible consequences resulting from the connections").[8]

### C. AREH'S Potential Claims Against the D&O Policy Are Not Proper Grounds to Deny Griffin's Retention

8.       As noted above, a bankruptcy court's determination of whether debtor's counsel may be retained by the estate is analyzed under sections 327(a) and (c) of the Bankruptcy Code. Notwithstanding the clear language of the Bankruptcy Code, the U.S. Trustee again seeks to expand section 327's retention requirements beyond the plain language of the statute. Specifically, it contends that Griffin's retention should not be approved because the Retention Application did not disclose whether AREH agreed to the Firm's fees being paid from the D&O Policy, which is a "claims-made" directors' and officers' insurance policy. Objection at 3. Not only is this not grounds for Griffin's disqualification under sections 327(a) or (c), but it also demonstrates a fundamental misunderstanding of how "claims-made" directors' and officers' insurance policies work – such as the D&O Policy. As is the case here, when an insured party under a claims-made insurance policy tenders a claim against the policy, the insurer (as the issuer of the policy) makes the determination whether to cover the claim and related defense costs. Jeffrey Simpson, the managing member of the Debtor is an "Insured Person" under the D&O Policy. *See* Supplemental Griffin Declaration at Exh. 2. Mr. Simpson tendered a claim under the D&O Policy prior to the expiration of the policy, and Great American **agreed** to defend Simpson with respect to the claim and cover related defense costs, including funding attorney fees associated with the Chapter 11 Case. It is Great American's decision which costs it will cover

---

[8]  Notwithstanding the disclosures that the Firm has made in support of the Retention Application in the Griffin Declaration and Supplemental Griffin Declaration, the Firm is willing to work with the U.S. Trustee to provide it with any additional disclosures that it deems necessary.

from a tendered claim under the D&O Policy – **not** AREH's or for that matter any other beneficiary to the policy.  In other words, Great American writes the checks under the D&O Policy.

9.      Moreover, even if AREH had control over how the D&O Policy proceeds could be used – which it does not – any concerns regarding the estate's ability to satisfy professional fees do not bear on the propriety of a professional's retention under section 327(a); rather, such decisions rest with a bankruptcy court's adjudication of fee applications filed by professionals and ultimately the feasibility of any plan proposed for confirmation by the Debtor under section 1191 of the Bankruptcy Code.

## RESERVATION OF RIGHTS AND REQUEST FOR EVIDENTIARY HEARING[9]

10.      The Debtor submits this Reply without prejudice to, and with a full reservation of its rights, claims, defenses, and remedies, including the right to amend, modify, or supplement, the Reply raise additional contentions, serve and take discovery in advance of the hearing on the Retention Application, and to introduce evidence at any hearing related to the Retention Application and this Reply, and without waiving or limiting any other rights of the Debtor may have to support the Retention Application.

**[Remainder of Page Intentionally Left Blank]**

---

[9] Allegations regarding attorney conflicts are matters of serious concern and the parties subject to such allegations should be afforded an opportunity to fully defend against the same. *See In re Persuad*, 467 B.R. 26, 30 (Bankr. E.D.N.Y. 2012) (Court conducting a nine-day evidentiary hearing on a contested retention application).

## CONCLUSION

The Debtor respectfully requests the Court overrule the Objection, enter the Order approving the Retention Application and grant such other and further relief as it may deem just and proper.

Dated:   New York, New York
         May 10, 2024

                                    **GRIFFIN LLP**


                                    By /s/ *Scott A. Griffin*____
                                    Scott A. Griffin
                                    Frank L. Eaton
                                    420 Lexington Avenue, Suite 400
                                    New York, New York 10170
                                    Telephone:  (646) 998-5580
                                    Facsimile:  (646) 998-8284

                                    and

                                    **WIGGIN AND DANA LLP**
                                    Nathan Denning
                                    Andrew C. Ritter (*pro hac vice pending*)
                                    Kate E. Cassidy
                                    437 Madison Avenue, 35th Floor
                                    New York, New York 10022
                                    Telephone: (212) 490-1700
                                    Facsimile:   (212) 551-2888

                                    *Proposed Co-Counsel for the Debtor*
                                    *and Debtor in Possession*