**WIGGIN AND DANA LLP**
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 490-1700
Facsimile: (212-551-2888
Nathan Denning
Andrew C. Ritter (*pro hac vice* pending)
Kate E. Cassidy

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re:                                                  :   Chapter 11
                                                        :   (Subchapter V)
JJ ARCH LLC,                                            :
                                                        :   Case No. 24-10381 (JPM)
                                                        :
                         Debtor.[1]                     :
                                                        :
---------------------------------------------------------------X

## WIGGIN AND DANA LLP'S MOTION TO WITHDRAW

Wiggin and Dana LLP ("Wiggin"), the proposed co-counsel to JJ Arch LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor" and, such case, the "Chapter 11 Case"), submits this motion (the "Motion") for entry of an order, pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing Wiggin to withdraw as Debtor's proposed co-counsel in this Chapter 11 Case (including that certain related adversary proceeding commenced in this Chapter 11 Case, Adv. Pro. No. 24-01335 (JPM) (the "Adversary Proceeding")). In further support of this Motion, Wiggin submits the *Declaration of Andrew Ritter in Support of Wiggin and Dana LLP's Motion to Withdraw* (the "Ritter Declaration"), filed concurrently herewith, and respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

**JURISDICTION**

1. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Wiggin consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On March 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code").

5. On March 19, 2024, Wiggin filed a notice of appearance as the Debtor's proposed co-counsel in the Chapter 11 Case.

6. On April 19, 2024, the Debtor filed the *Debtor's Application for Entry of an Order Pursuant to Sections 327(a), 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Wiggin and Dana LLP, as Conflicts and Litigation Counsel, Nunc Pro Tunc to the Date of Engagement* (the "Retention Application").

7. Since Wiggin's engagement by the Debtor, numerous fundamental disagreements have arisen between Wiggin and the Debtor regarding various aspects of the Chapter 11 Case and the Adversary Proceeding and there has been a fundamental and irreparable breakdown in the

2

attorney-client relationship between Wiggin and the Debtor. Ritter Declaration at ¶ 4. Such fundamental disagreements and the related breakdown in the attorney-client relationship have irreparably undermined Wiggin's ability to represent the Debtor effectively. *Id.*

8.      On May 11, 2024, Wiggin informed the Debtor that Wiggin intended to move to withdraw from its representation of the Debtor for such reasons. *Id.* at ¶ 5. Wiggin agreed to wait to file this Motion until on or around May 24, 2024, in order to provide the Debtor time to engage appropriate replacement counsel, and then subsequently delayed an additional week to provide the Debtor with more time to engage such counsel. *Id.* To Wiggin's knowledge, the Debtor has not yet engaged replacement counsel, although Wiggin understands that the Debtor is in contact with multiple law firms and intends to engage such counsel as soon as is reasonably practicable. *Id.*

9.      Due to certain events resulting from the fundamental and irreparable breakdown in Wiggin's attorney-client relationship with the Debtor, Wiggin can also no longer represent that it is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code. *Id.* at ¶ 6.

## RELIEF REQUESTED

10.     Local Rule 2090-1(e) provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Whether cause exists to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (internal quotation marks and citations omitted).

11.     New York's Rules of Professional Conduct (the "NYRPC") "govern[] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012 at *3 (Bankr. S.D.N.Y. June 21, 2019) (citing *SEC v. Gibraltar Global Securities*, No. 13 Civ. 2575, 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015)) (internal quotation marks omitted). "Codes of Professional Responsibility, like the

3

NYRPC, provide guidance to courts in determining what constitutes "good cause" for granting a motion to withdraw as counsel." *Id.*

12. Rule 1.16 of the NYRPC governs the mandatory and, in Rule 1.16(c), permissive termination of representations. Rule 1.16(c) of the NYRPC provides that "a lawyer may withdraw from representing a client when," among other things, "(4) the client insists upon taking action with which the lawyer has a fundamental disagreement[,]" "(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law[,]" and "(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]" Courts have also found that the conditions of Rule 1.16(c) of the NYRPC are satisfied more generally, and good cause to withdraw exists, where there has been a fundamental breakdown of trust between attorney and client and where the attorney-client relationship has deteriorated beyond repair. *See Wiener*, 2019 WL 2575012 at *5 (citing *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016 (JGK) (RLE), 1999 WL 335334 at *5 (S.D.N.Y. May 26, 1999); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990)). Consistent with its duty to protect client confidences and the Rules of Professional Responsibility, Wiggin has not provided details reflecting the breakdown of the attorney-client relationship in this filing.

13. Here, Wiggin's withdrawal is permitted under, among others, Rules 1.16(c)(4), (6) and (7) of the NYRPC, and good cause exists for such reasons. Good cause further exists given the fundamental and irreparable breakdown in the attorney-client relationship, which has irreparably undermined Wiggin's ability to represent the Debtor effectively. For these reasons,

Wiggin should be permitted to withdraw from representing the Debtor in the Chapter 11 Case, including the Adversary Proceeding.

## NOTICE

14. Notice has been provided either by facsimile, electronic transmission, overnight delivery or hand delivery to: (i) the Debtor; (ii) the United States Trustee; (iii) the Subchapter V Trustee; and (iv) each of the parties that have filed a notice of appearance in the Chapter 11 Case. Wiggin submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

15. A previous application for the relief requested by this Motion has not been made.

## CONCLUSION

WHEREFORE, Wiggin respectfully requests that this Court enter an order: (i) permitting Wiggin to withdraw as the Debtor's proposed co-counsel ; and (ii) granting such other and further relief as the Court may deem just and proper.


Dated: June 1, 2024
New York, New York

    Respectfully,

    /s/ *Nathan Denning*
    WIGGIN AND DANA LLP
    Nathan E. Denning, Esq.
    Andrew Ritter, Esq. (*pro hac vice* pending)
    Kate E. Cassidy
    437 Madison Avenue 35th Floor
    New York, New York 10022
    Tel: (212) 551-2600
    Email: ndenning@wiggin.com
    aritter@wiggin.com
    kcassidy@wiggin.com

# EXHIBIT A

(Proposed Order)

See Attached.

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
                                                            :    (Subchapter V)
JJ ARCH LLC,                                                :
                                                            :    Case No. 24-10381 (JPM)
                                                            :
                          Debtor.[2]                        :
                                                            :
------------------------------------------------------------X
```

### ORDER GRANTING WIGGIN AND DANA LLP'S MOTION TO WITHDRAW

Upon consideration of *Wiggin and Dana LLP's Motion to Withdraw* (the "Motion"),[3] the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; proper and adequate notice having been given under the circumstances; it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing thereof, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED.

2. Good cause has been established for Wiggin's withdrawal.

3. Wiggin is hereby permitted to withdraw, and shall be deemed to have withdrawn, as the Debtor's proposed co-counsel in the Chapter 11 Case, including the Adversary Proceeding.

4. The Retention Application shall be deemed withdrawn.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[2] The last four digits of the Debtor's federal tax identification number are 4251.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Motion.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June ___, 2024  
New York, New York

/s/ _____  
UNITED STATES BANKRUPTCY JUDGE