**WIGGIN AND DANA LLP**
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 490-1700
Facsimile: (212-551-2888
Nathan Denning
Andrew C. Ritter (*pro hac vice* pending)
Kate E. Cassidy

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
: 
In re:                                            :    Chapter 11
                                                  :    (Subchapter V)
JJ ARCH LLC,                                      :
                                                  :    Case No. 24-10381 (JPM)
                                                  :
                     Debtor.¹                     :
                                                  :
-----------------------------------------------------------X

## DECLARATION OF ANDREW RITTER IN SUPPORT OF WIGGIN AND DANA LLP'S MOTION TO WITHDRAW

I, Andrew Ritter, hereby declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member of the law firm Wiggin and Dana LLP, which is proposed co-counsel to JJ Arch LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor" and, such case, the "Chapter 11 Case").

2. I submit this Declaration in support of *Wiggin and Dana LLP's Motion to Withdraw* (the "Motion"), filed contemporaneously herewith.

3. Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

---

¹ The last four digits of the Debtor's federal tax identification number are 4251.

4.      Since Wiggin's engagement by the Debtor, numerous fundamental disagreements have arisen between Wiggin and the Debtor regarding various aspects of the Chapter 11 Case and the Adversary Proceeding and there has been a fundamental and irreparable breakdown in the attorney-client relationship between Wiggin and the Debtor.  Such fundamental disagreements, and the related breakdown in the attorney-client relationship have irreparably undermined Wiggin's ability to represent the Debtor effectively.

5.      On May 11, 2024, I informed the Debtor that Wiggin intended to move to withdraw from its representation of the Debtor for such reasons.  Wiggin agreed to wait to file the Motion until on or around May 24, 2024, in order to provide the Debtor time to engage appropriate replacement counsel, and then subsequently delayed an additional week to provide the Debtor with more time to engage such counsel.  To Wiggin's knowledge, the Debtor has not yet engaged replacement counsel, although Wiggin understands that the Debtor is in contact with multiple law firms and intends to engage such counsel as soon as is reasonably practicable.

6.      Due to certain events resulting from the fundamental and irreparable breakdown in Wiggin's attorney-client relationship with the Debtor, I can also no longer represent that Wiggin is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code.

7.      Wiggin's withdrawal is permitted under, among others, Rules 1.16(c)(4), (6) and (7) of the NYRPC.

Executed the 1st Day of June, 2024

*/s/ Andrew Ritter*
Andrew Ritter