**Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

**Griffin LLP**
420 Lexington Avenue
Suite 400
New York, NY 10170
Telephone: (646) 998- 5580
Facsimile: (646) 998-8284
Scott A. Griffin
Frank L. Eaton

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                :
In re:                          :   Chapter 11
                                :    (Subchapter V)
JJ ARCH LLC,                    :
                                :   Case No. 24-10381 (JPM)
                                :
            Debtor.[1]          :
                                :
------------------------------------------------------------X

### GRIFFIN LLP'S MOTION TO WITHDRAW AS PROPOSED GENERAL BANKRUPTCY COUNSEL FOR DEBTOR JJ ARCH LLC

Pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), Griffin LLP ("Griffin" or the "Firm"), respectfully moves this Court (the "Motion") for an order, substantially in the form attached hereto as Exhibit A, authorizing Griffin to withdraw as proposed general bankruptcy counsel ("General Bankruptcy Counsel") for JJ Arch LLC, the above-captioned debtor and debtor in possession (the "Debtor"), and in further support of the Motion submits the *Declaration of Scott A. Griffin in Support of Griffin LLP's Motion to Withdraw as Proposed*

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)

*General Bankruptcy Counsel for Debtor JJ Arch LLC* filed concurrently herewith, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for relief sought herein are Local Rule 2090-1 and 22 NYCRR Part 1200 (Rule 1.16).

4. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Griffin consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND

5. On February 2, 2024, the Debtor retained Griffin to assist it in the preparation, commencement, administration and completion of a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.*, (the "Bankruptcy Code").

6. On March 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with this Court.

7. The Debtor continues to manage and operate its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)

8. On April 5, 2024, the Debtor filed the *Debtor's Application for Entry of an Order Pursuant to Section 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin LLP, as General Bankruptcy Counsel, Nunc Pro Tunc to the Petition Date* [Dkt. No. 73].

9. In April of 2024, Griffin and the Debtor began to have a series of disagreements regarding the proper course and strategy for the administration and prosecution of the Chapter 11 Case. These disagreements, fueled by the Debtor's refusal to follow the Firm's advice relating to the conduct of the Chapter 11 Case, have regrettably resulted in an irreparable impasse regarding the next steps to successfully conclude the case. Accordingly, there is now an irreconcilable breakdown of the attorney-client relationship that prevents the Firm from satisfying its various obligations and duties to the Debtor.[2]

10. Accordingly, on May 10, 2024, Griffin informed the Debtor that it intended to seek relief from the Court to withdraw as General Bankruptcy Counsel and later advised that it would delay requesting such relief until May 24, 2024 (the "Withdrawal Date") to afford the Debtor sufficient time to engage replacement counsel. Griffin agreed to further extend the Withdrawal Date to May 31, 2024, to provide the Debtor additional time to obtain new counsel. Griffin understands that the Debtor has been in discussions with numerous law firms to serve as its new proposed general bankruptcy counsel and that it intends to engage a firm to serve in such capacity as soon as practicable.

## RELIEF REQUESTED

11. Griffin seeks an order from the Court granting it leave to withdraw as General Bankruptcy Counsel due to the parties' fundamental disagreement regarding case strategy, the

---

[2] As a result of the irreconcilable breakdown of the attorney-client relationship and various events occurring in connection therewith, Griffin is no longer "disinterested" as required for general bankruptcy counsel under section 327(a) of the Bankruptcy Code, and as such term is defined under section 101(14) of the Bankruptcy Code.

Debtor's refusal to follow the legal advice provided by the Firm, and the Debtor's failure to cooperate in its representation such that the attorney-client relationship is now broken beyond repair. Indeed, the breakdown of the attorney-client relationship is preventing the Firm from satisfying its obligations and duties to the Debtor. Moreover, in light of the current preliminary posture of the Chapter 11 Case, including the pending motion to dismiss the Chapter 11 Case and related litigation, Griffin does not believe the Debtor will be prejudiced by the Firm's withdrawal and respectfully request that the Court approve the Motion.

