DAVIDOFF HUTCHER & CITRON LLP
*Proposed Substitute Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| JJ ARCH LLC, | Case No.: 24-10381 (JPM) |
| Debtor. | |

-----------------------------------------------------------X

### APPLICATION TO EMPLOY AND RETAIN DAVIDOFF HUTCHER & CITRON LLP AS SUBSTITUTE ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF MAY 17, 2024

**TO:    THE HONORABLE JOHN P. MASTANDO III,
         UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by its Manager, Jeffrey Simpson, hereby submits this application (the "**Application**") seeking entry of an order authorizing the Debtor's retention of Davidoff Hutcher & Citron LLP ("**DHC**") as its substitute attorneys in this Chapter 11 case. In support of its Application, the Debtor respectfully represents as follows:

### JURISDICTION

1.    The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory basis for the relief requested herein is section 327(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**").

3. On March 7, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code (the "**Chapter 11 Case**").

4. Thereafter, the instant proceedings were referred to your Honor for administration under the Bankruptcy Code.

5. The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 8, 2024, Eric Huebscher was appointed as the Chapter 11 Subchapter V trustee. No examiner or statutory committee has been appointed.

6. The Debtor was originally represented by Scott A. Griffin, Esq., on behalf of Griffin LLP. Griffin LLP filed an *Application for Employment* [Docket No. 73] on April 5, 2024. An order granting the application has not been entered by this Court as of the date of this Motion.

7. On June 5, 2024, the Debtor filed an *Amended Voluntary Petition to Reflect Withdrawal of Subchapter V Election* [Docket No. 124] thereby removing the Subchapter V designation from the Debtor's case.

8. The Debtor's case is more complicated than I originally expected. As a result, I decided to retain DHC as substitute counsel to effectively move this case towards a successful and swift conclusion to the satisfaction of all interested parties.

9. On May 17, 2024, I commenced discussions with DHC to act as substitute counsel for the Debtor and to replace Mr. Griffin.

10. Therefore, the Debtor desires to employ DHC to help get the Chapter 11 Case on track towards a consensual reorganization.

## RELIEF REQUESTED

11.     The Debtor seeks to retain DHC as its attorneys in this Chapter 11 Case. Accordingly, the Debtor requests entry of an order in substantially the form annexed hereto as **Exhibit "A"** and pursuant to Bankruptcy Code section 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to employ and retain DHC as its attorneys to perform services necessary in the Chapter 11 Case.

12.     The professional services DHC will render to the Debtor include, without limitation, the following:

    a.    To give advice to the Debtor with respect to its powers and duties as Debtor-in-Possession and the continued management of its property and affairs.

    b.    To negotiate with creditors of the Debtor to work out a plan of reorganization and take the necessary legal steps in order to effectuate such a plan including, if need be, mediation with certain key creditors and other parties in interest.

    c.    To prepare the necessary answers, orders, reports and other legal papers required for a debtor who seeks protection from its creditors under Chapter 11 Subchapter V of the Bankruptcy Code.

    d.    To prepare the necessary papers to remove the Chapter 11 Case from Subchapter V and into a traditional Chapter 11 case.

    e.    To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court.

    f.    To attend meetings and negotiate with representatives of creditors and other parties in interest.

    g.    To advise the Debtor in connection with any potential refinancing of secured debt and any potential sale of the business.

    h.    To represent the Debtor in connection with obtaining post-petition financing.

    i.    To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization.

  j. To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, its creditors and the estate.

13. The Debtor selected DHC because DHC and certain of its attorneys have extensive experience representing debtors in proceedings before this Court and are well suited to represent the Debtor in the instant proceedings.

14. It is necessary for the Debtor to employ DHC for such professional services pursuant to section 327 of the Bankruptcy Code.

15. To the best of the Debtor's knowledge, DHC has no connection with the creditors or any other party in interest or their attorneys. The affidavit of Jonathan S. Pasternak, Esq. (the "**Pasternak Affidavit**") as to DHC's disinterestedness is annexed hereto as **Exhibit "B"**. To the best of the Debtor's knowledge, DHC does not hold or represent any interest adverse to the Debtor's estate, except as maybe set forth in the Pasternak Affidavit. The Debtor, therefore, believes that DHC is a "disinterested person" as defined in Bankruptcy Code section 101(14), and DHC's employment is necessary and in the best interest of the Debtor and the estate.

16. Subject to Court approval, compensation will be paid to DHC for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. DHC's hourly rates for matters related to this Chapter 11 proceeding are as follows:

| | |
|---|---|
| Attorneys | $475-$850 |
| Paraprofessionals | $195-$275 |

17. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard, rates for work of this nature. These rates are designed to fairly compensate DHC for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

18.     On June 3, 2024, DHC received an initial retainer of $25,000 from me personally. Following court approval and pursuant to our agreement, DHC will receive another $25,000 on or before June 30, 2024 from me personally. Furthermore, upon court approval, DHC will receive a third and final retainer of $25,000 from me personally on or before July 30, 2024. None of the retainer was or is to be paid on account of any antecedent debt. In addition, DHC is not a pre-petition creditor of the Debtor. A Lar Dan declaration further disclosing this payment is annexed to the Application as **Exhibit "C"**.

19.     DHC will be paid for the legal services rendered upon application duly filed with this Court and order(s) pursuant to Bankruptcy Code sections 330 and 331.

20.     The Debtor desires to employ DHC pursuant to Bankruptcy Code section 327 because of the extensive legal services, which are required and indeed are anticipated for a successful reorganization under Chapter 11 of the Bankruptcy Code.

**WHEREFORE**, the Debtor prays for an Order of this Court authorizing them to employ and DHC to represent them as counsel in these proceedings under Chapter 11 of the Bankruptcy Code, together with such other and further relief as appears just to this Court, for all of which no previous application has been made.

Dated: New York, New York
        June 10, 2024

                                JJ Arch LLC


                                By: */s/ Jeffrey Simpson*
                                    Jeffrey Simpson, Manager