DAVIDOFF HUTCHER & CITRON LLP
*Proposed Substitute Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

JJ ARCH LLC,                                                Case No.: 24-10381 (JPM)

                               Debtor.
------------------------------------------------------------X

**DEBTOR'S RESPONSE TO REPLY IN FURTHER SUPPORT
OF MOTION TO EXPAND POWERS OF THE SUBCHAPTER V TRUSTEE**

**TO:    THE HONORABLE JOHN P. MASTANDO III,
            UNITED STATES BANKRUPTCY JUDGE:**

        JJ Arch LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through its proposed undersigned counsel, files this response (the "**Response**") to 40 Neutral LLC's ("**40 Neutral**") and Kay Properties LLC's ("**Kay**", and together with 40 Neutral the "**Complaining Parties**")[1] motion to expand the powers of the Subchapter V trustee and respectfully states as follows:

---

[1] Debtor challenges the Complaining Parties standing to bring their motion *ab initio* as they are not creditors of the Debtor. Moreover, no court of law has found any clear and convincing evidence, i.e., fraud or mismanagement warranting the relief sought, considered a drastic remedy by the courts, and "the movant's burden is high." *In re Neosho Concrete*, 2021 WL 1821444, at *8 (citing *Keeley and Grabanski Land P'ship.*, 455 B.R. at 163); *see also In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007) ("The appointment of a chapter 11 trustee is an extraordinary remedy."). As the U.S. Trustee ("UST") concedes, it bears the burden of establishing cause for removal "by clear and convincing evidence." UST Br. at 13 (quoting *In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007)); *see also In re Sillerman*, 605 B.R. 631, 640-41 (Bankr. S.D.N.Y. 2019) ("cause" for removal must be shown "by clear and convincing evidence"). Indeed, "[t]here is a strong presumption in favor of allowing a chapter 11 [DIP] to remain in possession." *In re Neosho Concrete*, 2021 WL 1821444, at *8 (citing *Keeley and Grabanski Land P'ship.*, 455 B.R. at 162); *see also 1031 Tax Grp.*, 374 B.R. at 85 (same).

1

**Response**

1. A debtor-in-possession under title 11 of the United States Code, as amended (the "**Bankruptcy Code**") has the exclusive right to elect which part of Chapter 11 it will reorganize under. The Debtor here retained substitute counsel on May 17, 2024. On June 5, 2024, the Debtor exercised its unequivocal right and filed an amended petition removing the case from Subchapter V. A copy of the amended petition is annexed hereto as **Exhibit 1**.

2. Unlike the Complaining Parties' Reply, Debtor's Response is supported by the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Pursuant to Bankruptcy Rule 1009(a) "[a] voluntary petition, list, schedule, or statement **may be amended by the debtor as a matter of course at any time before the case is closed**." Fed. R. Bank. P. 1009 (emphasis added). Therefore, the Debtor has the exclusive right to amend the petition at any time before the case is closed.

3. The Complaining Parties' Reply[2] fails to state a claim for relief. In fact, the Complaining Parties' do not cite to any Bankruptcy Rule, section of the Bankruptcy Code or any case law construing the Bankruptcy Rules and Bankruptcy Code that limits the Debtor's unilateral right to file an amended petition removing the Subchapter V election before the close of a case.

---

[2] *Reply in Further Support of Motion to Expand Powers of the Subchapter V Trustee* [Docket No. 137] (the "**Reply**"). Capitalized terms not herein defined shall have their meanings in the Reply.

2

4.  Here, the Debtor has determined that its case is too complex to administer under Subchapter V and resolve the myriad of issues and ongoing litigation before the Court. In light of the Court's decisions entered on June 10, 2024,[3] all parties would be best served to have this Chapter 11 case administered as a traditional Chapter 11 because it affords the Debtor and all parties more flexibility to achieve a successful outcome.

5.  The Debtor's legitimate stakeholders will benefit from and will certainly not be prejudiced by the amendment from Subchapter V because, *inter alia*, plan formulations and negotiations without the timing limitations of Subchapter V will be far more fruitful.

**WHEREFORE**, the Debtor respectfully requests the Court deny the Motion and grant the Debtor such other related relief as the Court may deem necessary.

Dated: New York, New York
      June 18, 2024

                       */s/ Jonathan S. Pasternak*
                        Jonathan S. Pasternak
                       DAVIDOFF HUTCHER & CITRON LLP
                       *Proposed Substitute Attorneys for the Debtor*
                       605 Third Avenue
                       New York, New York 10158
                       (212) 557-7200

---

[3] *See Memorandum Opinion and Order, and Findings of Fact and Conclusions of Law, on Jared Chassen and Arch Real Estate Holdings LLC's Joint Motion to Remand Based on Lack of Jurisdiction or, in the Alternative, Principles of Abstention or Equity* [Docket No. 131] and *Memorandum Opinion and Order* [Docket No. 132].