

VIA ECF

September 5, 2024

The Honorable Judge John P. Mastando, III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

### Re: JJ Arch, LLC; Case No. 24-10381; Subchapter V Trustee; 3rd Status Report

Dear Judge Mastando:

I was appointed as Subchapter V Trustee ("Trustee") in the Subject case on March 8, 2024 (ECF 2). The Trustee filed the first Status Report on April 25, 2024 (ECF 95). The Trustee filed the second Status Report on August 19, 2024 [ECF 175]. On June 5, 2024 the Debtor amended their voluntary petition withdrawing the Subchapter V election (ECF 124). On June 27, 2024 the Trustee filed a final fee application (ECF 153). On June 27, 2024 the Trustee filed a Certificate of Service (ECF 156). On July 17, 2024 the Trustee filed a Certificate of No Objection to the fee application (ECF 169). On August 7, 2024 the court entered an order ("Order") directing payment of final fees and expenses (ECF 172).

The Order directed payment within 5 days after entry of the order i.e. August 12, 2024. The Trustee emailed counsel to the Debtor on August 7 when the Order was entered. The Trustee had four email exchanges with counsel to the Debtor on August 12, 2024, where the Trustee was told that "…my client needs until early September to pay…" and "…my client will pay your fees in full, don't worry…". On August 14, 2024 the Trustee emailed counsel to the Debtor requesting a date certain when the Order will be satisfied. Counsel to the Debtor did not respond to this email requesting a date certain.

On September 3, 2024 the Trustee emailed counsel to the Debtor inquiring when in "early September" the fees would be paid pursuant to the Order.  On September 3, 2024 the Trustee received an email from counsel to the Debtor stating that "...the plan provides for all admins including your fees…"[1] and "…At this time there is no money in the estate…". The Trustee informed counsel to the Debtor of the attached local rule, which requires the Debtor to deposit $1,000 per month during the pendency of a Chapter 11, Subchapter V case. Counsel to the Debtor stated that "…I am not aware of any escrow…".[2]

---

[1] The plan was filed on September 3, 2024 [ECF 184]. Paragraph 5.2(c) ii, addresses the Subchapter V fees and confirms that a fee application was filed on June 27, 2024. However, the plan does not acknowledge that an order on this application was entered on August 7, 2024.

[2] The Trustee was informed by prior counsel to the Debtor that amounts required by the local rule would be deposited into the counsel's trust account.



The April 2024 MOR showed cash on hand of $133.97, not including "Net cash flow" of $494.23. The May MOR was filed on September 3, 2024 [ECF 181]. The May MOR did not include any banking documents and included $344.00 of income. The June MOR was filed on September 3, 2024 [ECF 182] and did not include any banking documents. The June MOR did not show any income and a ending cash balance of $478.00. The July MOR was filed on September 3, 2024 [ECF 183]. The July MOR did not show any income and had a cash balance of $478.00. The July MOR did not include banking documents.[3] During the pendency of this case, the Debtor has not shown any ability to generate income from ongoing business activity.

The Trustee respectfully requests that the above issues be addressed during the hearing to held on September 10, 2024.

Sincerely,

Eric Huebscher
Subchapter V Trustee

---

[3] This Debtor has been unable to open a DIP bank account.