KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000
Sean C. Southard, Esq.
Brendan M. Scott, Esq.
ssouthard@klestadt.com
bscott@klestadt.com

-and -

SCHWARTZ LAW PLLC
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*

OLSHAN FROME WOLOSKY LLP
Adam H. Friedman
Jonathan T. Koevary
Katherine Mateo
1325 Avenue of the Americas
New York, NY 10019
212.451.2300
afriedman@olshanlaw.com
jkoevary@olshanlaw.com

*Counsel for Arch Real Estate Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JJ ARCH LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 24-10381 (JPM) |

### *EX PARTE* JOINT MOTION FOR ENTRY OF AN ORDER AUTHORIZING MOVANTS JARED CHASSEN AND ARCH REAL ESTATE HOLDINGS LLC TO FILE EXHIBIT UNDER SEAL

Jared Chassen ("Mr. Chassen") and Arch Real Estate Holdings LLC ("AREH" and together with Mr. Chassen, the "Movants")), by and through their respective undersigned counsel, hereby files this motion (the "Motion to Seal"), pursuant to sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1 (the "Local Bankruptcy Rules"), seeking

12621993-1

entry of an order in the form attached hereto as <u>Exhibit A</u> authorizing the filing of a redacted version of the Exhibit A to the Reply filed contemporaneously herewith of Movants (the "Reply") in further support of Movant's *Motion* (the "<u>Motion</u>")[1] *to Dismiss the Chapter 11 Case for the Debtor's Failure to Comply with its Obligations* dated August 6, 2024 [ECF No. 170]. In support of this Motion to Seal, the Movants respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue concerning the Motion to Seal is proper in this District pursuant to 28 U.S.C. § 1410. The predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1.

## BACKGROUND

2. On September 5, 2024, Mr. Simpson, who has been acting for the Debtor, and Kevin Wiener of AREH, engaged in an email exchange consisting of four total communications, which are collectively attached as Schedule 1 to the attached proposed order and Exhibit A to the Reply in a single redacted PDF (the "<u>September 5 Email</u>").

3. In the most recent communication of the September 5 Email, at 1:05 pm, Mr. Simpson conceded certain points pertinent to the Motion and to the Reply.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

4. The original communication found at the bottom of the September 5 Email was sent by Mr. Wiener at 10:58 a.m. That original communication consists of commercially sensitive confidential information concerning a non-Debtor entity managed by AREH and is redacted.

5. It is the Movants' position that the redacted portion is not relevant to the matters concerning the Motion or Reply. However, as an abundance of caution in order to preserve the record, Movants seek to file the unredacted September 5 Email in its entirety under seal.

## RELIEF REQUESTED

6. By this Motion to Seal, Movants request entry of the proposed order, a form of which is attached hereto as <u>Exhibit A</u>, authorizing Movants to (i) file a version of the September 5 Email on the public docket, redacted to the extent it discusses the commercially sensitive confidential information and (ii) file an unredacted version of the September 5 Email under seal.

## BASIS FOR RELIEF

7. The Bankruptcy Code provides strong support for filing confidential information under seal. Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. Bankruptcy Code Section 107(b) provides:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information

11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 further defines procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial

3

> information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

FED. R. BANKR. P. 9018.

9. The Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *Id*. at 28.

10. Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers*, 21 F.3d at 27.

11. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing FED. R. BANKR. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.,* 295 B.R. at 724. Moreover, Bankruptcy Code section 105(a) codifies the bankruptcy court's inherent equitable

powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Movants assert that the redacted portion of the September 5 Email consists of information of a commercially sensitive confidential nature. Movants respectfully requests that this Court grant the relief requested in this Motion to Seal.

### Compliance with Local Rule 9018-1:

13. With respect to the remaining portions of Local Rule 9018-1:

(2) only Movants and the Debtor will have access to the September 5 Email;

(3) the duration of the seal will be for the entirety of this Chapter 11 Case;

(4) counsel for AREH will retrieve all documents filed under seal at the conclusion of this Chapter 11 Case;

(5) redaction of the portions that are confidential are tailored and appropriate and is proposed in good faith; and

(6) the annexed proposed Order provides that it is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the September 5 Email, or any part thereof.

### NO PRIOR REQUEST

14. No prior motion for the relief sought herein has been made by Movants to this Court or any other court.

### NOTICE

15. This Motion to Seal has been made *ex parte*. Movants submit that no other or further notice need be provided. Also, a copy of this Motion together with a copy of the September 5, 2024 will be provided to Chambers.

5

12621993-1

## CONCLUSION

**WHEREFORE**, Movants respectfully request that the Court enter an order in the form annexed hereto as <u>Exhibit A</u>, authorizing Movants to (i) file a redacted version of the September 5 Email on the public case docket, and (ii) file an unredacted version of the September 5 Email under seal with the Clerk of the Court, and grant such other and further relief it deems necessary and appropriate.

Dated: September 6, 2024

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

<u>/s/ Sean C. Southard</u>
Sean C. Southard
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, New York 10036
ssouthard@klestadt.com
bscott@klestadt.com

-and-

**SCHWARTZ LAW PLLC**
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*

-and-

**OLSHAN FROME WOLOSKY LLP**

<u>/s/ Jonathan T. Koevary</u>
Adam H. Friedman
Jonathan T. Koevary
Katherine Mateo
1325 Avenue of the Americas
New York, NY 10019
212.452.2300
afriedman@olshanlaw.com
jkoevary@olshanlaw.com

*Counsel for Arch Real Estate Holdings LLC*

12621993-1