

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES
NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES
WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 646-428-3124
E-MAIL: JSP@DHCLEGAL.COM

September 26, 2024

By ECF

Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004-1408

**In re JJ Arch LLC, No. 24-10381 (JPM)**
**Request for Mediation**

Dear Judge Mastando:

This firm is counsel to the Debtor in the above referenced matter. As your Honor heard, numerous issues were raised by the various parties at the hearing held yesterday, September 25, 2024. As your Honor further heard, the Debtor requested that the Court order mediation in an attempt for the parties to have a forum to discuss and hopefully resolve these issues. We are writing now to renew that request and provide the Court with the basis upon which the Court may compel mediation among the parties.

Local Bankruptcy Rule 9019-1 provides that alternative dispute resolution, such as mediation, shall be conducted in the manner required by a standing order of the Court. This Court's General Order M-452 and the Procedures Governing Mediation of Matters, Etc. as revised June 27, 2013 ("Procedures") sets forth the procedures governing mediation of matters. Pursuant to the Standing Order, this Court may "order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee." Procedures, at § 1.1.

Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(d) of the Bankruptcy Code further provides that "[t]he court, on its own motion or on the request of a party in interest (1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and (2) unless

Hon. John P. Mastando III
September 26, 2024
Page 2

inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d).

The relief requested is substantially similar to the relief that has been granted by this Court in connection with similar requests to implement mediation procedures and on its own initiative. See, e.g., In re LightSquared Inc., Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 28, 2014) [Docket No. 1557]; In re Boston Generating, LLC, Case No. 10-14419 (SCC) (Bankr. S.D.N.Y. Sept. 28, 2012) [Docket No. 1094]; In re Ames Department Stores, Inc., Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) [Docket No. 3195] (assigning Section 546 preference actions to mediation).

Courts in this district and others have held that a district court (or bankruptcy court) has the authority to order parties before it to nonconsensual, non-binding mediation. See Transcript of Record at 67, In re Chemtura Corp., Case No. 09- 11233 (REG) (Bankr. S.D.N.Y. Jan. 25, 2011); In re A.T. Reynolds & Sons, Inc., 424 B.R. 76, 86 (Bankr. S.D.N.Y. 2010), rev'd on other grounds, In re A.T. Reynolds & Sons, Inc., 452 B.R. 374 (S.D.N.Y. 2011) ("While it goes without saying that a court may not order parties to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk analysis."); see also In re Atlantic Pipe Corp., 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of judicial authority for ordering mandatory non-binding mediation of pending cases, namely, (a) the court's local rules, (b) an applicable statute, (c) the Federal Rules of Civil Procedure, and (d) the court's inherent powers."); Lockhart v. Patel, 115 F.R.D. 44, 45 (E.D. Ky. 1987) (imposing sanctions on an insurance company that failed to attend a nonconsensual, non-binding mediation ordered by the district court).

The Debtor submits that Court-ordered mediation is necessary and appropriate at this stage to ensure an equitable and economical conclusion to this proceeding. Without the assistance of the Court, the parties will remain at loggerheads, continue to litigate these issues without end and at an incredible cost and potential harm to the estate as well as all interested parties. Fed.R.Civ.P. Rule 1, though not directly incorporated into the Federal Rules of Bankruptcy Procedure, is instructive, stating:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Hon. John P. Mastando III
September 26, 2024
Page 3

      As such, the Debtor submits that the Court has ample authority to compel the parties to participate in mediation. The Debtor views itself, Arch Real Estate Property Holdings LLC, Jared Chassen and 608941 NJ Inc. as the necessary parties to any mediation.

      The Debtor and its counsel strongly believe in the positive benefits that mediation can achieve and urges the Court to use its authority to bring the parties together in an attempt to stop endless litigation, harm and diminution and reach a consensual understanding that benefits all parties.

      Respectfully submitted,

*/s/ Jonathan S. Pasternak*

Jonathan S. Pasternak

JSP/

cc:  Leslie Thorne, Esq.
     Jonathan T. Koevary, Esq.
     Sean Southard, Esq.
     ALL PARTIES RECEIVNG ECF NOTIFICATION