**OLSHAN FROME WOLOSKY LLP**
Adam H. Friedman
Jonathan T. Koevary
1325 Avenue of the Americas
New York, NY 10019
212.451.2300
afriedman@olshanlaw.com
jkoevary@olshanlaw.com

*Attorneys for Arch Real Estate Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JJ ARCH LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10381 (JPM) |
| JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC and JJARCH LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>JARED CHASSEN and FIRST REPUBLIC BANK,<br><br>Defendants. | Adv. Pro. No. 24-01335 (JPM)<br><br>***EX PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING ARCH REAL ESTATE HOLDINGS LLC <u>TO FILE DOCUMENTS UNDER SEAL</u>** |
| JARED CHASSEN, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC and JJARCH LLC,<br><br>Counterclaim-Plaintiffs,<br><br>-against-<br><br>JEFFREY SIMPSON and YJ SIMCO LLC,<br><br>Counterclaim-Defendants<br><br>And | |

12658996-1

JJ ARCH LLC and ARCH REAL ESTATE HOLDINGS LLC,

        Nominal Defendants.

608941 NJ INC,

        Intervenor-Plaintiff,

-against-

JEFFREDY SIMPSON, JJ ARCH LLC, and ARCH REAL ESTATE HOLDINGS LLC,

        Defendants

And

ARCH REAL ESTATE HOLDINGS, LLC

        Nominal Defendant.

Arch Real Estate Holdings LLC ("AREH") by and through its undersigned counsel, hereby files this motion (the "Motion to Seal"), pursuant to sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1 (the "Local Bankruptcy Rules"), seeking entry of an order in the form attached hereto as Exhibit A authorizing the filing of Sealed Documents (defined below) to the Motion filed contemporaneously herewith of AREH (the "Motion") dated October 10, 2024 [ECF No. 210/Adv. Pro. No. 40]. In support of this Motion to Seal, AREH respectfully represents as follows:

2

12658996-1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue concerning the Motion to Seal is proper in this District pursuant to 28 U.S.C. § 1410. The predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1.

## BACKGROUND

2.      The Motion contemplates the sale of non-debtor assets over which the Debtor has consent rights. The key terms of the sale and the underlying agreement are confidential by nature: Section 21 of the purchase and sale agreement (the "PSA") contemplates confidentiality. Likewise, the accompanying declaration of Kevin Wiener (the "Wiener Decl.") attaches certain limited liability company agreements containing personally confidential information, including addresses and social security numbers ("Personal Information").

3.      For that reason, the PSA is filed under seal and along with a description of the key terms set forth in the Motion and the personally confidential information in the LLC agreements. The unredacted versions will be filed under seal. AREH submits since this sale concerns non-Debtor assets, commercially sensitive information, and Personal Information, maintenance of confidentiality is appropriate, warranted, and commercially reasonable.

## RELIEF REQUESTED

4.      By this Motion to Seal, Movants request entry of the proposed order, a form of which is attached hereto as Exhibit A, authorizing Movants to (i) versions of the PSA, the Motion, and the Personal Information on the public docket, redacted to the extent it discusses the

3

commercially sensitive or personal confidential information and (ii) file an unredacted version of the Motion, the LLC Agreements, and the PSA (collectively, the "Sealed Documents") under seal.

## BASIS FOR RELIEF

5.  The Bankruptcy Code provides strong support for filing confidential information under seal. Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. Bankruptcy Code Section 107(b) provides:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information

11 U.S.C. § 107(b).

6.  Bankruptcy Rule 9018 further defines procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

FED. R. BANKR. P. 9018.

7.  The Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Unlike its

counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *Id*. at 28.

8. Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers*, 21 F.3d at 27.

9. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *In re Global Crossing, Ltd*., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing FED. R. BANKR. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp*., 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.,* 295 B.R. at 724. Moreover, Bankruptcy Code section 105(a) codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. AREH asserts that the PSA and the redacted portions of the Motion consists of information of a commercially sensitive confidential nature. AREH further asserts that the Personal Information is sensitive and requires confidentiality. AREH respectfully requests that this Court grant the relief requested in this Motion to Seal.

### Compliance with Local Rule 9018-1:

11. With respect to the remaining portions of Local Rule 9018-1:

(2)  only AREH, Mr. Chassen, the Debtor, and the US Trustee will have access to the Sealed Documents;

(3)  the duration of the seal will be for the entirety of this Chapter 11 Case;

(4)  counsel for AREH will retrieve all documents filed under seal at the conclusion of this Chapter 11 Case;

(5)  redaction of the portions that are confidential are tailored and appropriate and is proposed in good faith; and

(6)  the annexed proposed Order provides that it is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents, or any part thereof.

## NO PRIOR REQUEST

12.  No prior motion for the relief sought herein has been made by AREH to this Court or any other court.

## NOTICE

13.  This Motion to Seal has been made *ex parte*. Movants submit that no other or further notice need be provided. Also, a copy of this Motion together with a copy of the Sealed Documents will be provided to Chambers.

## CONCLUSION

**WHEREFORE**, AREH respectfully requests that the Court enter an order in the form annexed hereto as Exhibit A, authorizing AREH to (i) file redacted versions of the Sealed Documents on the public case docket, and (ii) file unredacted versions of each of the Sealed Documents under seal with the Clerk of the Court, and grant such other and further relief it deems necessary and appropriate.

6

12658996-1

Dated: October 10, 2024

                                            **OLSHAN FROME WOLOSKY LLP**
*Attorneys for Arch Real Estate Holdings LLC*

By: */s/ Jonathan T. Koevary*
     Adam H. Friedman
     Jonathan T. Koevary
     1325 Avenue of the Americas
     New York, NY 10019
     212.451.2300
     afriedman@olshanlaw.com
     jkoevary@olshanlaw.com