Hearing Date and Time: November 12, 2024 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 5, 2024 at 4:00 p.m. (Eastern Time)

DAVIDOFF HUTCHER & CITRON LLP
*Withdrawing Attorneys* for *JJ ARCH LLC*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Jonathan S. Pasternak

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

JJ ARCH LLC,                                                                    Case No. 24-10381 (JPM)

                                                        Debtor.
------------------------------------------------------------------------x
JEFFREY SIMPSON, individually and derivatively, as            Adv. Pro. No. 24-01335 (JPM)
managing member of JJ ARCH LLC, suing derivatively            (Removed Proceeding)
as managing member of ARCH REAL ESTATE
HOLDINGS LLC and JJ ARCH LLC,
                                                        Petitioner,

            -against-

JARED CHASSEN, FIRST REPUBLIC BANK,

                                                        Respondents.[1]

------------------------------------------------------------------------x
JJ ARCH LLC,

                                                        Plaintiff,
                                                                                Adv. Proc. No. 24-4025
                        v.                                                      (Original Adversary
608941 NJ, INC. ET. AL.,                                                        Proceedings)

                                                        Defendants.
------------------------------------------------------------------------x

---

[1] This is an abbreviated caption.

1

```
-----------------------------------------------------------------------x
GREAT AMERICAN INSURANCE COMPANY,

                                    Plaintiff,

                v.                                    Adv. Proc. No. 24-4026
                                                      (Removed Proceeding)
ARCH REAL ESTATE HOLDINGS, LLC, et. al.

                                    Defendants.
-----------------------------------------------------------------------x
```

**NOTICE OF HEARING ON OMNIBUS MOTION OF DEBTOR'S COUNSEL TO BE RELIEVED AS COUNSEL AND TO EXTEND DEBTOR'S TIME TO FILE DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL UNDER FED.R.BANKR.P. RULE 8009(a)(1)(A)**

TO:   THE HONORABLE JOHN P. MASTANDO III,
      UNITED STATES BANKRUPTCY JUDGE:

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion"), of Davidoff Hutcher & Citron LLP to be relieved as attorneys for JJ Arch LLC, as debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), for an order (1) relieving Davidoff Hutcher & Citron LLP as counsel for the Debtor and related matters pursuant to Local Rule 2090-1(e), all as more fully set forth in the Motion; and (2) granting such other and further relief as is just under the circumstances, will be held before the Honorable John P. Mastando III, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **November 12, 2024, at 10:00 a.m. (Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held by Zoom® teleconference. Participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

2

**PLEASE TAKE FURTHER NOTICE** that the Motion is on file with the Office of the Clerk of the Bankruptcy Court at the address stated above and may be examined on the Court's website www.nysb.uscourts.gov (a PACER password and login are required) or may be obtained from the undersigned upon written request.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and Local Rules (each as defined in the Motion), shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served so as to be filed and received no later than **November 5, 2024, at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: October 22, 2024
     New York, New York

                           **DAVIDOFF HUTCHER & CITRON LLP**

                           */s/ Jonathan S. Pasternak*
                           605 Third Avenue
                           New York, New York 10158
                           Telephone:  (212) 557-7200
                           Email:  jsp@dhclegal.com
                           *Withdrawing Counsel for the Debtor*

| | |
|---|---|
| DAVIDOFF HUTCHER & CITRON LLP | HEARING DATE: 11/12/2024 |
| *Withdrawing Attorneys* for *JJ ARCH LLC* | HEARING TIME: 10:00 a.m. |
| 605 Third Avenue | |
| New York, New York 10158 | |
| (212) 557-7200 | |
| Jonathan S. Pasternak | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

JJ ARCH LLC,                                                                        Case No. 24-10381 (JPM)

                                                    Debtor.
------------------------------------------------------------------------x
JEFFREY SIMPSON, individually and derivatively, as        Adv. Pro. No. 24-01335 (JPM)
managing member of JJ ARCH LLC, suing derivatively     (Removed Proceeding)
as managing member of ARCH REAL ESTATE
HOLDINGS LLC and JJ ARCH LLC,

                                                    Petitioner,

                    -against-

JARED CHASSEN, FIRST REPUBLIC BANK,

                                                    Respondents.[1]

------------------------------------------------------------------------x
JJ ARCH LLC,

                                                    Plaintiff,
                                                                                        Adv. Proc. No. 24-4025
            v.                                                                          (Original Adversary
                                                                                        Proceedings)
608941 NJ, INC. ET. AL.,

                                                    Defendants.
------------------------------------------------------------------------x

---

[1] This is an abbreviated caption.

