UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Bankr. Pro. #24-10381 (JPM)

| | |
|---|---|
| IN RE: JJ ARCH LLC,<br><br>Debtor. | Before the Honorable<br>John P. Mastando III, U.S.B.J. |

# DEBTOR JJ ARCH LLC's MOTION FOR AN INDICATIVE RULING UNDER BANKRUPTCY RULE 8008 REGARDING RELIEF FROM JUDGMENT UNDER RULE 9024

MAIDEN LANE LAW GROUP
Benjamin Robert Rajottre, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Attorneys for JJ Arch LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: JJ ARCH LLC,<br><br>Debtor. | Bankr. Pro. #24-10381 (JPM)<br><br>Before the Honorable<br>John P. Mastando III, U.S.B.J.<br><br>**MEMORANDUM OF LAW** |

## PRELIMINARY STATEMENT

By and through undersigned counsel, Appellant and Debtor JJ ARCH LLC ("Movant" or "JJ Arch") respectfully moves this Honorable Court for relief from the Memorandum Opinion and Order (ECF Dkt. #215), which granted the motion of ARCH REAL ESTATE HOLDINGS LLC ("AREH") and JARED CHASSEN to dismiss the underlying bankruptcy (the "Bankruptcy Proceeding"), as entered on October 11, 2024 (the "Dismissal Order"). This motion is respectfully brought under Rule 9024 of the Federal Rules of Bankruptcy Procedure (relief from judgment), and Rule 8008 (request for such indicative ruling pending appeal). This motion is timely filed under Rule 9024 within one year of entry of the Dismissal Order.[1] As an appeal is pending before the Honorable Jeannette A. Vargas of the United States District Court for the Southern District of New York, this motion is

---

[1] This filing is after midnight due to a computer system crash that required reformatting the recovery file.

presented as an indicative motion under Rule 8008. Movant respectfully requests that this Court issue an opinion as to whether it would grant relief from judgment under Rule 9024, based upon the grounds as stated in this motion, if the District Court were to remand the case for such inquiry by this Honorable Court.

## ARGUMENT

### I. AREH Lacks Standing

Standing requires a concrete injury or direct interest in the litigation, through a claim or request for relief arising from or related to the underlying dispute. A party without claims or defenses presumptively lacks standing to seek relief. *In re IBM Arb. Agmt. Litig.*, Case #21-6296, 2021 U.S. Dist. LEXIS 239145, at *1 (S.D.N.Y. Dec. 14, 2021) (declining to stay an arbitration where the requesting parties lacked standing because they were not subject to the arbitration clause). Here, AREH is a nominal party in the case-in-chief presided over by the Honorable Joel M. Cohen, J.S.C. of the New York County Supreme Court, Commercial Division (the "State Court Action"),[2] yet it asserts no claims or defenses.

The *IBM Arbitration Agreement Litigation* decision reasoned that "there is only one Plaintiff in these cases who has a pending arbitration, and he has not requested a stay of that arbitration." *Id.* at *1 & n.1. As a result, no other parties in

---

[2] S*impson v. Chassen*, Index #158055/2023 (Sup. Ct. N.Y. County, Comm. Div. Aug. 15, 2023). The State Court Action includes non-core issues of corporate governance, as remanded under this Court's Memorandum Opinion and Order, dated June 10, 2024 (ECF Dkt. #131).

- 2 -

the action had standing to make such a demand. *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jordan*, Case #17-00049, 17-00199, 2017 U.S. Dist. LEXIS 63749, at *7-8 (D. Del. Apr. 27, 2017) (holding that the movants "do not have standing to seek injunctive relief and are dismissed as Plaintiffs from the suit," because they "have not raised any argument that they are seeking to enforce some contractual right they hold"); *Phillips v. First Credit Servs.*, Case #24-cv-04440, 2024 U.S. Dist. LEXIS 196800, at *4-6 (S.D.N.Y. Oct. 29, 2024) (standing found lacking where the moving party failed to demonstrate a concrete injury)).

AREH is fundamentally a hologram of 608941 NJ Inc., the American subsidiary of 35 Oak Holdings Ltd. ("Oak"), which is based in Ontario, Canada, and its counsel is designated by Oak. Jeffrey Simpson initiated the State Court Action, not in AREH's name as such, but derivatively as its Managing Member, in his designated capacity as Managing Member of JJ Arch, under the respective and cross-referential operating agreements of each entity.

Since Oak assumed control of AREH, as reflected in the Supreme Court's Interim Order of November 22, 2023, entered November 28, 2023 (NYSCEF Dkt. #418), however, AREH has appeared as an independent litigant. Oak, which directs the litigation strategy of 608941 NJ Inc. and AREH alike, and Mr. Chassen, caption AREH as a "Nominal Defendant." In reality, AREH lacks its own independent party status – not simply because it has never formally intervened, but because it

has never made any claims, had any claims asserted against it, nor interposed any defenses. The only claims and defenses associated with AREH are those which Mr. Simpson asserted, through JJ Arch, at the outset of litigation. Accordingly, AREH lacks any injury in fact. It is not represented by separate counsel out of caution to avoid conflicts of interest, but rather to further them.

