UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                       :

In re:                                                  :         Chapter 11

JJ Arch LLC,                                :         Case No. 24-10381 (JPM)

                           Debtor.            :

---------------------------------------------------------------x


**MEMORANDUM OPINION AND ORDER DENYING JJ ARCH LLC'S MOTION FOR
AN INDICATIVE RULING UNDER BANKRUPTCY RULE 8008 REGARDING RELIEF
FROM JUDGMENT UNDER RULE 9024**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

I.   **INTRODUCTION**

Before the Court is the Debtor's *Motion For An Indicative Ruling Under Bankruptcy Rule 8008 Regarding Relief From Judgment Under Rule 9024* ("Motion") dated October 14, 2025. Dkt. No. 237.[1] The Motion seeks relief from this Court's *Memorandum Opinion And Order On Jared Chassen And Arch Real Estate Holdings LLC's Joint Motion To Dismiss The Chapter 11 Case For The Debtor's Failure To Comply With Its Obligations* ("Dismissal Opinion") dated October 11, 2024. Dkt. No 215. The Debtor supplemented the Motion with its *Notice of No Opposition* dated November 7, 2025. Dkt. No. 239.

Jared Chassen and Arch Real Estate Holdings LLC ("AREH") filed in opposition the *Joint Objection Of Jared Chassen And Arch Real Estate Holdings LLC To Motion Of Former Debtor JJ Arch LLC For An Indicative Ruling Under Bankruptcy Rule 8008* ("Chassen and AREH's Objection") dated November 17, 2025. Dkt. No. 241.

The Debtor filed in reply the *Reply In Support of An Indicative Ruling Under Federal Rule of Bankruptcy Procedure 8008* ("Debtor's Reply") dated November 21, 2025. Dkt. No. 242.

For the reasons set forth below, the Motion is DENIED.

II.   **BACKGROUND**

A. **Procedural History**

The Debtor is a real estate holding company formed by Chassen and Jeffrey Simpson under the laws of New York in December 2017. Dismissal Opinion at 1. The Debtor's assets consist

---

[1] References to "Dkt. No." generally refer to the docket in this case. The following dockets are also cited, and when coupled with "Dkt. No." refer to the docket entries in those cases. *In Re: JJ Arch LLC*, No. 24-cv-08649-JAV (S.D.N.Y.) (filed 11/14/24) ("Appeal of Dismissal Opinion"); *Simpson v. Chassen et al*, No. 25-cv-04004-JAV (S.D.N.Y.) (filed 5/9/25) ("Attempted Removal Proceeding").

1

primarily of two baskets of rights: membership interests in entities unrelated to AREH, and membership rights in AREH, which Simpson describes as the Debtor's "most valuable asset." *Id.* at 2–3. 608941 NJ, Inc. ("Oak") is AREH's sole other member, in addition to the Debtor. *Id.* at 3.

In August 2023, Simpson filed an action on behalf of the Debtor and AREH in New York State Supreme Court before the Honorable Joel M. Cohen ("State Court Proceeding"). *Id.* at 6. "Though the claims asserted in the State Court Proceeding are numerous . . . those claims seek to identify the party that is properly in control of the Debtor (and, relatedly, AREH)." *Id.* at 6 n.6.

In March 2024, Simpson filed for Chapter 11 relief in this Court on behalf of the Debtor. Pet., Dkt. No. 1; Amended Pet., Dkt. No. 124.

On April 1, 2024, the Debtor removed the State Court Proceeding to the District Court, which referred the case to this Court on April 3, 2024. Dismissal Opinion at 11.