## BASIS FOR RELIEF REQUESTED

12. Rule 2090-1(e) of the Local Bankruptcy Rules provides that "[a]n attorney who has appeared of record may withdraw or be replaced only by order of the Court for cause shown." Local Bankruptcy Rule 2090-1(e). The rule is "an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule." *Goldstein v. Albert (In re Albert)*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002). Local Rule 1.4 states, in pertinent part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case including its position, if any, on the calendar [.]

Rule. 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules").

13. A court's decision to grant or deny a motion to withdraw is within the court's discretion and in making such determination courts consider the reasons for such withdrawal and the impact of the withdrawal on the timing of the proceeding. *See Delgado v. Donald J. Trump for*

4

24-10381-jpm    Doc 120    Filed 06/03/24    Entered 06/03/24 21:07:00    Main Document
Pg 5 of 10

Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)

*President, Inc., et al.*, No. 19 Civ. 11764 (AT) (KHP), ECF. No. 174 at *3 (S.D.N.Y. Dec. 19, 2023).

14. To establish the requisite "cause" for withdrawal, "a lawyer appearing before this Court must make an application for withdrawal supported by affidavit or otherwise and a showing of satisfactory reasons sufficient to constitute cause for withdrawal." In re *Albert*, 277 B.R. at 45. The Court need not assign blame to one party in deciding whether sufficient cause exists to authorize withdrawal. See *Delgado* at *4 (noting that "the Court need not determine the 'source of strain' on the relationship or assign blame in deciding the motion to withdraw"). Instead, a "breakdown of the attorney-client relationship" warranting withdrawal exists if counsel can "no longer fulfill [their] obligations" to their clients. *See In re Tosif*, No. 12-71932 (AST), 2012 WL 4832335, at *3 (Bankr. E.D.N.Y. Oct. 10, 2012). Correspondingly, withdrawal is appropriate where the relationship is damaged beyond repair. *See In re Wiener,* No. 18-13042 (JLG), 2019 WL 2575012 at *5 (Bankr. S.D.N.Y. June 21, 2019) (citing *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016 (JGK) (RLE), 1999 WL 335334 at *5 (S.D.N.Y. May 26, 1999). Here, the irreparable breakdown in the attorney-client relationship between Griffin and the Debtor constitutes sufficient cause for withdrawal.

### Cause Exists to Permit Griffin's Withdrawal as Counsel

15. Pursuant to Rule 1.16(c)(4), (6) and (7) of the New York Rules of Professional Conduct, an attorney's withdrawal is proper when the client, *inter alia*, "insists upon taking action with which the lawyer has a fundamental disagreement;" "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;" or "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See* 22 NYCRR 1200, Rule1.16(c)(4), (6) and (7); *see also*, *United*

5

Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)

*States v. Lawrence Aviation Industries, et al.,* No. 06 Civ. 4818 (JMA) (AYS), ECF. No. 124 at *1-2 (E.D.N.Y. Feb. 11, 2011) (noting that "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult to carry out [such] employment effectively" or "'when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in litigation'") (citations omitted).

16. As General Bankruptcy Counsel, Griffin has provided the Debtor with a comprehensive legal strategy for the administration and prosecution of the Chapter 11 Case. *See* Griffin Declaration, ¶ 3. The Debtor, however, does not agree with the proposed strategy, and refuses to follow Griffin's recommendations regarding how best to move this Chapter 11 Case to plan confirmation. See *Id.* ¶ 4. Thus, there is a fundamental disagreement between Griffin and the Debtor regarding case strategy for the successful conclusion of this case. Because of this disagreement, the Debtor has refused to cooperate with the strategy recommended by Griffin for administering and prosecuting the Chapter 11 Case, resulting in an irreparable breakdown in the attorney-client relationship which now prevents the Firm from fulfilling its obligations to the Debtor. *Id.* ¶ 5. Additionally, as result of events occurring in conjunction with the irreparable breakdown of the parties' attorney-client relationship, Griffin is no longer "disinterested" as required under section 327(a) of the Bankruptcy Code to serve as General Bankruptcy Counsel. *Id.* ¶ 6.[3] Accordingly, requisite cause exists to authorize Griffin's withdrawal as general bankruptcy counsel for the Debtor.