1

```
-----------------------------------------------------------------------x
GREAT AMERICAN INSURANCE COMPANY,

                                                Plaintiff,

            v.                                                          Adv. Proc. No. 24-4026
                                                                        (Removed Proceeding)
ARCH REAL ESTATE HOLDINGS, LLC, et. al.

                                                Defendants.
-----------------------------------------------------------------------x
```

### OMNIBUS MOTION OF DEBTOR'S COUNSEL TO BE RELIEVED AS COUNSEL AND TO EXTEND DEBTOR'S TIME TO FILE DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL UNDER FED.R.BANKR.P. RULE 8009(a)(1)(A)

Davidoff Hutcher & Citron LLP ("DHC"), counsel to JJ Arch LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor" and, such case, the "Chapter 11 Case"), submits this motion (the "Motion"): 1) for entry of an order, pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing DHC to withdraw as Debtor's counsel in this Chapter 11 Case, including that certain related adversary proceeding commenced in this Chapter 11 Case, Adv. Pro. No. 24-01335 (JPM) (the "First Removed Adversary Proceeding"), Adv. Proceeding No. 24-4025 (the "Limited Liability Governance Adversary Proceeding") and Adv. Proceeding No. 24-4026 (the "Removed Interpleader Proceeding"); and 2) to extend the Debtor's time, pursuant to Fed.R.Bankr.P. Rule 8009(a)(1)(A), to file the Designation of Record and Statement of Issues on appeal for a thirty day period beyond the fourteen days provided in said rule. This Motion is executed as an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746), and respectfully states as follows:

2

**JURISDICTION**

1. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York (the "District Court') dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), DHC consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On March 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code").

5. The Chapter 11 Petition was filed by Griffin LLP ("Griffin").

6. On March 18, 2024 Jason A. Nagi of Offit Kurman, P.A. ("Offit") filed a Notice of Appearance on behalf of Jeffrey Simpson ("Simpson"), the individual principal of the Debtor (ECF Docket No. 10).

7. On April 5, 2024 Griffin moved, by Notice of Presentment (ECF Doc. No. 73 and 74) to be retained under bankruptcy court order as attorneys for the Debtor.

3

8. On April 19, 2024, Wiggin and Dana LLP ("Wiggin") filed an Application (ECF Doc. No. 92) to be retained under bankruptcy court order as proposed co-counsel for the Debtor.

9. On June 1, 2024 Wiggin moved to be relieved as counsel to the Debtor (ECF Docket No. 118 and 122).

10. On June 1, 2024 Offit moved to be relieved as counsel to Simpson (ECF Docket No. 119).

11. On June 1, 2024 Griffin moved to be relieved as counsel to the Debtor (ECF Docket No. 120 and 121).

12. On June 5, 2024 DHC appeared in the Debtor's case by filing an Amended Petition, to reflect withdrawal of Subchapter V Election (ECF Docket No. 125).

13. On June 10, 2024 DHC filed a motion to be retained as counsel to the Debtor (ECF Docket No. 129) but **not as attorney for Jeffrey Simpson individually**.

14. The bankruptcy court entered in the removed proceeding, Adv. Proc. No. 24-1335 Proposed Findings of Fact and Conclusions of Law (docketed in main Chapter 11 case as ECF Docket No. 131) as a Memorandum Opinion (the "Proposed Findings") advising the District Court to remand this removed proceeding to Supreme Court, New York County (the "State Court"), Index No. 158055/2023. The Debtor filed objections to the Proposed Findings (the "Objection to Findings") on June 24, 2024 (Main Case ECF Docket No. 148). The Objections to Findings remains *sub judice* before Hon. District Court Judge Failla, 24 cv. 4847). DHC filed a Notice of Appeal from an Order (ECF Docket No. 132) lifting the automatic stay

4

(the "Lift Stay Appeal").[2] DHC is moving separately to be relieved as counsel in the District Court proceeding commenced by the Objection to Findings and the Lift Stay Appeal.