## II. Oak and Chassen Are United under a Secretive "Joint Defense Agreement"

Justice Cohen ordered that Mr. Chassen produce a so-called "Joint Defense Agreement" entered into with Oak, and their respective counsel, under a Decision and Order dated September 29, 2025 (NYSCEF Dkt. #1850). Undersigned counsel informed His Honor the following day that the document was tampered with:

> We wish to inform Chambers that, from an initial review, the "Common Interest Agreement" which Mr. Schwartz circulated yesterday is not a single document at all – it is more a Frankenstein. Pages 1–5 are "v.2," never executed by the [parties] themselves, while the attorney signature page is "v.1." There is no page 6.
>
> That means there is no executed agreement on the record, and Your Honor's clear directions under motion #28 were, at minimum, not treated with the due care and respect that they were rightfully due. The document provided raises serious questions, for example:
>
> - *Why did Attorney Schwartz provide Chambers something that seems patently inauthentic? How many true versions exist? Who drafted and signed each of them? Why were they not disclosed?*

- 4 -

- *Attorneys Thorne, Mishaan, and Rebhun signed a different instrument (version 1) than what was sent to Chambers (version 2). Why has this never been corrected on the record?*

- *What related agreements/amendments and cost-sharing/indemnification agreements exist?*

NYSCEF Dkt. #1859 (emphasis in original); *see also* NYSCEF Dkt. #2005 at 3 ("These are the same parties that stand behind a doctored "Joint Defense Agreement" (NYSCEF Dkt. #1900), a fact to which Mr. Chassen's counsel admitted, after holding this falsified document out to Your Honor as authentic, when it in fact was not (NYSCEF Dkt. #1905 at 3 ("Mr. Rajotte claims that metadata shows that it was prepared using Leslie Thorne's software, which is unsurprising, given that Leslie Thorne is a signatory on the Joint Defense Agreement."))); NYSCEF Dkt. #2006 at 1 ("The record shows collusion between Mr. Chassen and Oak's principals, most notably Canadian attorney Kevin Wiener, as authorized representative under the so-called "Joint Defense Agreement." On its face, this document is falsified and an incomplete rendering of Oak's reach into litigation strategy. The exact nature of [their relationship] remains unclear ….")).

This deliberate submission of an altered business record reflects one of the most egregious breakdowns of legal ethics ever to reach the New York Judiciary. It solidifies the collusion running through all litigation involving Oak and JJ Arch. In addition to AREH's lack of standing, the sheer audacity of any officer of the Court

- 5 -

to fabricate a business record – here, by combining two separate versions of a document, withheld for two years despite demands for its release in both the State Court Action and this Bankruptcy Proceeding – is far from trivial. Rather, it betrays the moral compass of lawyering that should guide all parties in litigation.

Oak's counsel created this document on February 23, 2025, more than one and a half years after counsel for Oak and Mr. Chassen entered into its undisclosed first version. NYSCEF Dkt. #1903. This took place before any final adjudication through the appeal of this Bankruptcy Proceeding, and it intersects directly with AREH's and Mr. Chassen's coordinated dismissal motion. *See* NYSCEF Dkt. #2006 at 1-2 ("The document submitted in response to this Court's Order of disclosure is not the actual agreement amongst them. As officers of the Court, it should give any lawyer great pause before even thinking about merging two separate agreements and calling it one. This document was created six months ago. For six months, Oak's lawyers have sat on this document, waiting for the moment when the Court would order its release. For six months, they kept this fraud hidden. Mr. Chassen's counsel mischaracterizes our position that it is a 'forgery.' That word was never used. It is a falsified business record, and submitting it to any party in discovery, let alone this Honorable Court, is more than just a red flag. No real party in interest, much less a lawyer, should even contemplate perpetrating such an act. Yet this has occurred, opposing counsel remains silent, and their

- 6 -

clients have either refused to testify or avoided showing their faces on the Teams meetings from which they are watching in Ontario, Canada.").[3]

### III. Oak's *Per Se* Conflicts of Interest

Equally disconcerting, Oak is on both sides of the "v" in at least one investor-derivative against the AREH-managed entity, 9 Vandam JV LLC. Notice of this conflict has been provided in the case-in-chief, however, the conflict originates in a separate Commercial Division case before the Honorable Anar Rathod Patel, J.S.C. *Wietschner v. 9 Vandam JV LLC*, Index #655573/2023 (Sup. Ct. N.Y. County, Comm. Div. Nov. 8, 2023). A notice of related action in that proceeding is forthcoming, requesting guidance on this conflict by Justices Cohen and Patel, whether through intervention and a disqualification motion in the *Wietschner* litigation, or under another process or different form of relief.