On June 10, 2024, this Court entered the *Memorandum Opinion and Order, and Findings of Fact and Conclusions of Law, On Jared Chassen and Arch Real Estate Holdings LLC's Joint Motion to Remand Based on Lack of Jurisdiction Or, In The Alternative, Principles of Abstention or Equity* ("Remand Opinion") and remanded the State Court Proceeding to the Supreme Court of the State of New York. Dkt. No. 131. In the Remand Opinion, the Court held that:

> (i) this Court only has "related to" jurisdiction over the State Court Proceeding under 28 U.S.C. § 1334(b);
>
> (ii) the State Court Proceeding is a "non-core" proceeding within the meaning of 28 U.S.C. § 157(b);
>
> (iii) the Commercial Division of the Supreme Court of the State of New York can "timely adjudicate" the State Court Proceeding;
>
> (iv) abstention is mandated under 28 U.S.C. § 1334(c)(2); and
>
> (v) alternatively, permissive abstention and equitable remand are warranted under

2

28 U.S.C. §§ 1334(c)(1) and 1452(b).

Dkt. No. 131 at 36.

Also on June 10, 2024, this Court entered the *Memorandum Opinion and Order* ("Lift Stay Opinion") granting the motions of AREH and Chassen to lift the automatic stay with respect to claims in the State Court Proceeding that were brought against the Debtor by Oak.  Dkt. No. 132 at 14–21.

On October 11, 2024, this Court entered the Dismissal Opinion and granted Chassen and AREH's motion to dismiss the case.  Dismissal Opinion, Dkt. No. 215.  The Court held that:

> (i) cause to dismiss this case exists under 11 U.S.C. §§ 1112(b)(4)(A)–(B) and 1112(b)(4)(F);
>
> (ii) this case should be dismissed for bad faith;
>
> (iii) the exception to dismissal provided by 11 U.S.C. § 1112(b)(2) is inapplicable to this case; and
>
> (iv) each adversary proceeding associated with this bankruptcy should be dismissed.

Dismissal Opinion at 48.

The Debtor appealed the Dismissal Opinion to the District Court.  Notice of Appeal, Dkt. No. 218.  The appeal has been briefed and is pending before the District Court.  *In Re: JJ Arch LLC*, No. 24-cv-08649-JAV (S.D.N.Y.) (filed 11/14/24) ("Appeal of Dismissal Opinion").

In May 2025, Simpson again tried to remove the State Court Proceeding to the District Court.  *Simpson v. Chassen et al*, No. 25-cv-04004-JAV (S.D.N.Y.) (filed 5/9/25) ("Attempted Removal Proceeding"), Dkt. No. 1.  The District Court ordered remand, because "Simpson is the plaintiff in the state-court action, and only a defendant may remove an action to federal court," even if that plaintiff faces counterclaims.  *Id.*, Dkt. No. 21.  The District Court subsequently enjoined Simpson from any future removals of that case without the Court's prior permission, and

3

granted Chassen's request for attorney's fees. *Id.*, Dkt. No. 31. Simpson moved for relief under Rule 60(b) of the related judgment, which the District Court denied as frivolous. *Id.*, Dkt. No. 45.

### B. The Parties' Arguments

On October 14, 2025, the Debtor filed the Motion. Dkt. No. 237. The Motion seeks relief from the Dismissal Opinion under Bankruptcy Rule 9024.[2] *Id.* at 1. The Motion argues that it is timely filed within one year of the Dismissal Opinion. *Id.* The Motion also states that it seeks an indicative ruling under Rule 8008[3] because the appeal of the Dismissal Opinion is pending before the District Court. *Id.* at 1–2.

The Motion first argues that AREH lacks standing in the State Court Proceeding, as it "is a nominal party in the case-in-chief presided over by the Honorable Joel M. Cohen, J.S.C. of the New York County Supreme Court, Commercial Division . . . yet it asserts no claims or defenses." *Id.* at 2. It argues that AREH is "fundamentally a hologram" of Oak, and that since 35 Oak Holdings Ltd., Oak's Canadian parent company, "assumed control of AREH . . . AREH has appeared as an independent litigant . . . [but] lacks its own independent party status." *Id.* at 3.

Second, the Motion argues that Oak and Chassen "deliberate[ly] submi[tted] . . . an altered

---

[2] Bankruptcy Rule 9024 provides that Federal Rule Civil Procedure 60 applies in a Bankruptcy Case, except that "the one-year limitation in Fed. R. Civ. P. 60(c) does not apply to a motion to reopen a case." Bankr. R. 9024(a)(1). Federal Rule Civil Procedure 60 itself provides the grounds for relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b).