17. Additionally, Griffin does not believe that the Firm's withdrawal will adversely impact the administration and prosecution of the Chapter 11 Case. Indeed, although the Chapter

---

[3] In conjunction with its ethical obligations to the Debtor under the New York Rules of Professional Conduct, Griffin has not included details regarding the Firm's disagreement with the Debtor on case strategy or the specific instances demonstrating the irreconcilable break down in the attorney-client relationship.

6

24-10381-jpm    Doc 120    Filed 06/03/24    Entered 06/03/24 21:07:00    Main Document
Pg 7 of 10

Hearing Date & Time: June 20, 2024 at 9:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2024 at 4:00 p.m. (Prevailing Eastern Time)

11 Case was commenced in early March 2024, the case remains in its early stages as a result of ongoing litigation in the case, with such litigation also being in its preliminary stages. *Id.* ¶ 7.

18.   Accordingly, the Firm does not believe that withdrawal will harm the Debtor and respectfully submits that the Court should grant its withdrawal request.

## NOTICE

19.   Notice has been provided either by facsimile, electronic transmission, first class United States mail, overnight delivery, or hand delivery to: (i) the Debtor; (ii) the United States Trustee; (ii) the Subchapter V Trustee; and (iii) any parties required to be served under Rule 9013-1(b) of the Local Bankruptcy Rules or any other applicable Bankruptcy Rule or Local Bankruptcy Rule. Griffin submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

20.   No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, for all of the above reasons, Griffin LLP respectfully requests that the Court grant its motion to withdraw as General Bankruptcy Counsel for the Debtor, and any other relief the Court deems just and proper.

Dated: New York, New York  
      June 3, 2024

**GRIFFIN LLP**

By: /s/ *Scott A. Griffin*  
Scott A. Griffin  
Frank L. Eaton  
420 Lexington Avenue, Suite 400  
New York, New York 10170  
sgriffin@grifflegal.com  
Telephone: (646) 998-5580  
Facsimile: (646) 998-8284

7

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re: : Chapter 11
: (Subchapter V)
JJ ARCH LLC, :
: Case No. 24-10381 (JPM)
:
Debtor.[1] :
:
---------------------------------------------------------------X

### ORDER GRANTING GRIFFIN LLP'S MOTION TO WITHDRAW AS PROPOSED GENERAL BANKRUPTCY COUNSEL FOR DEBTOR JJ ARCH LLC

Upon the motion[2] of Griffin LLP ("Griffin" or the Firm) pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") to withdraw as General Bankruptcy Counsel for the Debtor; and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that satisfactory reasons exist establishing sufficient cause for Griffin's withdrawal pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules and Local Civil Rule 1.4; and it is further

**ORDERED** that Griffin is permitted to withdraw as General Bankruptcy Counsel to the Debtor in the Chapter 11 Case; and its further

**ORDERED** that *Debtor's Application for Entry of an Order Pursuant to Section 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules*

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

1

*2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin LLP, as General Bankruptcy Counsel, Nunc Pro Tunc to the Petition Date* shall be deemed withdrawn; and it is further

**ORDERED** that Griffin is to be removed as counsel of record for the Debtor from any applicable service lists, including the Court's CM/ECF electronic notification list, maintained in the above-captioned case and related adversary proceedings; and it is further

**ORDERED** that the terms and conditions of this Order shall become effective immediately and enforceable upon entry; and its further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York  
_____, 2024

_____  
HONORABLE JOHN P. MASTANDO III  
UNITED STATES BANKRUPTCY JUDGE