15. Due to certain events resulting from the fundamental and irreparable breakdown in DHC's attorney-client relationship with the Debtor, DHC can also no longer conscientiously and in good faith represent the Debtor. Under the New York Rules of Professional Responsibility, relief of counsel is permissive under Rule 1.16(c)(4) for the reasons that: (a) the client insists upon taking action with which the lawyer has a fundamental disagreement; (b) relief of counsel is permissive under Rule 1.16(c)(6) in that the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law; and (c) the client fails to cooperate in the representation and otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively.

16. The bankruptcy court dismissed this Chapter 11 case by Decision and Order entered October 11, 2024 (the "Dismissal Order," ECF Docket No. 218).

17. To protect the Debtor's rights, Applicant, on behalf of the Debtor, has filed a Notice of Appeal of the Dismissal Order prior to this Motion seeking to be relieved as counsel. In this Motion, DHC further seeks, as an accommodation to the Debtor, an extension of time to file the Debtor's designation of record and statement of the issues on appeal for a period of thirty days beyond the fourteen days provided by Fed.R.Bankr.P. Rule 8009(a)(1)(A).

## RELIEF REQUESTED – MOTION TO BE RELIEVED AS COUNSEL

18. Local Rule 2090-1(e) provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."

---

[2] The order lifting the automatic stay was conditional upon the entry by the District Court of an order confirming the proposed Findings. The Lift Stay Appeal is pending before District Court Judge Engelmayer.

Whether cause exists to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (internal quotation marks and citations omitted).

19. New York's Rules of Professional Conduct (the "NYRPC") "govern[] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012 at *3 (Bankr. S.D.N.Y. June 21, 2019) (citing *SEC v. Gibraltar Global Securities*, No. 13 Civ. 2575, 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015)) (internal quotation marks omitted). "Codes of Professional Responsibility, like the NYRPC, provide guidance to courts in determining what constitutes "good cause" for granting a motion to withdraw as counsel." Id.

20. Rule 1.16(c) of the NYRPC governs the permissive termination of representations. Rule 1.16(c) of the NYRPC provides that "a lawyer may withdraw from representing a client when," among other things, "(4) the client insists upon taking action with which the lawyer has a fundamental disagreement[,]" "(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law[,]" and "(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]" Courts have also found that the conditions of Rule 1.16(c) of the NYRPC are satisfied more generally, and good cause to withdraw exists, where there has been a fundamental breakdown of trust between attorney and client and where the attorney-client relationship has deteriorated beyond repair. See Wiener, 2019 WL 2575012 at *5 (citing *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016 (JGK) (RLE), 1999 WL

6

335334 at *5 (S.D.N.Y. May 26, 1999); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990)).

21. Consistent with its duty to protect client confidences and the Rules of Professional Responsibility, DHC has not provided details reflecting the breakdown of the attorney-client relationship in this filing.

22. DHC is prepared to address any such Court inquiry *in camera*.

23. DHC does represent herein that Simpson's communications with members of Applicant's firm has been irreconcilable and at a minimum unduly contentious.

24. Here, DHC's withdrawal is permitted under, among others, Rules 1.16(c)(4), (6) and (7) of the NYRPC, and good cause exists for such reasons. Good cause further exists given the fundamental and irreparable breakdown in the attorney-client relationship, which has irreparably undermined DHC's ability to represent the Debtor effectively. For these reason s, DHC should be permitted to withdraw from representing the Debtor in the Chapter 11 Case, including the First Removed Adversary Proceeding, Limited Liability Governance Adversary Proceeding and the Removed Interpleader Proceeding, respectively, as well as any proceedings related to these matters.

### ADDITIONAL RELIEF REQUESTED – EXTENSION OF TIME TO FILE DESIGNATION OF REOCRD AND STATEMENT OF ISSUES ON APPEAL

25. On October 22, 2024, DHC filed on the Debtor's behalf, a Notice of Appeal of the Dismissal Order (ECF Docket No. 218).

26. DHC seeks, as an accommodation to the Debtor, an extension of thirty days from the fourteen days provided to file a Designation of Record and Statement of Issues on Appeal.

27. Fed.R.Bankr.P. Rule 8009(a)(1) provides as follows:

(a) Designating the Record on Appeal; Statement of the Issues.
(1) *Appellant.*
(A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
(B) The appellant must file and serve the designation and statement within 14 days after:
(i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or
(ii) an order granting leave to appeal is entered.
A designation and statement served prematurely must be treated as served on the first day on which filing is timely.