This issue is presented here because it demonstrates the alarming willingness of Oak's principals – and, moreover, their counsel – to subvert the adversarial process and scapegoat Mr. Simpson without notice. Oak's counsel in the case-in-chief concurrently representing the plaintiff and the defendant in the *Wietschner* lawsuit is nothing short of astounding. As noted in Debtor's Reply Brief in the appeal before the Honorable Jeannette A. Vargas, similar concerns have since

---

[3]   Haynes and Boone represented Oak in the Bankruptcy Proceeding, and, although it effectively withdrew from the case-in-chief, it receives notice of all filings because it remains counsel of record on NYSCEF.

- 7 -

manifested with respect to *Jackson v. Pebble Creek Borrower LLC*, Case #01-CV-2023-902315.00 (Jefferson County Cir. Ct., Ala. 2023), a personal injury action involving a deck collapse. *In re JJ Arch LLC*, Case #24-08649 (S.D.N.Y. Nov. 14, 2024) (JAV), ECF Dkt. #48 (Appellant Brief at 8 n.4 (observing that, by March 2025, Fannie Mae rated the Birmingham-area complex of affordable garden apartments – which, under Mr. Simpson's stewardship, rose to become AREH's best-performing assets under management – at its lowest level of performance)); ECF Dkt. #52 (Attorney Declaration ¶3 (referencing an email from counsel for the JJ Arch-affiliated entity named as a defendant, Pebble Creek Borrower, stating that Kevin Weiner has not "authorized [him] to speak to any other representatives regarding the defense of the matter'")). Accordingly, the forthcoming notice in *Wietschner* litigation will mirror the initial notice in the State Court Action:

> [W]e respectfully wish to make the Court aware of the docket and certain filings in [*Wietschner*, *supra*].
>
> In that case, Meister Seelig & Fein, LLP, counsel for 608941 NJ Inc. ("Oak") in this action, is counsel of record for an investor, the Trustee of the [Weitschner Family Trust ("WFIG" Trust), [which] is suing a JJ Arch-controlled entity, 9 Vandam JV LLC, under which Oak and JJ Arch LLC hold membership interests.
>
> Olshan Frome Wolosky LLP, counsel to [AREH] in this action, represents 9 Vandam JV LLC.

- 8 -

> Counsel for Oak and for AREH are on both sides of the "v." Moreover, an affirmation by Kevin Weiner references the instant litigation before this Court, while blaming Jeffrey Simpson for mismanagement, stating: "Through Oak, my brother Michael Wiener and I are managing Arch, and are in the process of 'righting the ship' of its investments, including the 9 Vandam investment" [*Wietschner*, supra, NYSCEF Dkt. #19].

NYSCEF Dkt. #1694. The record shows that, on November 8, 2023, Meister Seelig & Fein commenced the *Wietschner* action on behalf of the investor, and that, the following day, four of its attorneys entered NYSCEF appearances as Oak's counsel of record in the case-in-chief. *See In re JJ Arch LLC*, Case #24-08649 (S.D.N.Y. Nov. 14, 2024) (JAV), ECF Dkt. #52 (Attorney Declaration, Exhibit A).

Standing alone, this textbook conflict of interest should give any practitioner immediate cause for concern. Much like the "fox in the henhouse," Olshan Frome Wolosky has dismissed the conflict as a mere corollary of its dominion over AREH, stating: "Oak manages AREH; AREH manages 9 Vandam JV LLC, who is a defendant in the *Wietschner* lawsuit referenced in the *Ex Parte* Letter. As sole managing member of AREH, Oak caused 9 Vandam JV LLC to hire Olshan as its counsel, based in no small part on the knowledge gained by Olshan in connection with its representation of AREH." NYSCEF Dkt. #1820 at 2 n.1.

For further elaboration, undersigned counsel respectfully incorporates by reference the adversary proceeding, *JJ Arch LLC v. 608941 NJ Inc.*, Adv. Pro. #24-

- 9 -

04025 (Bankr. S.D.N.Y. Sept. 18, 2024) (JPM). ECF Dkt. #1 (Verified Complaint at 4-5 & n.11, 6 & n.13, and 15-19 (summarizing four "examples of actions taken [by Oak] in violation of the Operating Agreements at certain of the Investment Properties," among which includes a now-shuttered hotel in Miami Beach, completely outside of the ordinary AREH management structure).

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court issue an indicative ruling in favor of restoring the Bankruptcy Proceeding given such disregard, by prominent law firms, of the fundamental role of the lawyer.

Respectfully submitted,

Dated: October 10, 2025
      New York, New York

MAIDEN LANE LAW GROUP

_____
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Attorneys for JJ Arch LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: JJ ARCH LLC,<br><br>Debtor. | Bankr. Pro. #24-10381 (JPM)<br><br>Before the Honorable<br>John P. Mastando III, U.S.B.J.<br><br>**VERIFICATION** |

I, Benjamin Robert Rajotte, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that this submission is true and correct to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, including all facts presented by counsel in the exhibits to this brief.

Respectfully submitted,

Dated: October 10, 2025
New York, New York

MAIDEN LANE LAW GROUP

_____
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Attorneys for JJ Arch LLC*

- 11 -