[3] Bankruptcy Rule 8008 provides:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the motion;
> (2) deny the motion;
> (3) state that it would grant the motion if the court where the appeal is pending remands for that purpose; or
> (4) state that the motion raises a substantial issue.

Bankr. R. 8008(a).

4

business record" to J. Cohen in the State Court Proceeding, namely a "Joint Defense Agreement," and thereby committed fraud. *Id.* at 4–7.

Third, the Motion argues that 35 Oak Holdings Ltd. is per se conflicted in other state court actions, which the Motion "present[s] here because it demonstrates the alarming willingness of [35 Oak Holdings Ltd.'s] principals – and, moreover, their counsel – to subvert the adversarial process and scapegoat Mr. Simpson without notice." *Id.* 7–9.

The Debtor supplemented the Motion with the "Joint Defense Agreement," and an email thread concerning a purported property in dispute (without explanation or citation). Dkt. No. 239.

In opposition, Chassen and AREH argue that the Motion does not assert any grounds for relief from the Dismissal Opinion under Rule 60(b). Chassen and AREH's Objection, Dkt. No. 241 at 10–18. Chassen and AREH argue that "[t]he Motion does not make any case that, were any of its allegations true and known to the Court, that this Court might have made fact findings other than the ones it made" in the Dismissal Opinion, and that the Motion is frivolous because it does not address Bankruptcy Code Section 1112(b), which the Dismissal Opinion was based on. *Id.* at 12. Chassen and AREH also argue that the Debtor's claim that AREH has no standing is frivolous, that Rule 60(b) does not provide "an opportunity to litigate issues that were readily available to the parties and not raised," and that AREH had standing to move to dismiss the bankruptcy case (and further that, even assuming that AREH did not have standing to do so, the Motion does not argue that Chassen – who also filed the motion to dismiss – did not have standing). *Id.* at 13–15. Chassen and AREH further "contest[] the assertion that the copy of the Joint Defense Agreement provided to Justice Cohen . . . is not the true and correct" version, and argue that the claim that there was fraud related to that document must be raised before Justice Cohen, not this Court. *Id.* at 16. Moreover, Chassen and AREH argue that Oak's purported conflicts of interest have "no

5

bearing whatsoever as a matter of Rule 60(b)" on the Dismissal Opinion. *Id.* at 17–18. Additionally, Chassen and AREH assert that the Motion is untimely, as it was not filed within a reasonable time, but rather at what Simpson believed was the last possible minute – especially as he raised the same arguments in the Motion in his July 2025 brief appealing the Dismissal Opinion, his August 2025 reply brief in that appeal, and in his August 2025 Rule 60(b) motion before the District Court (in the further attempted removal of the State Court Proceeding). *Id.* at 18–21. Lastly, Chassen and AREH ask that this Court clarify that their opposition was not untimely given that the Motion was improperly filed and noticed. *Id.* at 21.

The Debtor replied, repeating that AREH "has interposed no claims or defenses in the original State Court action." Dkt. No. 242 at 3. The Debtor also argues that Chassen lacks standing "based on the merger of his interests, which effectively subordinated those of all investors, as a single litigation unit, through which Oak directs litigation strategy." *Id.* The Debtor next argues that its claims against Oak, AREH, and Chassen did not originate in state court, but rather in the Southern District after Oak sued Simpson there. *Id.* 3–5. Lastly, the Debtor asks for a "limited interim exercise of bankruptcy jurisdiction . . . pending appeal" due to the complications of the case. *Id.* at 5–6.