28. The Designation of Record and Statement of Issues on appeal commences the advocacy of a party's position in the appeal.

29. Rule 1.16 (e) of the New York Rules of Professional Responsibility provides:

(e) Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, **to avoid foreseeable prejudice to the rights of the client,** including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

30. It is thus incumbent upon DHC to seek to extend deadlines that will expire within or shortly after the Court entertains the motion to be relieved as counsel.

31. Fed.R.Bankr.P. Rule 9006(b)(1) provides:

(b) Enlargement.
(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order **the period enlarged if the request therefor is made before the expiration of the period originally prescribed** or as extended by a previous order or (2) on motion made after the expiration of the

8

specified period permit the act to be done where the failure to act was the result of excusable neglect.

32. The motion for enlargement of the period provided by Fed.R.Bankr.P. Rule 8009(a)(1)(A) is being made well before its expiration of November 4, 2024.

33. Thus, and subject to the Court's discretion, this motion extends the relevant period through the Court's determination of the Motion.

## NOTICE

34. Notice has been provided either by first class mail, facsimile, electronic transmission, overnight delivery or hand delivery to: (i) the Debtor; (ii) the United States Trustee; and (iii) each of the parties that have filed a notice of appearance in the Chapter 11 Case. DHC submits that, under the circumstances, no other or further notice is necessary.

## PROPOSED ORDER

35. DHC attaches as Exhibit "1" its proposed order granting the relief requested.

## NO PRIOR REQUEST

36. A previous application for the relief requested by this Motion has not been made. However, similar motions are in the progress of being made, as necessary, in related proceedings in the District Court and State Court.

9

## **CONCLUSION**

**WHEREFORE**, DHC respectfully requests that this Court enter an order: (i) permitting DHC to withdraw as the Debtor's counsel ; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 22, 2024

DAVIDOFF HUTCHER & CITRON LLP

By: */s/ Jonathan S. Pasternak*
     Jonathan S. Pasternak
605 Third Avenue
New York, New York 10158
(212) 557-7200
jsp@dhclegal.com
*Withdrawing Attorneys for the Debtor*

10

EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- X
: 
In re: : Chapter 11
: 
JJ ARCH LLC, : 
: Case No. 24-10381 (JPM)
Debtor.[1] : 
: 
------------------------------------------- X

**[PROPOSED] ORDER GRANTING MOTION OF DEBTOR'S COUNSEL TO RELIEVED AS COUNSEL AND TO EXTEND DEBTOR'S TIME TO FILE DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL UNDER FED.R.BANKR.P. RULE 8009(a)(1)(A)**

UPON the motion dated October 22, 2024 (the "Motion") of Davidoff Hutcher & Citron ("Movant") seeking the entry of an order pursuant to Local Bankruptcy Rule 2090-1 authorizing Movant to withdraw as counsel of record to JJ Arch LLC (the "Debtor"); and a hearing on the Motion having come to be heard on November 12, 2024; and Movant appearing on its own behalf; and such other parties whose identities are reflected in the record of the hearing having been heard with respect thereto; and it appearing that due and sufficient cause appearing therefor, it is

ORDERED, that the Motion is granted and, pursuant to Local Bankruptcy Rule 2090-1(d), the Movant is relieved of its obligations as counsel of record to the Debtor:

1.  in the Chapter 11 case, Case No. 24-10381 (JPM);

2.  in the pending removed adversary proceeding (Case No. 24-1335 (JPM));

3.  in the pending original adversary proceeding (Case No. 24-4025 (JPM));

---

[1] The last four digits of the Debtor's federal tax identification number are 4251.

4. in the pending removed adversary proceeding (Case No. 24-4026 (JPM); and

5. any proceedings related to any of the above-referenced proceedings;

AND IT IS FURTHER

ORDERED, that the Debtor's time, pursuant to Fed.R.Bankr.P. Rule 8009(a)(1)(A) to file its designation of record and statement of the issues on appeal is hereby extended for thirty days from the date hereof.

Dated: New York, New York
       November __, 2024

                                        (PROPOSED)
                                        _____
                                        HON. JOHN J. MASTANDO III
                                        U.S. BANKRUPTCY JUDGE