### III. LEGAL ANALYSIS

#### A. Chassen and AREH's Timely Objection

As an initial matter, the Court agrees with Chassen and AREH that their objection to the Motion was timely brought. Chassen and AREH's Objection, Dkt. No. 241 at 7, 9, 21. While the Motion was filed on October 14, 2025, it was filed in contravention of this Court's Chambers' Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York ("Bankr. Local R."), which require a moving party or applicant to "contact Chambers to

6

obtain a hearing date prior to filing and serving a motion." Chambers' Rules, Scheduling (citing Bankr. Local. R. 5070-1). The Motion was thus filed without a return date, and this Court needed to enter an order with a briefing schedule after the Motion was filed. Dkt. No. 240. Accordingly, Chassen and AREH's Objection, which was timely filed within the deadline set by this Court, was not filed late, and the Debtor's Notice of No Opposition, Dkt. No. 239, is of no effect and does not accurately reflect the briefing on the Motion.

### B. The Motion is Untimely Filed

The Motion seeks relief from judgment under Bankruptcy Rule 9024 from this Court's Dismissal Opinion. Bankruptcy Rule 9024 states that Federal Rule Civil Procedure 60 applies in a Bankruptcy Case, except that "the one-year limitation in Fed. R. Civ. P. 60(c) does not apply to a motion to reopen a case." Bankr. R. 9024(a)(1). Federal Rule Civil Procedure 60(b) itself outlines six independent bases for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Federal Rule Civil Procedure 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." As Chassen and AREH argue, the Motion does not identify under which subsection it seeks relief. Chassen and AREH's Objection, Dkt. No. 241 at 10.

The Court agrees with Chassen and AREH that the Motion is untimely, as it was not

7

brought within a reasonable time. *Id.* at 18–21. "All Rule 60(b) motions must 'be made within a reasonable time.'" *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (quoting Fed. R. Civ. P. 60(b)). While the Motion argues it is timely filed, as it was filed within one year of the Dismissal Opinion, Dkt. No. 237 at 1, as noted above, the one-year limitation does not apply to a motion to reopen a case, Bankr. R. 9024(a)(1), and, in any event, the one-year limitation in Federal Rule Civil Procedure 60(c) is an additional requirement imposed on motions under Rule 60(b)(1), (2) and (3), that must also be filed within a reasonable time. *Kotlicky*, 817 F.2d at 9; *see also Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir. 1979) ("Although the fact that a motion was made barely within the one-year time limit gives the court the Power to entertain it, as the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable.'"). Indeed, the movant must "show good cause for the failure to act sooner." *Kotlicky*, 817 F.2d at 9.

Here, the Debtor raised substantially the same arguments set forth in the Motion as early as his July 1, 2025 brief filed in the appeal of the Dismissal Opinion, the August 15, 2025 reply brief in that same appeal, and his August 28, 2025 Rule 60(b) motion in the District Court (after his further attempt to remove the State Court Proceeding). Appeal of Dismissal Opinion, Appellant's Br., Dkt. No. 48 at 3–4 (identifying "evidence of collusion amongst his adversaries" and "an onslaught of litigation attacks by derivative and proxy adversaries and forum-shopping under a joint-defense compact," as the issues presented on appeal); *Id.*, Reply Br., Dkt. No. 51 at 6–7 (making arguments as to "a secretive Joint Defense Agreement" and "Oak's dual representation on both sides of the 'v'" in a state court action; a conflict of interest; evidence that the Debtor cites "in the interest of revealing an active fraud upon the courts;" and requesting relief

8

under Rule 60 "insofar as [bases such as fraud upon the Courts] bear upon the Bankruptcy Court's" Dismissal Opinion); Attempted Removal Proceeding, Rule 60(b) Motion, Dkt. No. 45 at 1–4 (noting that the basis for the motion includes "lack of standing, potentially newly discovered evidence, and abuse of process and fraud upon the Courts," that "[r]elated motions on these fundamental legal grounds will be made before the United States Bankruptcy Court," that AREH lacks standing, and that 35 Oak Holdings Ltd. committed "material fabrications and falsehoods" relating to "its acknowledged involvement . . . under the Joint Defense Agreement").

Despite earlier making these arguments, the Motion here was not filed until October 14, 2025. While the Motion was filed one year after the Dismissal Opinion, these earlier submissions show that the Debtor waited until what it thought was the last possible minute to file the Motion in this Court. The Court concludes that the Debtor has not shown good cause for failure to file the Motion sooner, and accordingly that the Motion was not filed within a reasonable time and is thus untimely. *Kotlicky*, 817 F.2d at 9; *Amoco Overseas Oil Co.*, 605 F.2d at 656 ("Appellant's briefs offer no explanation to support its substantial delay . . . . Under these circumstances, it is difficult to see why a delay that falls within the absolute one-year bar by a hairsbreadth should necessarily be considered reasonable.").

### C. The Motion is Denied on the Merits

Even assuming that the Motion was timely filed within a reasonable time, the Court also denies the Motion on the merits. The evidence in support of a motion to vacate a final judgment must be "highly convincing." *Kotlicky*, 817 F.2d at 9 (quoting *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The Debtor fails to meet this burden.

9

The Motion first argues that AREH lacks standing – not in this case or before this Court, but rather in the State Court Proceeding. Dkt. No. 237 at 2–4. This is not a basis for relief from this Court's Dismissal Opinion. Fed. R. Civ. P. 60(b). At best, it is construed as seeking vacatur under Federal Rule Civil Procedure 60(b)(6), which provides for "any other reason that justifies relief." But it is "inappropriate for this Court to decide the scope of New York's law on standing" for a separate state court action. *Devitt v. Portfolio Recovery Assocs., LLC*, No. 21-CV-5657 (ARR) (ARL), 2022 U.S. Dist. LEXIS 83451, at *3 (E.D.N.Y. May 9, 2022). Accordingly, the Debtor's argument that AREH lacks standing in state court does not show exceptional circumstances justifying relief from this Court's Dismissal Opinion. *Nemaizer*, 793 F.2d at 61. In addition, the Debtor's argument that Chassen lacks standing is improperly raised for the first time in the Debtor's Reply. Dkt. No. 242 at 3; *Amoco Overseas Oil Co.*, 605 F.2d at 653 n.3 (noting that an issue cannot be raised for the first time in a reply brief); *see also* Chassen and AREH's Objection, Dkt. No. 241 at 15 (arguing that "Chassen had standing, and the Former Debtor does not in the Motion argue to the contrary").

Second, the Motion argues that Oak and Chassen committed a fraud in the State Court Proceeding by fabricating a joint defense agreement. Dkt. No. 237 at 4–7. The Debtor asserts that "[t]his deliberate submission of an altered business record . . . solidifies the collusion running through all litigation involving Oak and JJ Arch," *id.* at 5, and "intersects directly with AREH's and Mr. Chassen's coordinated dismissal motion," *id.* at 6. Setting aside that the Debtor does not argue that Oak and Chassen committed fraud before this Court, the Debtor's argument amounts to conclusory assertions that fail to meet the burden for a Rule 60(b) motion. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (holding that movant seeking Rule 60(b) relief must establish fraud on the court by clear and convincing evidence); *Fleming v. N.Y. Univ.*, 865

10

F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").

Finally, the Motion argues that Oak is per se conflicted in certain state court actions. Dkt. No. 237 at 7–10. Similar to the Debtor's above two arguments, this is not a basis for relief from this Court's Dismissal Opinion, Fed. R. Civ. P. 60(b), and the Debtor's argument largely amounts to conclusory assertions unsupported by the requisite "highly convincing" evidence, *Kotlicky*, 817 F.2d at 9. Moreover, "this Court cannot issue an advisory order regarding . . . [a] right to pursue . . . [a] matter in state court." *Kelly v. Unifund CCR Partners Assignee of Palisades Collection LLC*, No. 09 CV 08510, 2009 U.S. Dist. LEXIS 126059, at *4 (S.D.N.Y. Oct. 7, 2009).

### IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2025　　　　　　　　　　/s/ John P. Mastando III
　　　New York, New York　　　　　　　　　HONORABLE JOHN P. MASTANDO III
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE